IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC., | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. 02-2943 (JPF) |
| v. | : |
| | : |
| RON E. GOADE, SR., et al., | : |
| | : |
| Defendants. | : |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

In its Response Brief, the plaintiff Vanguard Identification Systems, Inc. ("Vanguard") argues: (i) the first-filed rule and its considerations of comity and judicial efficiency are not applicable to the present dispute; (ii) that the factual allegations in Vanguard's Pennsylvania Complaint must be taken as true so that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction should be denied – notwithstanding the fact that Vanguard has not submitted any evidence on the issue of personal jurisdiction to contradict the evidence presented by the defendants Ron E. Goade, REG Oklahoma Acquisitions, L.L.C. and the Goade Revocable Trust (collectively the "Goade Defendants"). As set forth below, Vanguard's arguments are incorrect.

**I.   The First-Filed Rule, with Its Considerations of Comity and Judicial Efficiency, Is Applicable and Counsels for Dismissing Vanguard's Second-Filed Lawsuit.**

In this lawsuit, Vanguard asks this Court to exercise jurisdiction over U.S. Patent No. 5,921,584 (the " '584 Patent"), arguing *inter alia* that the underlying transaction in which the '584 Patent was sold was a fraudulent conveyance to avoid a judgment. However, it is undisputed that before filing this lawsuit, Vanguard voluntarily intervened into a previously filed action in Oklahoma state court, where upon Vanguard's motion the Oklahoma court specifically

retained jurisdiction over the '584 Patent to permit Vanguard to assert its purported right to the property.[1]

Accordingly, this second-filed lawsuit represents Vanguard's effort to split its claims concerning the '584 Patent and, if allowed to proceed, will unquestionably result in two courts exercising concurrent jurisdiction over the '584 Patent. Further, allowing this second-filed action to proceed concurrently will create a very real potential for inconsistent rulings between the Oklahoma court and this Court concerning ownership of the '584 patent and the validity of the underlying transaction in which the '584 Patent was acquired. Allowing this second-filed action to proceed will also unnecessarily divert the judicial resources of this Court to issues of purely state law, which can be completely resolved in the first-filed Oklahoma lawsuit into which Vanguard has voluntarily intervened.

Contrary to Vanguard's assertions, the first-filed rule and its considerations of comity and judicial efficiency apply between state and federal courts. "In general, where an action is brought in one federal court and a later action is brought in another federal court *or state court*, . . . the first court has jurisdiction to enjoin the second prosecution in the absence of a balance of conveniences weighing in favor of the second suit or other special circumstances." Quality King Distribs., Inc. v. KMS Research, Inc., 946 F. Supp. 233, 237 (E.D.N.Y. 1996) (emphasis added) (addressing the issue of whether to stay or dismiss federal lawsuit in favor of a second lawsuit in California state court). "[T]he practice of determining priorities between pending actions on the basis of dates of filing is a general rule, not to be applied in a mechanical way, regardless of other considerations" such as "comity and the promotion of judicial efficiency." Centronics Data Computer Corp. v. Merkle-Korff Indus., 503 F. Supp. 168, 170-71

---

[1] On August 7, 2002, the Oklahoma court entered final orders ("Journal Entries") concerning: (1) REG's motion for default judgment against Stik/Strip; and (2) Vanguard's motion to intervene into the Oklahoma lawsuit. Copies of these orders are attached hereto as Exhibits "A" and "B." On REG's motion for default judgment, the Oklahoma court ruled that "REG purchased U.S. Patent No. 5,921,584 from Stik/Strip in a Foreclosure Agreement dated July 14, 2000." See Exhibit "A." Concerning Vanguard's motion to intervene, the Oklahoma court ruled that Vanguard's motion was granted to allow Vanguard "to contest the *effectuation of the transfer* of the U.S. Patent No. 5,921,584 from Stik/Strip Laminating, Inc. to REG." See Exhibit "B" (emphasis added).

(D.N.H. 1980) (ordering a stay of a second-filed federal lawsuit in favor of first-filed state court lawsuit pending in California).

In addition, in the case of concurrent jurisdiction of property, "[a] common-law rule of long standing prohibits a court, *whether state or federal*, from assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court." United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1145 (9th Cir. 1989) (emphasis added) (further noting that in such a circumstance a stay is *mandatory* under Penn Gen. Casualty Co. v. Pennsylvania, 294 U.S. 189 (1935)).  See also 5 A.L.R. Fed. 10 § 7(b) ("A federal court under the comity doctrine will stay an action when a state court has earlier acquired jurisdiction of the same property at issue in the federal action" separate and apart from abstention doctrines).[2]

The case of Centronics Data Computer Corp. v. Merkle-Korff Indus., 503 F. Supp. 168, 170 (D.N.H. 1980) illustrates how the first-filed rule, with its considerations of comity and judicial efficiency outlined above, are applicable in the present case.  In Centronics Data, the plaintiff filed a lawsuit against the defendant in federal court on April 7, 1980.  The defendant had previously filed a complaint in the Circuit Court of Cook County, Illinois on March 20, 1980.  The federal district court in the second-filed action found that the two actions were essentially the same (despite the fact that they were not "mirror images") because both lawsuits arose from a purchase order agreement entered into by the parties.

The defendant moved to dismiss or stay the second-filed federal court lawsuit in favor of its first-filed state court lawsuit.  Applying the first-filed rule, along with its considerations of

---

[2] Vanguard argues in its Response Brief that a federal court cannot enjoin a state court pursuant to the Anti-Injunction Act so that the first-filed rule could not apply between state and federal courts.  While it is true that a state court cannot enjoin a federal court, it is also true that one federal district court cannot enjoin another sister federal district court.  The reference to "enjoining" a second-filed lawsuit in the context of the first-filed rule concerns injunctions aimed at a party seeking to prosecute a second-filed action.  In such a circumstance, a court enjoins the *party* from prosecuting or taking any further action in the second-filed lawsuit.  In most cases, however, resolution of this issue involves staying or dismissing without prejudice the second-filed action (rather than issuing an injunction), and the decision to stay or dismiss a second-filed lawsuit is committed to the sound discretion of the trial court.  See, e.g., Centronics Date Computer Corp. v. Merkle-Korff Indus., 503 F. Supp. 168, 170 (D.N.H. 1980).  Accordingly, Vanguard's argument concerning the Anti-injunction Act is totally inapplicable and, in short, a red herring.

3

comity and judicial efficiency, the court held that the second-filed federal lawsuit should be stayed.

> [T]he power to stay [or dismiss without prejudice] proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Id. at 170. "Among the many considerations pertinent to the exercise of this discretion . . . are those of comity, . . . avoidance of maneuvers designed to throw sand into judicial machinery, the order in which the courts obtained jurisdiction, . . . and the desirability of avoiding piecemeal litigation." Id. (quoting 5 A.L.R. Fed 10, Stay of Action in Federal Court Until Determination of Similar Action Pending in State Court). Applying this reasoning, the court in Centronics Data held that the second-filed action pending before it should be stayed.

> In the instant action it is clear that the action in Cook County was filed prior to the action in the District of New Hampshire . . . [and] . . . [t]here are no special circumstances which justify [departing from the first-filed rule and] giving priority to the action filed in this court.

Id. at 170-71 (further noting that "there is no federal cause of action in the instant case," "[t]he issues which are involved in the action presently before this court [that are not before the Cook County court] could be pleaded by [plaintiff] as a defense or a counterclaim in Cook County," and "the State of Illinois has equally as many contacts with the action as the State of New Hampshire") (citing Factors, Etc, Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2nd Cir.) cert. denied, 440 U.S. 908 (1979) ("The rule in this circuit is that the first suit should have priority, absent the showing of balance of convenience in favor of the second action . . . or unless there are special circumstances which justify giving priority to the second.")). Accordingly, the court ordered that "all further proceedings in this action be stayed until completion of all proceedings . . . now pending in the Circuit Court of Cook County in the State of Illinois . . . ." Id. at 171-72.

In the present case, as in Centronics Data, the Oklahoma state court lawsuit was the first filed action. Moreover, Vanguard has voluntarily intervened into the Oklahoma state court lawsuit "to contest the effectuation of the transfer of the U.S. Patent No. 5,921,584 from Stik/Strip Laminating, Inc. to REG." See Exhibit "B." As in Centronics Data, Vanguard is asking this federal Court to invoke concurrent jurisdiction in a case where there is no federal question presented. Like Centronics Data, Vanguard can assert any claims it believes it has against REG, Goade, or the Goade Trust – all Oklahoma domiciliaries – in the Oklahoma state court lawsuit into which it has voluntarily intervened.

Beyond all this, the inescapable result of Vanguard's second-filed lawsuit, if it is allowed to proceed, is to vest two courts with concurrent jurisdiction over the same res – the '584 Patent – and to place the issue of the validity of the underlying transaction between Stik/Strip and REG before both the Oklahoma state court and this Court. In such a situation a stay – if not outright dismissal – is necessitated. See, e.g., United States v. One Cadillac Seville, 866 F.2d 1142, 1145 (9th Cir. 1989) (holding that "a federal court *must* yield to a prior state proceeding" in such a circumstance) (emphasis in original).

Accordingly, for the reasons set forth above and in the Goade Defendants' Brief in Chief, Vanguard's second-filed lawsuit before this Court should be dismissed without prejudice or, as Vanguard alternatively suggests in its Response Brief, at the very least stayed pending resolution of the Oklahoma state court lawsuit.

II. **The Goade Defendants are Not Subject to Personal Jurisdiction in Pennsylvania, and Vanguard has Cited an Incorrect Evidentiary Standard.**

In response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Vanguard has presented absolutely no evidence of any kind to contradict the affidavit of Ron E. Goade, in which Mr. Goade avers facts establishing that: (1) he does not have minimum contacts with Pennsylvania; (2) assuming *arguendo* Mr. Goade could be said to have directed acts at Pennsylvania, any such acts were in his official capacity as an officer of an Oklahoma company; and (3) REG and the Goade Trust do not have any contacts with Pennsylvania. Though

5

Vanguard had the opportunity to present evidence to controvert these facts, or to request discovery or an evidentiary hearing, Vanguard chose not to do so. Rather, Vanguard argues that the allegations in its Complaint must be taken as true so that — weighing Vanguard's bare allegations against the jurisdictional evidence presented by the Goade Defendants — Defendants' Motion to Dismiss For Lack of Personal Jurisdiction should be denied.

Vanguard's argument that the allegations in its Complaint are to be taken as true is patently incorrect and has been expressly rejected by the Third Circuit Court of Appeals. In Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3rd Cir. 1984), the court held that "*at no point* may a plaintiff rely on the *bare pleadings* alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction." (emphasis added).

> A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e., whether in personam jurisdiction actually lies. Once the defense has been raised, the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. . . . [T]herefore, at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule12(b)(2) motion to dismiss for lack of in personam jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

Id. (emphasis added).

Applying this standard, the court in Time Share held that the affidavits submitted by the plaintiff, which the court found did nothing more than restate the allegations in the plaintiff's complaint, were wholly insufficient to meet its evidentiary burden. Therefore, the court sustained the defendant's motion to dismiss for lack of personal jurisdiction. See id. at 66.

It is evident from the holding of Time Share that Vanguard's argument has been expressly rejected. Beyond this, Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 146 (3rd Cir. 1992), the case relied upon by Vanguard to support its assertion that the allegations in its complaint should be taken as true, clearly holds that "once the defendant raises the question of

6

personal jurisdiction, the plaintiff bears the burden to prove, *by a preponderance of the evidence*, facts sufficient to establish personal jurisdiction." (emphasis added).  The court in Carteret specifically cites Time Share for this proposition.  See id.  And, the passage of Carteret quoted by Vanguard in its brief, when taken in context, is clearly discussing the standard of review for the appellate court to review a motion to dismiss — not the evidentiary standard to be applied by the trial court.

In context, the court in Carteret states:  "Because the district court granted a motion to dismiss, we state the facts as set forth in the plaintiff's Amended Complaint."  Carteret, 954 F.2d at 141.  In the footnote following this sentence, the Carteret court further elaborates on this standard of appellate review:  "We are satisfied that courts *reviewing* a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true . . ."  Id. at 141 n.1 (further noting in the footnote that New Jersey has similarly held that "we must accept these allegations as true and the claim as valid for the *purposes of this appeal* . . . .") (emphasis added).  Thus, Vanguard's citation of this passage as presenting the evidentiary standard to be applied by the trial court is patently incorrect.[3]

---

[3] Even assuming for the sake of argument that Vanguard's allegations were to be taken as true (which under Time Share they are not), and assuming that defendant Ron E. Goade purposefully availed himself in Pennsylvania (which he did not), Vanguard's Complaint is devoid of any allegations that would support the exercise of personal jurisdiction over defendants REG Oklahoma Acquisitions, L.L.C., the Goade Revocable Trust, and its trustees (John Does 1-6), which according to Vanguard's Complaint are necessary and indispensable parties to its recovery.

Accordingly, for the reasons set forth above and in the Goade Defendants' Brief in Chief, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction should be sustained.

                Respectfully submitted,

                _____
                A. Richard Feldman
                Greg A. Rowe
                Bazelon Less and Feldman, P.C.
                1515 Market Street, Suite 700
                Philadelphia, PA  19102
                T:  (215) 568-1155
                F:  (215) 568-9319

OF COUNSEL:

James C. McMillin
Michael D. McClintock
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma  73102-7103
T:  (405) 235-9621
F:  (405) 235-0439