IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.**, | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| | : | NO. 02-2943 |
| v. | : | |
| | : | |
| **RONNIE E. GOADE, SR.**, et. al. | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____ , 2002, in consideration of Plaintiffs' Motion To Compel, and all papers in support thereof and in opposition thereto, it is hereby **ORDERED** that said Motion is **GRANTED** and Defendants shall respond to Plaintiffs' First Request For Production fully and completely within then (10) days of the date of this Order.

BY THE COURT:

_____ J.,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.**, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| | : | NO. 02-2943 |
| v. | : | |
| | : | |
| **RONNIE E. GOADE, SR.**, et. al. | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF VANGUARD IDENTIFICATION SYSTEMS, INC.'S MOTION TO COMPEL

Plaintiff Vanguard Identifications Systems, Inc. respectfully moves that Defendants be compelled to respond to Plaintiffs' First Request For Production of Documents for the reasons set forth in the accompanying Memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.**, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| | : | NO. 02-2943 |
| v. | : | |
| | : | |
| **RONNIE E. GOADE, SR.**, et. al. | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF VANGUARD IDENTIFICATION SYSTEMS, INC.'S MOTION TO COMPEL

### I. INTRODUCTION

Although Defendants have not filed a Motion for a Protective Order, they have unilaterally decided that they have no obligation to respond to Plaintiff's First Request For Production Of Documents and have no intention of responding. Contrary to their position, their filing of a Motion to Dismiss does not serve as an "automatic stay" of discovery. The instant Motion should therefore be GRANTED.

### II. ARGUMENT

On October 31, 2002, Plaintiff's served their First Request For Production of Documents Directed To All Defendants, attached hereto as Exhibit "A." After thirty (30) days had passed, Vanguard Identification Systems, Inc. ("Vanguard") notified Defendants that they were out of compliance and that it would file a Motion to Compel if documents were not produced within ten (10) days. See December 3, 2002 letter from David J. Perlman, Esquire to James C. McMillin, Esquire attached hereto as Exhibit "B." Following that letter, counsel for Vanguard had a telephone

conversation with Michael D. McClintock, Esquire, counsel for Defendants. Defendants stated that a conference under Fed. R. Civ. P. 26(f) is a prerequisite to serving discovery, and such a conference had not occurred. In response, Vanguard stated that, if the absence of a conference was indeed an obstacle, he would be glad to conduct a conference as soon as possible. However, Defendants refused to conduct a conference, claiming that it is premature since their Motion to Dismiss is pending. Thus, Defendants have unilaterally instituted a *de facto* stay of discovery without filing the necessary Motion. See December 4, 2002 letter for Michael D. McClintock, Esquire David J. Perlman, Esquire, attached hereto as Exhibit "C." Defendants are only entitled to a stay pending resolution of a Motion to Dismiss absent a Protective Order or where such a stay is statutorily provided for, as it is in the Securities Litigation Reform Act, 15 U.S.C. § 78 U-4 (b)(3)[1].

Defendants' refusal to produce documents is merely a delay tactic. Vanguard is seeking to collect on a judgment entered by this Court on July 10, 2000. That Judgment was entered only after delaying tactics by the Defendants in that action, *Vanguard Identifications Systems, Inc. v. Stik/Strip Laminating Company, Inc.*, Civil Action No. 97-6790 (JPF) ("Vanguard I"). The Defendants herein are the successors to the Defendants in Vanguard I. They are responsible for evading the consequences of that $2 million judgment. To postpone discovery only delays resolution further.

Even under Defendants' hoped-for scenario -- that Vanguard is somehow compelled to assert its damages claims in an action pending in Oklahoma State Court in which Vanguard intervened for an entirely different purpose -- Vanguard's claims must be litigated. The foot dragging and evasion should come to an end.

Counsel for Vanguard certifies that after reasonable effort the parties were unable to resolve this dispute.

---

[1] Obviously, if a defendant were entitled to unilaterlly impose a stay, there would be no need for the provision in the Securities Reform Act.

## III.  CONCLUSION

      For the foregoing reasons, Vanguard's Motion to Compel should be granted.

                Respectfully submitted,

                **BOCHETTO & LENTZ, P.C.**

                By: _____
                    George Bochetto, Esquire
                    David J. Perlman, Esquire
                    1524 Locust Street
                    Philadelphia, PA 19102
                    Ph: (215) 735-3900
                    Fx: (215) 735-2455

Date: _____            Attorneys for Plaintiff Vanguard
                                    Identification Systems, Inc.

## **CERTIFICATE OF SERVICE**

I, David J. Perlman, Esquire, hereby certify that I caused to served a true and correct copy of the foregoing Order, Plaintiff Vanguard Identification Systems, Inc.'s Motion to Compel and Memorandum in Support of Plaintiff Vanguard Identification Systems, Inc.'s Motion to Compel upon the following counsel via first-class mail:

> Michael D. McClintock, Esquire
> James C. McMillin, Esquire
> LAW OFFICES OF MCAFEE & TAFT, P.C.
> Two Leadership Square
> 211 North Robinson, 10th Floor
> Oklahoma City, OK 73102-9621

upon the following counsel via hand delivery:

> A. Richard Feldman, Esquire
> Bazelon, Less & Feldman, P.C.
> 1515 Market Street, Suite 700
> Philadelphia, PA 19102-1907


              **BOCHETTO & LENTZ, P.C.**


              By:_____
                David J. Perlman, Esquire

Date:_____