IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  CIVIL ACTION NO. 02-2943 |
| RONNIE E. GOADE, SR., ET AL., | ) ) ) |
| Defendants. | ) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND BRIEF IN SUPPORT

Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." It is undisputed that at this very early stage of the proceedings, prior to the Defendants even filing an Answer, the parties have not conferred pursuant to Rule 26(f). Despite this fact, Plaintiff has unilaterally determined that discovery is due and filed a motion to compel Defendants to respond to discovery requests that are clearly premature and violate, *inter alia*, Federal Rule of Civil Procedure 26(d). Accordingly, Plaintiff's Motion to Compel should be denied.

In an attempt to reach a reasonable resolution of this issue, Defendants offered to conduct a Rule 26(f) discovery conference immediately after Defendants have filed an Answer.[1] Defendants attempted to reason with Plaintiff that a Rule 26(f) conference before that time – while there is a pending motion to dismiss for lack of personal jurisdiction and before any Answer has been filed – would not be productive or practicable because it is unclear what parties and claims would be before the court and what substantive defenses would be asserted. Plaintiff rejected Defendants offer stating it was a defacto refusal to schedule a Rule 26(f) conference. In reality, the offer was an attempt to have a meaningful and productive discovery conference for

---

[1] The Defendants have filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before this Court.

both parties after the issues have been properly framed by pleadings and as contemplated and set forth in the Federal Rules of Civil Procedure. Nevertheless, despite Defendants' reasonable attempt to address the issues raised by Plaintiff, Plaintiff proceeded to file the present motion to compel, which should be denied.

### I.     BACKGROUND

1. On May 16, 2002, Vanguard Identification Systems, Inc. ("Plaintiff") filed its complaint against Ronnie E. Goade, Sr., et al., (the "Goade Defendants").

2. On or about July 10, 2002, the Goade Defendants filed a Motion to Dismiss for lack of personal jurisdiction, which is pending before this Court.

3. On October 31, 2002, Plaintiff served its First Request for Production of Documents Directed to All Defendants (the "discovery requests"), a copy of which is attached hereto as Exhibit "A."

4. On December 3, 2002, Plaintiff's counsel sent a letter threatening to file a motion to compel if documents responsive to Plaintiff's discovery requests were not produced within ten days. A copy of this letter is attached hereto as Exhibit "B."

5. On December 4, 2002, as a follow up to a telephone conversation, counsel for the Goade Defendants sent a letter Plaintiff's counsel informing Plaintiff that its discovery requests were in violation of Rule 26(d). Further, counsel for the Goade Defendants offered to schedule a Rule 26(f) conference immediately after Defendants' filed an answer, informing Plaintiff that any discovery conference before that time would not be productive or practicable because it was unclear what parties and claims would be before the Court, and beyond this what denials and defenses might be asserted by any Goade Defendants found to be subject to personal jurisdiction. A copy of Defendants' letter is attached hereto as Exhibit "C." Plaintiff's counsel never responded to this letter.

6. On December 10, 2002, Plaintiff's filed the present Motion to Compel.

## II. ARGUMENTS AND AUTHORITIES

Fed. R. Civ. P. 26(d) states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Courts interpreting and applying this rule have held that Rule 26(d) mandates that except when authorized under the Rules of Civil Procedure or by local rule, order, or agreement of the parties, a party may not seek discovery from any source before the parties have met and conferred as required by Rule 26(f). *See Seaton .v Seaton*, 1997 U.S. Dist. LEXIS 12560 (E.D. Tenn. 1997); *Certain Underwriters at Lloyd's, et al. v. Frichelle Ltd.*, 1996 U.S. Dist. LEXIS 3553 (E.D. La. 1996). Additionally, both Fed. R. Civ. P. 33 and 34 provide that, without leave of court or written stipulation, neither interrogatories to parties nor requests for production may be served before the time specified in Rule 26(d).

Rule 26(f) requires that the parties must "<u>as soon as practicable</u>…confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan.…" (emphasis added). It is undisputed that the parties have not consulted as required by Rule 26(f). Moreover, Plaintiff made no effort to even request a Rule 26(f) conference prior to serving discovery requests or threatening a motion to compel. Rather than consulting with counsel for Goade in an attempt to arrange a discovery conference, the Plaintiff hastily submitted its discovery requests in violation of the Federal Rules of Civil Procedure. Worse, Plaintiff filed the present motion to compel after being informed that its discovery requests violated Rules 26(d), 33 and 34 of the Federal Rules of Civil Procedure,

forcing the Goade Defendants to unnecessarily incur the time and expense of responding to a meritless motion. Plaintiff's motion to compel should, therefore, be denied.

Plaintiff asserts that the Goade Defendants have refused to conduct a discovery conference. To the contrary, the Goade Defendants have expressly offered to conduct a Rule 26(f) conference immediately after Answers are filed by any of the Goade Defendants that are subject to personal jurisdiction before this Court. This is the earliest point at which a discovery conference would be productive or practicable because, until that time, it will remain unclear what Defendants will be before the Court, what claims will be at issue, and what denials and defenses will be presented. Until an Answer is filed, it would be impossible, much less practicable, for the parties to "agree on [a] proposed discovery plan . . . and submitting to the Court within 14 days after the conference a written report outlining the plan." Fed. R.Civ.P. 26(f)(4).

Moreover, it is obvious that a Defendant which is not subject to personal jurisdiction before a Court will not and cannot be required to participate in discovery. Undoubtedly, had any of the Goade Defendants answered Plaintiff's premature and improper discovery requests, Plaintiff would have filed a supplement to its response to Defendants' motion to dismiss for lack of personal jurisdiction arguing that the Defendants' the Goade Defendants have consented to jurisdiction by participating in the Pennsylvania lawsuit.

The Goade Defendants have attempted to address the issues raised by Plaintiff in a reasonable manner, but have been rebuked by the Plaintiff. In hope of having some reasonable cooperation going forward, the Goade Defendants are not seeking attorneys' fees for the cost for responding to Plaintiff's highly questionable motion to compel, despite the fact that an award of attorneys' fees appears to be warranted. The Goade Defendants remain willing to conduct a Rule

26(f) conference "as soon as practicable," after the issue of personal jurisdiction is resolved and immediately after any Defendants subject to personal jurisdiction in Pennsylvania have filed Answers. Thereafter, any Defendants that are subject to personal jurisdiction in Pennsylvania will provide answers to Plaintiff's discovery requests along with the required initial disclosures pursuant to Rule 26(a), all in accordance with the Federal Rule of Civil Procedure - and Defendants hope that Plaintiff will similarly comply with the Federal Rules.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel should be denied.

Respectively submitted this 23rd day of December 2002.

                                                                      A. Richard Feldman
Identification No. 43129
Bazelon Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA  19102
Telephone:   (215) 568-1155
Facsimile:   (215) 568-9319

ATTORNEYS FOR RONNIE E. GOADE, SR., ET AL.

**Of Counsel:**
Michael D. McClintock, OBA #18105
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma  73102-7103
Telephone:   (405) 235-9621
Facsimile:   (405) 235-0439

5

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing instrument was sent via hand delivery on the 23rd day of December, 2002, to:

        David J. Perlman, Esq.
        Bochetto & Lentz, P.C.
        1524 Locust Street
        Philadelphia, PA 19102

        _____
        A. Richard Feldman