IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 02-2943<br>) |
| RONNIE E. GOADE, SR., ET AL., | )<br>) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE OBJECTIONS, COMPEL PRODUCTION, AND FOR SANCTIONS**

For its response to the plaintiff Vanguard Identification Systems, Inc.'s ("Plaintiff") *Motion to Strike Objections, Compel Production, and for Sanctions*, the defendants, REG Oklahoma Acquisitions, L.L.C. ("REG"), Ronnie E. Goade, Sr. ("Mr. Goade"), and The Ronnie E. Goade, Sr. Revocable Trust (the "Goade Trust") (collectively "Defendants"), submit the following brief in support:

### I. INTRODUCTION

**Defendants Have Agreed to Produce Numerous Documents.**

Defendants have cooperated with Plaintiff concerning its First Set of Requests for Production. The parties have discussed the requests in a series of correspondence and phone conferences, and Defendants have agreed to produce numerous documents requested by Plaintiff. In a letter dated February 19, 2003 (attached as Exhibit "A"), Plaintiff agreed to the entry of an Agreed Protective Order, and the letter further sets forth the topics of the parties most recent phone conference concerning Plaintiff's document requests. See Exhibit "A." In response, in a letter dated March 13, 2003 (attached as Exhibit "B"), Defendants submitted a proposed Protective Order for Plaintiff's review and signature, and Defendants agreed to produce responsive documents immediately after its entry by the Court. See Exhibit "B," at pg. 4.

Some of Plaintiff's discovery requests, however, are improper. For example, Plaintiff is a direct competitor of REG, and Plaintiff has demanded production of all documents identifying

REG's past and present customers and identifying REG's products. As set forth in detail below, such documents have no relevance whatsoever to any of Plaintiff's claims, and the production of these documents to a direct competitor would be devastating to REG's business. Similarly improper, Plaintiff demands production of all documents concerning or relating to the personal retirement account of REG's president, which also has no relevance to Plaintiff's claims.

Defendants objected to these types of requests, and Defendants were lead to believe that Plaintiff was willing to limit many of its requests. <u>See</u> Exhibits "A" and "B." After receipt of Defendants' proposed protective order and an outline of a compromise limiting Plaintiff's improper requests, Plaintiff – without notice – filed a motion to deem all of Defendants' objections waived, which evidences the fact that Plaintiff's discussions and correspondence concerning compromise were a charade.

### **Plaintiff's Motion for Sanctions**

Rather than follow through and reach an agreement to limit its improper requests, Plaintiff has filed a motion to sanction Defendants. Plaintiff moves the Court to sanction Defendants by deeming all of Defendants' substantive objections to Plaintiff's First Set of Documents Requests waived. Further, Plaintiff moves the Court to impose monetary sanctions. Plaintiff argues that such extraordinary sanctions should be imposed because Defendants are in contempt of the Court's January 16, 2003 order, which Plaintiff's asserts prohibits Defendants from asserting any objections. In the alternative, Plaintiff argues that Defendants waived their objections because Defendants did not serve Plaintiff with a response to its document requests within thirty (30) days of receipt of service. Plaintiff's arguments are meritless.

Plaintiff's motion should be denied because: (i) the Court's January 16, 2003 Order does not prohibit Defendants from asserting objections to improper requests; (ii) pursuant to Fed.R.Civ.P. 34, the Court's January 16, 2003 Order was a *necessary prerequisite* to any obligation by Defendants to respond to Plaintiff's pre-answer First Set of Document Requests; (iii) assuming for the sake of argument Defendants were to be deemed to have had an obligation

2

to respond to Plaintiff's pre-answer document requests, Defendants should not be sanctioned because they were justified in not responding; and (iv) Plaintiff's requests are improper and seek production of documents that have no relevance whatsoever to Plaintiff's claims.

## ARGUMENT

**A.   THE ISSUE OF "WAIVER OF OBJECTIONS" IS NOT ADDRESSED IN THE COURT'S JANUARY 16, 2003 ORDER OR IN PLAINTIFF'S MOTION AND BRIEF UNDERLYING THE ORDER.**

The Court's January 16, 2003 Order does not prohibit Defendants from asserting objections to improper requests for production.  In Plaintiff's Motion, which was granted by the January 16, 2003 Order, the issue of whether Defendants waived substantive objections was not presented to or otherwise before the Court.  If Plaintiff intended to raise this argument and seek sanctions against Defendants, Plaintiff could have (and should have) raised the issue in its Motion.  However, it is indisputable that Plaintiff did not raise the issue of sanctions in its motion, and Plaintiff cannot now, after the fact, *imply* the issue of sanctions into its brief and the Court's Order.

The fact that the issue of "sanctions" or the "waiver of objections" was not before the Court is evidenced by the fact that the Court's Order does not contain an express statement or ruling on the issue.  Considering the fact that the Plaintiff did not move the Court to sanction Defendants and deem all objections waived, and the fact that the Order does not expressly set forth the *sua sponte* imposition of such a sanction, Defendants submit that the Order cannot be reasonably read to prohibit Defendants from objecting to Plaintiff's improper requests for production.

The only issue briefed and decided by this Court's January 16th Order was whether defendants had a duty to respond to discovery despite the lack of any Rule 26(f) conference.  Thus, the January 16th Order cannot be read to preclude the raising of proper objections.

3

B. **THE JANUARY 16, 2003 ORDER WAS A <u>NECESSARY</u> <u>PREREQUISITE</u> TO ANY OBLIGATION BY DEFENDANTS TO RESPOND TO PLAINTIFF'S PRE-ANSWER DOCUMENT REQUESTS.**

Fed.R.Civ.P. 34 expressly provides that "[w]ithout leave of court or written stipulation, a request [for production] may not be served before the time specified in Rule 26(d)." Fed.R.Civ.P. 34. <u>See</u> also Wright & Miller, <u>1993 Discovery Moratorium Pending Discovery Plan</u> § 2046.1 (noting that "Absent . . . an agreement of all the parties, the moratorium [on discovery in Rule 26] may be removed by ***<u>court order</u>*** . . . [and] . . . it is implicit that some showing of good cause should be made to justify such an order . . . .") (emphasis added).

In this case, it is indisputable that Plaintiff served its document requests before the time specified in Rule 26(d). It is equally indisputable that Defendants did not stipulate in writing to requests being served before the time specified in Rule 26(d). And, it is indisputable that Plaintiff's did not seek leave of Court to serve its document request before the time specified in Rule 26(d). Thus, Defendants did not waive their right to object by not responding because the requests were served in violation of the Federal Rules of Civil Procedure and, therefore, Defendants had no obligation to respond.

It is important to note that Defendants' refusal to stipulate to requests being served before the time specified in Rule 26(d) was in no way a bad faith refusal to participate in discovery. Rather, as set forth in its Brief in Opposition to Plaintiff's Motion, Defendants filed a motion to dismiss (including for lack of personal jurisdiction), which was pending before the Court when Plaintiff's requests for production were served.[1] Defendants were concerned that the voluntary participation in pre-answer discovery would be deemed by Plaintiff to be a waiver of the defense of lack of personal jurisdiction – in essence, the serving of the document requests by Plaintiff was a tactical maneuver. To date, Plaintiff has provided no other explanation nor shown any cause why it is necessary to commence discovery in this case <u>*before*</u> a ruling on Defendant's Motion to Dismiss, before any Defendant has filed an answer, before Rule 26(a) initial disclosures, and before the Court has even entered a scheduling order.

---

[1] Defendants' Motion to Dismiss is currently pending before the Court.

4

In addition, Defendants believed that attempting to hold a discovery planning conference (a prerequisite to commencing discovery under Rule 26) was premature as a practical matter because it was unclear which Defendants (if any) would be subject to personal jurisdiction before this Court.  Further, because no Defendant had filed an answer, it was unclear what issues and defense would be raised before the Court so that a discovery conference would not be productive.  However, in good faith, Defendants agreed to conduct a discovery planning conference immediately after Defendants filed an answer (assuming Defendants are subject to personal jurisdiction), which is still in well in advance of the timing set forth in the Federal Rules of Civil Procedure.

This discovery dispute began with Plaintiffs' serving discovery requests in violation of Fed.R.Civ.P. 34, before the time set forth in Rule 26(d), without leave of Court, before any Defendant filed an answer, before Rule 26(a) initial disclosures, and before the Court even entered a discovery schedule.  Plaintiff has not articulated *any* reason why such early and immediate discovery is necessary in this case.  And, with this Motion, Plaintiff seeks to turn its violation of the Federal Rule into a sword to attempt to sanction Defendants and acquire, *inter alia*, confidential and proprietary documents from a competitor that have no relevance whatsoever to Plaintiff's claims.  Contrary to Plaintiff's argument, pursuant to Fed.R.Civ.P. 34 and 26(d) the Court's January 16, 2003 Order was a *necessary prerequisite* to any obligation by Defendants to respond to Plaintiff's First Set of Document Requests, which could not be served without leave of Court.  Accordingly, Plaintiff's Motion should be denied.

**C.   DEFENDANTS WERE JUSTIFIED IN NOT RESPONDING TO PLAINTIFF'S DOCUMENT REQUESTS.**

A substantive sanction such as the waiver of objections should not even be under consideration.  Although there are cases which support a finding of waiver when a [party, without justification, fails to file a timely response to a written discovery request, here, defendants did not fail to file a timely response.  The document request served upon them was itself improper, and defendants had no duty to respond to it.  Indeed, the chief case on which plaintiff relies – *Coregis Ins. Co. v. Baratta & Fennerty, Ltd.*, 187 F.R.D. 528, 529 (E.D.Pa.

5

1999) – states the rule as one that applies when the opposing party fails to serve objections "within the time required, in absence of good cause . . ." Here, cause good enough to preclude a waiver clearly existed.

Even assuming *arguendo* that the Court were to disagree, a finding of waiver is not automatic. Rather, a court has discretion to decide whether a party shall be deemed to have waived its right to answer or object to a document request. *See Northfleet Corp. v. Consolidated Rail Corp.* 1984 W.L. 2615 at * 3 (E.D.Pa. Apr. 27, 1984)(Pollak, J.)("court has some discretion in determining whether the untimeliness of objections to discovery should be deemed to waive all types of objections to that discovery"); *see also Rehberg v. Glassboro State College*, 1989 W.L. 79821 (E.D.Pa. July 7, 1989)(Waldman, J.)(upholding untimely objections in part where plaintiff failed to explain why objections lacked substantive merit).

Rule 37(a) does not provide for the imposition of substantive sanctions. See Moore's Federal Practice and Procedure § 37.40 ("Rule 37(a) . . . permits sanction even if no Court order compelling the disclosures or discovery has been entered, but the available sanctions are limited to expenses incurred in connection with making or resisting the motion to compel."). Further, the sanctions set forth in Rule 37(b) are only available in the event of the violation of a prior discovery order. See id. ("Sanctions are available pursuant to Rule 37(b) only if a court has first entered an order compelling the discovery in question, and a party has disobeyed that order.").[2]

In the present case, Defendants have not violated any prior Court order. See Discussion in Sections "A" and "B" of this Brief, *supra*. Accordingly, substantive sanction such as those set forth in Rule 37(b) should not be considered.

Second, sanctions of any kind are inappropriate in this case because Defendants were justified in not responding to Plaintiff's document requests. It is well established that sanctions should not be imposed if the position taken by the non-movant was "substantially justified." Rule 37(a) provides that sanctions should not be imposed if "the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of

---

[2] Rule 37(d) has no application here, since defendants have served written objections upon counsel for plaintiff in accordance with the Court's January 16, 2003 Order.

expenses unjust." Fed.R.Civ.P. 37(a)(4)(A).  See also Fed.R.Civ.P.37(d) (stating that sanctions may be imposed "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."). A position is "substantially justified" if the dispute about the matter was "genuine" in that reasonable attorneys could disagree about the appropriateness of the disputed position.  See Pierce v. Underwood, 478 U.S. 552 (1988) (defining "substantially justified"). See also Frazier v. Southeastern Pennsylvania Transp. Auth., 161 F.R.D. 309, (E.D. Pa. 1995) (applying Rule 37 and declining to impose sanctions because the opposing party's position was "not completely without basis in the law" and therefore "substantially justified").

Here, sanctions are inappropriate because Defendants' position that they had no obligation to respond to Plaintiff's First Set of Document Requests because Plaintiff did not have leave of Court – if not black letter law as asserted by Defendants – was certainly not without basis in the law. Fed.R.Civ.P. 34 expressly provides that "[w]ithout leave of court or written stipulation, a request [for production] may not be served before the time specified in Rule 26(d)." Nevertheless, Plaintiff served its document requests before the time set forth in Rule 26(d), without leave of Court, before any Defendant filed an answer, before Rule 26(a) initial disclosures were exchanged, and before the Court even entered a scheduling order. Considering all this, if Defendants are somehow incorrect, their position was not completely without basis and was substantially justified. Accordingly, sanctions should not be imposed.

It is further useful to note that Plaintiff has not provide a single case or other authority, and Defendants have been unable to find any authority, where a Court imposed discovery sanctions on a Defendant before an answer had been filed and where there was a dispute concerning whether document requests were proper under Rule 34's mandate that no discovery may be served before the time set forth in Rule 26(d) without leave of Court or a written stipulation. This is likely due in part to the fact that leave to conduct discovery before the time set forth in Rule 26(d) is rarely granted. However, it also evidences that fact that sanctions are not appropriate in this situation.

**D.    THE REQUESTS OBJECTED TO BY DEFENDANTS ARE IMPROPER, AND AN ORDER COMPELLING PRODUCTION WOULD NOT BE JUST.**

Fed.R.Civ.P. 37(d) provides that the Court "may make such orders . . . as are just." While the substance and merit of Defendants' objections have not been raised by Plaintiff, Courts have held that, even if it is determined that a party has waived objections, "it is advisable [to] . . . examine the discovery sought [and] in instances in which some of the discovery appears to have absolutely no relevance to the subject matter of the suit . . . it is within the discretion of the court not to compel discovery as to those matters." Shenker v. Sportelli, 83 F.R.D. 365, (E.D. Pa. 1971) (further noting that if a court were "merely to rubber-stamp the moving party's discovery requests in all respects, the possibility of an order exceeding the stricture of [Rule 37] exists."). Thus, while Plaintiff has chosen not to present any argument in opposition to the merit of Defendants' objections, it is useful to examine examples of Plaintiff's improper requests.

As an illustration, in Request Nos. 21 through 28, Plaintiff (a direct competitor) demands production of all documents identifying REG's past and present customers and identifying REG's products. Plaintiff has "explained" that these discovery requests purportedly relate to Plaintiff's claim for "successor liability," which Plaintiff asserts is based on a theory that REG continued the business of Stik/Strip after REG purchased the assets of Stik/Strip in the July 14, 2003 Foreclosure Agreement.

Beyond the fact that producing such information to a *direct competitor* would be devastating to REG's business, the documents requested have absolutely no relevance to any claim asserted by Plaintiff. "The general rule, which is well settled, is that where one company sells or otherwise transfers all its assets to another company, the latter is not liable for the debts and liability of the transferor." Pulis v. United States Electrical Tool Co., 561 P.2d 68, 69 (Okla. 1977). While it is true that an exception to this general rule exists where "the purchasing corporation was a mere continuation of the selling company," it is equally well established that "the test is not the continuation of the business operation but the continuation of the *corporate*

8

*entity*." Id. at 71 (emphasis added).³ The relevant factors for determining whether there is a continuation of the corporate entity include the continuation of the corporate *entity* after the sale and a common identity of stock, directors, officers or stockholders. See id.

Accepting Plaintiff's explanation, it is apparent that Plaintiff's Requests (Nos. 21 through 28) are directed at information concerning continuation of the *business entity* and not continuation of the corporate entity. As such, the documents requested are not likely to lead to the discovery of relevant or admissible evidence. Defendants informed Plaintiff of this fact prior to Plaintiff filing the present motion for sanctions. See Exhibit "B," at pg. 2, ¶ 8.

As another illustration, in Request Nos. 60 through 63, Plaintiff demands production of *all* documents concerning the Ron E. Goade Revocable Trust, which is the personal retirement trust of the president of REG, including but not limited to all documents that refer or relate or reflect the identity of the beneficiaries and any distributions made to the beneficiaries. This information has absolutely no relevance to any of Plaintiff's claims, and the request for such information is highly improper.

These are illustrations of the impropriety of the document requests objected to by Defendants. Under the present circumstances – considering the plain language of Rule 34, the fact that Plaintiff served its document requests before the time set forth in Rule 26(d), without leave of Court, before any Defendant filed an answer, before Rule 26(a) initial disclosures, and before the Court even entered a discovery schedule – it would not be just for the Court to order production of the documents requested by Plaintiff and thereby rubber-stamp its improper requests. Further, weighing the prejudice that will result, REG would be monumentally prejudiced if it were to be ordered to produce documents identifying its past and present customers and products to a direct competitor, while Plaintiff will suffer no prejudice if it does

---

³ Defendants assert that any claim for successor liability against REG (an Oklahoma company), arising out of the purchase of the assets of Stik/Strip (another Oklahoma company), is governed by Oklahoma law. However, the law of Pennsylvania and Oklahoma are identical on this issue. See Savini v. Kent Machine Works, Inc., 525 F.Supp. 711, 717 (E.D. Pa. 1981) (applying Pennsylvania law) ("The

9

not receive these documents because they are not relevant to Plaintiff's claims. Accordingly, the Court should not order Defendants' objection waived in this case in any event.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion should be denied.

Respectfully submitted,

_____
A. Richard Feldman
Identification No.:  41329
Bazelon Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA   19102
215-568-1155

Counsel for Defendants

**Of Counsel:**
Joseph Bocock, Esquire
Michael D. McClintock, Esquire
McAfee & Taft, P.C.
Tenth Floor, Two Leardership Square
211 North Robinson
Oklahoma City, OK   73102-7103

---

continuity exception is very limited.  The exception turns on the continuity of the corporate entity, not the continuity of the business operation.").

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing instrument was sent via first-class mail on the 31st day of March 2003 to:

> David J. Perlman, Esq.
> Bochetto & Lentz, P.C.
> 1524 Locust Street
> Philadelphia, PA 19102

_____
A. Richard Feldman