# BOCHETTO & LENTZ
A PROFESSIONAL CORPORATION

GEORGE BOCHETTO†
GAVIN P. LENTZ*
JEFFREY W. OGREN*
STEPHEN E. SKOVRON*
BRYAN R. LENTZ*
DAVID P. HEIM*
NOREEN C. O'GRADY††
VINCENT van LAAR*

DAVID J. PERLMAN*
CYNTHIA A. CLARK
OF COUNSEL

EDUARDO TEXIDOR
KIMBERLY R. ENOCH
RYAN CORCORAN
PARALEGALS

PRACTICE DEDICATED TO LITIGATION MATTERS

ATTORNEYS AT LAW
1524 LOCUST STREET
PHILADELPHIA, PA 19102
----
TELEPHONE: (215) 735-3900
TELECOPIER: (215) 735-2455
----
E-MAIL ADDRESS: BL1524@AOL.COM
WEB SITE: bochettoandlentz.com

NEW JERSEY OFFICE
........
1230 BRACE ROAD
CHERRY HILL, NEW JERSEY 08034
TELEPHONE NUMBERS:
(856) 722-9595
(856) 427-0831
*TELECOPIER: (856) 722-5511
........

†ALSO ADMITTED TO NEW YORK AND DC BARS
*ALSO ADMITTED TO NEW JERSEY BAR
††ALSO ADMITTED TO MASSACHUSETTS BAR

February 19, 2003

**VIA FACSIMILE @ (405) 235-0439**
Michael D. McClintock, Esquire
LAW OFFICES OF MCAFEE & TAFT, P.C.
Two Leadership Square
211 North Robinson, 10th Floor
Oklahoma City, OK 73102-9621

    Re:    *Vanguard Identification Systems, Inc. v. Goade*

Dear Michael:

    I am writing to follow-up on our telephone conversation of February 19, 2003 concerning the Defendants' Responses to Vanguard's Request for Production.

    This letter will summarize our discussion and your agreement on behalf of the Defendants.

    Although "confidentiality" is not a valid reason for withholding documents, I will agree to enter into a reasonable confidentiality agreement. Please forward a draft to me. In this regard, you agreed to amend every specific objection based upon confidentiality, proprietary information and/or trade secrets and state that the objection is only being made in the absence of a confidentiality agreement or a protective order.

    With respect to Request No. 8, which calls for documents that identify current and/or past shareholders officers or directors of REG, you agreed to produce organizational documents or any other lists of these individuals that might exist. You further agreed to answer an interrogatory requesting this information if served with one. You withdrew your time-restriction.

    With respect to Request No. 9, which calls for all minutes of directors' and shareholders' meetings of REG, you stated that there were no directors or shareholders minutes. You stated that you would re-verify that this is indeed the case and verify that fact in writing, if it is true. If not true, I expect a production.

    With respect to Request No. 10, which calls for documents that refer or relate to the capitalization, financing and financial structure of REG, you stated that you would amend your answer and produce documents that refer or relate to loans, mortgages, and capital contributions

BOCHETTO & LENTZ, P.C.

Michael D. McClintock, Esquire
LAW OFFICES OF MCAFEE & TAFT, P.C.
February 19, 2003
Page 2

in the time period of July 2000. **With respect to this time period, I suggest that, for all such responses, we use the entire year 2000 as a time frame and the first two months of 2001.**

With respect to Requests 12-16, which ask for the same documents for "SSI Technologies," our agreement concerning the equivalent Requests referring to REG apply.

With respect to Request No. 19, which calls for annual and monthly financial statements, notes to financial statements, balance sheets, income statements, statements of cash flows, and statements of equity for REG from the date of its incorporation to the present, you stated you would get back to me with respect to producing financial statements, notes to financial statements and balance sheets for the year 2000.

With respect to Request No. 21, which calls for documents that list the names of employees of DocuSystems, Inc. during the year 2000, you stated that you will check to see if REG inherited an documents, such as payroll records or whatever, from its predecessor. I expressed my view that it is not believable that REG would have no documents in its possession, thereby commencing business without inheriting anything from its predecessor.

With respect to Request No. 22, which calls for documents that list the names of current and/or past employees of REG, you stated that you would get back to me to see if you could produce a list for the year 2000. (With respect to this and other Requests, I reminded you that they relate to Vanguard's successor liability claim.)

With respect to Request No. 23, which calls for documents that list the names of customers of SSI Technologies or REG, you stated that you would get back to me to see if you could produce a list of customers in the year 2000 time frame. With respect to this Request, I stated that too narrow a definition of "customer" or to narrow a time frame would be unacceptable because they could be used to exclude customers who carried over from SSI but happened not to place an order for a period of months or even a year.

With respect to Request No. 24, which calls for the names of customers of SSI from May 31, 1998 to July 31, 2000, you stated that you would check to see if REG inherited any such documents or indeed Mr. Goade individually happened to have such documents. Again, it is not believable that REG would not have them.

With respect to Request No. 25, which calls for documents that identify the products or types of products sold by SSI during the year 2000, you said you would get back to me to see if the Defendants have such documents.

With respect to Request No. 26, which calls for documents that identify the products or types of products sold by REG, you said that you would get back to me. With respect to Requests

BOCHETTO & LENTZ, P.C.

Michael D. McClintock, Esquire
LAW OFFICES OF MCAFEE & TAFT, P.C.
February 19, 2003
Page 3

No. 27 and 28, which call for documents related to the value of DocuSystems, Inc., its holding company, and various divisions, you stated that REG has no such documents and that, if true, you would amend your answer to that effect.

With respect to Request No. 33, which calls for documents which refer or relate to the web-site www.ssicards.com, I stated that a print-out of what appears on the web-site is an incomplete production. You agreed to supplement the production by producing a rough draft for some web-site material that you are aware of and proposed to determine whether there are any other documents that refer or relate to the creation or revision of the web-site.

With respect to Request No. 34, which calls for documents that refer or relate to the purchase, sale, or transfer of the Edmond Property, you said that you would get back to me. I explained that I was concerned about the value of the property when it was re-purchased in July 2000 and explained that documents generated either before or subsequent to that date could be relevant. I also explained that I was concerned about how the property was transferred when SSI was sold to DocuSystems, Inc. in May 1998.

With respect to Request No. 35, which calls for documents that refer or relate to mortgages that were granted on the Edmond Property from 1969 to the present, you stated that you would produce mortgage documents.

With respect to Request No. 36, which calls for valuation of the Edmond Property, I said I wanted all valuations and you said you would get back to me.

Requests No. 37 through 39 apply to the Oklahoma City Property and your response to these was the same as for the Edmond Property.

With respect to Requests No. 40 through 43, which refer to compensation paid to Goade, you said that you would not produce any documents. With respect to Request No. 47, which calls for financial statements for Ron Goade, you stated that you would not produce any documents. When I explained that this and other Requests relate to the sale of SSI to DocuSystems, Inc., the fraud alleged in connection with that sale, the duty to set aside a fund and not liquidate the proceeds, you said that you would stipulate that a fund was not set aside for Vanguard's claim in what we have called the Patent Action.

Similarly, with respect to Requests No. 48 through 49 and 51, you stated that there would be no room for negotiation.

With respect to Request No. 50, which calls for tax returns of SSI, DocuSystems, DocuSystems Holding Company, Inc. from 1997 to the present, you said that you would supplement your answer.

**BOCHETTO & LENTZ, P.C.**

Michael D. McClintock, Esquire
LAW OFFICES OF MCAFEE & TAFT, P.C.
February 19, 2003
Page 4

 With respect to Request No. 53, which calls for documents which refer or relate to disputes over the 584 Patent, you said that you would produce pleadings from lawsuits and correspondence between attorneys. Additionally, I would request any correspondence or memos concerning disputes that were not part of the litigation. For example, I am aware that Mr. Goade wrote a letter to a trade publication. Possibly, there were disputes that did not yet materialize into litigation.

 With respect to Request No. 55, which calls for documents that refer or relate to litigation between Mr. Goade and SSI or DocuSystems, you said that you would produce documents in addition to the pleadings, such as correspondence before or after the litigation.

 With respect to Request No. 56, which calls for correspondence or transmissions between Ron Goade or his attorneys, on the one hand, and SSI or DocuSystems, on the other, you said that you would produce the documents described in that Request. You also stated that you would not limit the production to only those documents relating to the July 2000 acquisition.

 With respect to Request No. 60 through 65, which calls for documents which relate to the Goade Trust, you said that the Defendants were unwilling to negotiate any further.

 In all cases where you were going to get back to me, you said that you would have an answer by Monday, February 24, 2003.

 In reviewing my notes from our conversation, it appears that, while I explained the significance of many Requests, there were relatively few for which you agreed to produce additional documents at that time and many that you have to get back to me about. Hopefully, the number of additional documents you agree to produce will expand significantly.

        Very truly yours,

        BOCHETTO & LENTZ, P.C.

        By: _____
          David J. Perlman

DJP:db