IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 02-CV-2943 |
| RONNIE E. GOADE, SR., Individually and as Trustee for the Ronnie E. Goade, Sr. Revocable Trust, | : : : : | |
| and | : : | |
| RONNIE E. GOADE, SR. REVOCABLE TRUST, | : : : | |
| and | : : | |
| REG OKLAHOMA ACQUISITION, LLC, | : : | |
| and | : : | |
| JOHN AND JANE DOES 1 – 6, | : : | |
| and | : : | |
| LIQUIDATING TRUSTEES 1 – 6, | : : : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS REG OKLAHOMA ACQUISITIONS, LLC,
RONNIE E. GOADE, SR., AND THE RONNIE E. GOADE, SR. REVOCABLE TRUST**

For their Answer to Plaintiff's Complaint, the Defendants REG Oklahoma Acquisitions, LLC, Ronnie E. Goade, Sr., and the Ronnie E. Goade, Sr. Revocable Trust, ("Defendants") allege and state as follows:

1. The allegations contained in paragraphs 1 through 7 are denied.

2. The allegations contained in paragraph 8 are admitted upon information and belief.

Answer

3. The allegations contained in paragraphs 9 through 11 are admitted.

4. The allegations contained in paragraphs 12 and 13 are denied.

5. Concerning the allegations contained in paragraph 14, Defendants admit that the Court has subject matter jurisdiction over the claims in Plaintiff's Complaint but deny the substance of those claims as set forth herein.

6. Concerning the allegations contained in paragraphs 15 and 16, Defendants deny that venue is proper in this judicial district and, by way of further denial, Defendants deny that they are subject to personal jurisdiction in Pennsylvania. Defendants deny the remaining allegations contained in paragraphs 15 and 16.

7. Concerning the allegations contained in paragraph 17, Defendants admit that Vanguard filed the Patent Action on or about November 4, 1997. Defendants deny the remaining allegations contained in paragraph 17.

8. Concerning the allegations contained in paragraph 18, Defendants admit that on or about November 4, 1997 SSI was wholly owned by the Goade Trust and that Defendant Ronnie E. Goade, Sr. was a Director and Office of SSI. Defendants deny the remaining allegations contained in paragraph 18.

9. The allegations contained in paragraphs 19 are denied.

10. Concerning the allegations contained in paragraph 20, Defendants admit that Exhibit "A" to Plaintiff's Complaint is an Order dated May 14, 1998, the content of which speaks for itself. Defendants deny any characterizations of Exhibit "A" and deny the remaining allegations contained in paragraph 20.

11. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 and, therefore, deny those allegations.

12. Concerning the allegations contained in paragraph 22, Defendants admit that Exhibit "B" to Plaintiff's Complaint is a copy of a letter dated May 20, 1998 from Gary A. Rosen to Joseph P. Titterington, the content of which speaks for itself. Defendants deny the characterizations of this letter and deny the remaining allegations contained in paragraph 22.

13. Concerning the allegations contained in paragraph 23, Defendants admit that Exhibit "C" to Plaintiff's Complaint is a letter dated May 26, 1998 from Gary A. Rosen to Joseph P. Titterington, the content of which speaks for itself. Defendants deny the characterizations of this letter and deny the remaining allegations contained in paragraph 23.

14. Concerning the allegations contained in paragraph 24, Defendants admit that Exhibit "D" to Plaintiff's Complaint is a copy of a letter dated May 26, 1998 from Joseph P. Titterington to Gary A. Rosen, the content of which speaks for itself. Defendants deny the characterizations of this letter and deny the remaining allegations contained in paragraph 24.

15. Concerning the allegations contained in paragraph 25, Defendants admit that Exhibit "D" to Plaintiff's Complaint is a copy of a letter dated May 26, 1998 from Joseph P. Titterington to Gary A. Rosen, the content of which speaks for itself. Defendants deny the characterizations of this letter and deny the remaining allegations contained in paragraph 25.

16. Defendants deny the allegations contained in paragraphs 26 and 27.

17. Concerning the allegations contained in paragraph 28, Defendants admit that the sale of SSI closed on or about May 29, 1998. Defendants deny the remaining allegations contained in paragraph 28.

18. Defendants deny the allegations contained in paragraphs 29 through 33.

19. Concerning the allegations contained in paragraph 34, Defendants admit upon information and belief that in the fall of 1999 DSI defaulted on a loan from Heller Financial. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 34 and, therefore, deny those allegations.

20. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraphs 35 through 38 and, therefore, deny those allegations.

21. Concerning the allegations contained in paragraph 39, Defendants admit that Exhibit "E" to Plaintiff's Complaint is a copy of a judgment filed on July 10, 2000 in the United States District Court for the Eastern District of Pennsylvania, the content of which speaks for

3

itself. Defendants deny the characterization of this judgment and deny the remaining allegations contained in paragraph 39.

22. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 40, and, therefore, deny those allegations.

23. Concerning the allegations contained in paragraph 41, Defendants admit that REG purchased all of the assets of SSI in a Foreclosure Agreement dated July 14, 2003. Defendants deny the remaining allegations contained in paragraph 41.

24. The allegations contained in paragraphs 42 through 47 are denied.

25. With respect to paragraph 48, Defendants hereby reallege and incorporate by reference each proceeding paragraph of this Answer.

26. Defendants deny the allegations contained in paragraphs 49 through 55.

27. With respect to paragraph 56, Defendants hereby reallege and incorporate by reference each proceeding paragraph of this Answer.

28. The allegations contained in paragraphs 57 through 59 are denied.

29. With respect to paragraph 60, Defendants hereby reallege and incorporate by reference each proceeding paragraph of this Answer.

30. The allegations contained in paragraphs 61 through 63 are denied.

31. With respect to paragraph 64, Defendants hereby reallege and incorporate by reference each proceeding paragraph of this Answer.

32. The allegations contained in paragraphs 65 through 67 are denied.

33. With respect to paragraph 68, Defendants hereby reallege and incorporate by reference each proceeding paragraph of this Answer.

34. The allegations contained in paragraphs 69 through 70 are denied.

35. With respect to paragraph 71, Defendants hereby reallege and incorporate by reference each proceeding paragraph of this Answer.

36. The allegations contained in paragraphs 72 through 74 are denied.

37. With respect to paragraph 75, Defendants hereby reallege and incorporate by reference each proceeding paragraph of this Answer.

38. The allegations contained in paragraphs 76 through 79 are denied.

39. With respect to paragraph 80, Defendants hereby reallege and incorporate by reference each proceeding paragraph of this Answer.

40. The allegations contained in paragraphs 81 through 82 are denied.

41. Defendants deny that Plaintiff is entitled to any of the relief requested in its prayer for relief.

42. Any allegations contained in Plaintiff's Complaint not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

43. Defendants are not subject to personal jurisdiction in Pennsylvania.

44. Plaintiff has failed to state a claim upon which relief can be granted.

45. Plaintiff's claims are barred by the doctrines of issue preclusion and claim preclusion.

46. Plaintiff has not suffered the damages alleged in its Complaint because: (i) Plaintiff could not have enjoined distribution of proceeds of the transaction with DSI; (ii) DSI and SSI had approximately $42 million in debt owing Heller Financial and secured by the assets of SSI; (iii) the July 14, 2000 Foreclosure Agreement was an arms length transaction by which Heller Financial, DSI and SSI's senior secured lender, foreclosed upon and sold the asset of SSI to REG for fair market value of $2 million and in partial satisfaction of the debt; (iv) after the foreclosure sale of SSI's assets by Heller Financial, approximately $40 million of Heller Financial's senior secured debt remained outstanding and that debt remains outstanding today; and (v) at the time of the foreclosure sale there were no unencumbered assets which Vanguard or any other unsecured creditor could have realized so that Vanguard's Judgment was worthless.

47. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, laches, release and/or waiver.

Answer

48. Any reliance by Plaintiff was unreasonable.

49. Any representations by Defendants were not material.

50. Plaintiff is not entitled to interest, costs or attorneys fees.

51. Plaintiff has not suffered any damages.

52. Plaintiff has failed to mitigate any damages it purports to have incurred.

53. Even if Plaintiff were ultimately entitled to any recovery from Defendants (which is specifically denied), Defendants' actions are insufficient to warrant the imposition of punitive damages and/or Plaintiff's claim for punitive damages violates or may violate the provision of the United States Constitution, the Oklahoma and Pennsylvania Constitutions, and applicable federal and state statutes and decisions.

54. Defendants reserve the right to add additional defenses as discovery progresses in this lawsuit.

        A. Richard Feldman, Esq.
        Identification No. 41329
        Greg A. Rowe, Esq.
        Identification No. 80066
        Bazelon, Less & Feldman, P.C.
        1515 Market Street, Suite 700
        Philadelphia, PA 19102-1907
        Telephone:   (215) 568-1155
        Facsimile:    (215) 568-9319

        Of Counsel:
        Joseph H. Bocock, Esq.
        Michael D. McClintock, Esq.
        McAfee & Taft A Professional Corporation
        Tenth Floor, Two Leadership Square
        211 North Robinson
        Oklahoma City, Oklahoma  73102-7103
        Telephone:   (405) 235-9621
        Facsimile:    (405) 235-0439
        Attorneys for Defendants REG Oklahoma
        Acquisitioins, LLC, Ronnie E. Goade, Sr.,
        and the Ronnie E. Goade, Sr. Revocable
        Trust

Dated:  May 22, 2003

Answer

**CERTIFICATE OF SERVICE**

    I, Greg A. Rowe, hereby certify that on this 22nd day of May, 2003, I served a copy of the foregoing Answer via hand delivery upon the following:

        David J. Perlman, Esq.
        Bochetto & Lentz, P.C.
        1524 Locust Street
        Philadelphia, PA  19102

        _____
        Greg A. Rowe, Esq.