IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RONNIE E. GOADE, SR., individually and as Trustee for the RONNIE E. GOADE, SR. REVOCABLE TRUST, <br><br> RONNIE E. GOADE, SR. REVOCABLE TRUST, <br><br> and <br><br> REG OKLAHOMA ACQUISITIONS, LLC, <br><br> Defendants. | CIVIL ACTION NO. 02-CV-02943 (JPF) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Defendants, Ronnie E. Goade, Sr., Ronnie E. Goade, Sr. Revocable Trust, and REG Oklahoma Acquisitions, LLC, by their attorneys, respectfully move this Court for leave to file an Amended Answer in order to include six additional affirmative defenses. In support thereof, Defendants aver as follows:

1. On May 16, 2002, Plaintiff, Vanguard Identification Systems, Inc., filed its Complaint against Defendants alleging, *inter alia*, that Defendants committed fraud and conspiracy to defraud Plaintiffs in connection with the sale of Stik/Strip Laminating Company, Inc. to DocuSystems, Inc. in 1998.

2. On July 10, 2002, Defendants filed a Motion to Dismiss, which this Court

denied on May 13, 2003. Defendants subsequently filed their Answer to the Complaint on May 22, 2003. Days later, counsel for Defendants concluded that Defendants' Answer should include the following additional affirmative defenses:

- Plaintiff's claims are barred by the statute of limitations;

- Defendants at all times acted in good faith;

- The sale of stock in Stik/Strip Laminating Company in 1998, and the purchase of assets from Heller Financial in 2000 were for reasonably equivalent value;

- Plaintiff's fraudulent transfer claims against REG Oklahoma Acquisitions, LLC are barred by REG Oklahoma Acquisitions, LLC's status as a subsequent transferee;

- Plaintiff's fraudulent transfer claims are barred by the defenses set forth in 12 Pa.C.S. §5108 or other applicable law; and

- Plaintiff's equitable claims are barred by the existence of an adequate remedy at law.

*See* Declaration of A. Richard Feldman, Esquire at ¶ 2, attached hereto as Exhibit A.

   3. Counsel for Defendants promptly contacted counsel for Plaintiffs to inform Plaintiffs that Defendants wished to amend their Answer to include additional affirmative defenses and asked if Plaintiff would stipulate to Defendants' filing an Amended Answer without leave of court. On June 3, 2003, just twelve days after the initial Answer was filed, counsel for Defendants sent counsel for Plaintiff by electronic mail a draft Amended Answer which included the additional affirmative defenses, and asked Plaintiff's counsel whether Plaintiff would so stipulate. Plaintiff's counsel requested time to consider the request. Forty-

five days have now elapsed.  Plaintiff has still not agreed to stipulate.  *See id.* at ¶ 3-5.  *See* Draft Amended Answer, attached hereto as Exhibit B.[1]

        4.      Granting Defendants Leave to file an Amended Answer will not prejudice Plaintiff's ability to prosecute its case against Defendants or to present facts and evidence in response to the affirmative defenses.

        5.      Leave to amend "'shall be freely given when justice so requires'; this mandate is to be heeded."  *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962) (citation omitted). The decision whether to grant leave rests within the sound discretion of the court, as circumscribed by Rule 15(a)'s liberal amendment philosophy.  *Mid-Atlantic Equipment Corp. v. Cape Country Club*, Civ. A. No. 97-287, 1997 WL 535156, *4 (E.D. Pa. 1997).

        6.      Prejudice under Rule 15 means undue difficulty in prosecuting or defending a lawsuit as a result of a change in tactics or theories on the part of the other party.  *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cit. 1990).  Therefore, the nonmoving party must do more than merely claim prejudice.  Instead, "'[i]t must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'"  *Delaware Trust Co. v. Lal,* Civ. A. Nos. 96-4784, 96-5783, 1997 WL 256958 (E.D. Pa. 1997), *quoting Bechtel v. Robinson*, 886 F.2d 644, 652 (3d. Cir. 1989).  *See Kiser v. General Elec. Co.,*  831 F.2d 423, 427-28 (3d Cir. 1987) (non-moving party has burden of demonstrating that allowing amendment will result in prejudice).

        7.      Defendants should be permitted to amend their Answer because Plaintiff cannot possibly be prejudiced thereby.  Discovery is only in its early stages and will not have to be delayed.  No depositions have been scheduled or taken, and no trial date has yet been set.

---

[1] The proposed new affirmative defenses are contained in paragraphs 55 through 60.

8. Plaintiff will have every opportunity to respond to, collect any information about, and defend against, the proposed additional affirmative defenses.

**WHEREFORE,** Defendants respectfully request that this Court grant their Motion for Leave to File An Amended Answer.

Respectfully submitted,

BAZELON LESS & FELDMAN, P.C.

By: _____
A. Richard Feldman, Esquire
Identification Number 41329
Greg A. Rowe, Esquire
Identification Number 80066
1515 Market Street, Suite 700
Philadelphia, PA 19102
Tel.: (215)568-1155
Facsimile: (215)568-9319

Attorneys for Defendants
Ronnie E. Goade, Sr., Ronnie E. Goade, Sr. Revocable Trust, and REG Oklahoma Acquisitions, LLC

Dated: July _____, 2003

**Of Counsel:**
Joseph H. Bocock, Esq.
Michael D. McClintock, Esq
McAfee & Taft, P.C.
10th Floor, Two Leadership Square
Oklahoma City, OK 73102-7103
405-235-9621 (Voice)
405-235-0439 (Fax)

**CERTIFICATE OF SERVICE**

I, Greg A. Rowe, hereby certify that on July 22, 2003 a copy of the Defendants' Motion for Leave to File an Amended Answer and Supporting Memorandum of Law was sent via hand delivery to:

>David J. Perlman, Esquire
>Bochetto & Lentz, P.C.
>1524 Locust Street
>Philadelphia, PA  19102

_____
Greg A. Rowe