IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RONNIE E. GOADE, SR., individually and as Trustee for the RONNIE E. GOADE, SR. REVOCABLE TRUST, <br><br> RONNIE E. GOADE, SR. REVOCABLE TRUST, <br><br> and <br><br> REG OKLAHOMA ACQUISITIONS, LLC, <br><br> Defendants. | CIVIL ACTION NO. 02-CV-02943 (JPF) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

      Defendants, Ronnie E. Goade, Sr., Ronnie E. Goade, Sr. Revocable Trust, and REG Oklahoma Acquisitions, LLC, by their attorneys, submit this Memorandum of Law in support of their Motion for Leave to File An Amended Answer. As demonstrated below, Defendants should be granted leave to amend their Answer by adding six new affirmative defenses. Permitting Defendants to do so will not cause Plaintiff any prejudice in prosecuting its claims, nor will it result in any delays in this case. Accordingly, and in light of the Federal Rules of Civil Procedure's liberal policy in favor of allowing amendments to the pleadings, Defendants' Motion for Leave to File an Amended Answer should be granted.

## BACKGROUND

On May 16, 2002, Plaintiff, Vanguard Identification Systems, Inc., filed its Complaint against Defendants alleging, *inter alia*, that Defendants committed fraud and conspiracy to defraud Plaintiffs in connection with the sale of Stik/Strip Laminating Company, Inc. to DocuSystems, Inc. in 1998. On July 10, 2002, Defendants filed a Motion to Dismiss, which this Court denied on May 13, 2003. Defendants subsequently filed their Answer on May 22, 2003. Days later, counsel for Defendants concluded that the Answer should have included the following additional affirmative defenses:

- Plaintiff's claims are barred by the statute of limitations;
- Defendants at all times acted in good faith;
- The sale of stock in Stik/Strip Laminating Company in 1998, and the purchase of assets from Heller Financial in 2000 were for reasonably equivalent value;
- Plaintiff's fraudulent transfer claims against REG Oklahoma Acquisitions, LLC are barred by REG Oklahoma Acquisitions, LLC's status as a subsequent transferee;
- Plaintiff's fraudulent transfer claims are barred by the defenses set forth in 12 Pa.C.S. §5108 or other applicable law; and
- Plaintiff's equitable claims are barred by the existence of an adequate remedy at law.

*See* Declaration of of A. Richard Feldman at ¶ 2, attached to Motion for Leave to File An Amended Answer as Exhibit A.

Counsel for Defendants promptly contacted counsel for Plaintiffs to inform Plaintiffs that Defendants wished to file an Amended Answer to include additional affirmative defenses and

asked if Plaintiff would stipulate to Defendants' filing an Amended Answer without leave of court. On June 3, 2003, just twelve days after the initial Answer was filed, counsel for Defendants sent counsel for Plaintiff by electronic mail a draft Amended Answer which included the additional affirmative defenses, and asked Plaintiff's counsel whether Plaintiff would so stipulate. Plaintiff's counsel requested additional time to consider the request. Forty-five days have now elapsed. Plaintiff has still not agreed to stipulate. *See id.* at ¶ 3-5. *See* Draft Amended Answer, attached to Motion for Leave to File An Amended Answer as Exhibit B.[1]

Defendants' Motion for Leave to File an Amended Answer should be granted because adding the proposed affirmative defenses to Defendants' Answer will not prejudice Plaintiff's ability to prosecute its case against Defendants or its ability to present facts and evidence to respond to these affirmative defenses.

## ARGUMENT

I. **LEAVE SHOULD BE GRANTED IN THIS CASE WHERE AMENDMENTS WERE PROPOSED ONLY TWELVE DAYS AFTER THE FILING OF THE ANSWER.**

    A.    **Amendment of Pleadings is Liberally Granted**

Federal Rule of Civil Procedure 15(a) sets forth the general principles governing amendment of pleadings. Any time after a responsive pleading has been served, a party may amend by leave of court or by written consent of the adverse party. *ELF Atochem North America, Inc. v. United States*, 161 F.R.D. 300, 301 (E.D. Pa. 1995). Rule 15(a) declares that leave to amend "'shall be freely given when justice so requires'; this mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962) (citation omitted). The decision whether to grant leave rests within the sound discretion of the court, as circumscribed by Rule 15(a)'s liberal amendment philosophy. *Mid-Atlantic Equipment Corp. v. Cape Country Club*,

---

[1] The proposed new affirmative defenses are contained in paragraphs 55 through 60.

Civ. A. No. 97-287, 1997 WL 535156, *4 (E.D. Pa. 1997). As the Court of Appeals for the Third Circuit has observed:

> Prejudice to the non-moving party is the touchstone for denial of any amendment. . . . [I]n the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments, previously allowed, or futility of amendment.

*Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993) (citations omitted).

Prejudice under Rule 15 means undue difficulty in prosecuting or defending a lawsuit as a result of a change in tactics or theories on the part of the other party. *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cit. 1990). Therefore, the nonmoving party must do more than merely claim prejudice. Instead, "'[i]t must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" *Delaware Trust Co. v. Lal,* Civ. A. Nos. 96-4784, 96-5783, 1997 WL 256958 (E.D. Pa. 1997), *quoting Bechtel v. Robinson*, 886 F.2d 644, 652 (3d. Cir. 1989). *See Kiser v. General Elec. Co.,* 831 F.2d 423, 427-28 (3d Cir. 1987) (non-moving party has burden of demonstrating that allowing amendment will result in prejudice). Plaintiff cannot make such a showing.

    **B.**    **Plaintiffs Cannot Show That They Will Be Prejudiced By Defendants' Proposed Amended Answer**

Defendants should be permitted to amend their Answer because Plaintiff will not be prejudiced thereby. Discovery, which is in its early document production stage, will not have to be delayed. No depositions have been scheduled or taken, and no trial date has yet been set.

Plaintiff, therefore, will have every opportunity to respond to, collect any information about, and defend against the proposed additional affirmative defenses. Plaintiff's ability to prosecute its case will not be affected by Defendants' proposed Amended Answer.

None of the other reasons for denying leave to amend can possibly come into play here. To talk of unfair surprise, or dilatory motive, where the amendment is proposed twelve days after the filing of the original pleading, would make no sense.

Because Plaintiff cannot show that granting Defendants' leave to file their Amended Answer will cause them any prejudice, Defendant's Motion for Leave to File An Amended Answer should be granted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion for Leave to File An Amended Answer, in the form attached to the Motion for Leave to File An Amended Answer as Exhibit B.

>Respectfully submitted,
>
>BAZELON LESS & FELDMAN, P.C.
>
>
>By: _____
>A. Richard Feldman, Esquire
>Identification Number 41329
>Greg A. Rowe, Esquire
>Identification Number 80066
>1515 Market Street, Suite 700
>Philadelphia, PA  19102
>Tel.: (215)568-1155
>Facsimile: (215)568-9319
>
>Attorneys for Defendants
>Ronnie E. Goade, Sr., Ronnie E. Goade, Sr. Revocable Trust, and REG Oklahoma Acquisitions, LLC

Dated:  July _____, 2003

**Of Counsel:**
Joseph H. Bocock, Esq.
Michael D. McClintock, Esq
McAfee & Taft, P.C.
10th Floor, Two Leadership Square
Oklahoma City, OK  73102-7103
405-235-9621 (Voice)
405-235-0439 (Fax)