**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC., | : |
| | : |
| | :    CIVIL ACTION NO.02-CV-02943-JPF |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| RONNIE E. GOADE, SR., individually and as Trustee for the RONNIE E. GOADE, SR. REVOCABLE TRUST, | : |
| | : |
| RONNIE E. GOADE, SR. REVOCABLE TRUST, | : |
| | : |
| and | : |
| | : |
| REG OKLAHOMA ACQUISITIONS, LLC,: | : |
| | : |
| Defendants. | : |

## MOTION FOR STAY OF THE PROCEEDINGS

Defendants Ronnie E. Goade, Sr., Ronnie E. Goade, Sr. Revocable Trust, and REG Oklahoma Acquisitions, LLC, hereby request that the Court stay the above-captioned action for forty-five (45) days because Defendants have now retained new principal counsel to replace the former principal counsel, McAfee & Taft, P.C. New counsel will need this period of time to obtain a copy of the case file, and to familiarize himself with the case history, the facts, and the legal issues adequately in order to respond to Plaintiff's pending discovery requests and discovery motions.

In support of this Motion, Defendants aver as follows:

1.      On or about August 25, 2003, Defendants replaced their principal counsel, the law firm of McAfee & Taft, P.C., with new principal counsel, the law firm of Edwards and Angell, LLP.  This change in lead counsel necessitates a forty-five (45) day stay in the proceedings.

2.      McAfee & Taft, P.C. will soon file a Motion to Withdraw, and, on this day, Defendants have filed a motion to admit Marc L. Zaken, Esquire and John G. Stretton, Esquire, partner and associate, respectively, of Edwards and Angell, LLP, *pro hac vice*.

3.      A forty-five (45) day stay is now needed so that new lead counsel can obtain the case file from McAfee & Taft, P.C., become familiar with the case by reviewing the case file, pleadings, and relevant documents involved.  Indeed, the file is extensive, and the factual and legal issues presented by the various claims and legal theories by Plaintiff are numerous. Moreover, Edwards and Angell, LLP does not yet have the case file, which is presently being copied.

4.      This is a complex case, which began more than one year ago, in which the Plaintiff has presented numerous legal theories sounded in fraud.  The case involves disputes over a complicated series of transactions and the ownership of a patent, and the record includes, as well, a prior patent infringement case that goes back to 1997.  Local counsel, Bazelon, Less & Feldman, P.C. has had a limited role in the case, and has generally been active only in coordinating filings with the Court and drafting minor, non-substantive pleadings.  Therefore, local counsel is not in a position to perform any substantive work on this matter during the period that Edwards and Angell, LLP requires to acquire an adequate understanding of the factual and legal matters.

5.      On August 25, 2003, almost immediately upon being retained by Defendants, Mr. Zaken, along with Mr. McClintock, Esquire, of McAfee & Taft, P.C., telephoned counsel for Plaintiff, David Perlman, Esquire, to inform him of Defendants' decision to change their principal attorneys.

6.      During this conversation, Mr. Zaken suggested to Mr. Perlman a stay in the proceedings so that Mr. Zaken could first obtain a copy of the file and then familiarize himself with the case.

7.      Mr. Zaken told Mr. Perlman that he particularly needed this time in order to be able to adequately respond to Plaintiff's Motion to Compel The Production of Documents and Deposition Testimony Claimed To Be Privileged, due on, August 27, 2003, and to Plaintiff's Request for Admissions, due on September 15, 2003.

8.      Mr. Perlman would agree only to a one-to-two week extension of time to respond to Plaintiff's pending Motion to Compel The Production of Documents and Deposition Testimony Claimed To Be Privileged.

9.      Such a limited extension would not permit new counsel to adequately learn the case and the legal and factual issues involved.  A prior understanding of all those issues is necessary to respond to Plaintiff's Motion to Compel and Plaintiff's Request for Admissions.

10.     On August 26, 2003 Mr. Perlman informed Mr. McClintock that since no agreement was reached, all due dates remained as governed by the applicable rules.

11.     It is not Defendants' intention to unnecessarily delay this case, but only to allow new counsel a sufficient amount of time to review, comprehend, and understand the case, so that they can provide an adequate and professional defense.

12.    In the alternative, if the Court should deny a stay, Defendants respectfully request that the Court grant a two-week extension of time, beginning from the date of the Order denying the Motion, in which Defendants may answer the pending Motion to Compel and the Request for Admissions.

WHEREFORE, Defendants respectfully request that this Court stay the above-captioned action case for forty-five (45) days, or, alternatively, grant a two-week extension of time to respond.

Respectfully submitted,

By:    _____

A.  Richard Feldman, Esquire
Identification Number 41329
Greg A. Rowe, Esquire
Identification Number 80066
Bazelon Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA  19102
Tel.: (215)568-1155
Facsimile: (215)568-9319

Attorneys for Defendants
Ronnie E. Goade, Sr., Ronnie E. Goade, Sr.
Revocable Trust, and REG Oklahoma Acquisitions,
LLC

Dated:   August 26, 2003

**Of Counsel:**
Marc L. Zaken, Esquire
John G. Stretton, Esquire
Edwards & Angell, LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
Telephone: 203-353-6819
Fax:  888-325-1667

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

VANGUARD IDENTIFICATION SYSTEMS, : 
INC., :
: CIVIL ACTION NO.02-CV-02943-JPF
            Plaintiff, :
:
        v. :
:
RONNIE E. GOADE, SR., individually and as :
Trustee for the RONNIE E. GOADE, SR. :
REVOCABLE TRUST, :
:
RONNIE E. GOADE, SR. REVOCABLE TRUST, :
:
            and :
:
REG OKLAHOMA ACQUISITIONS, LLC,:
:
            Defendants. :

---

## <u>ORDER</u>

AND NOW, this ___ day of _____, 2003, it is hereby ORDERED and DECREED

that the Motion of Defendants Ronnie E. Goade, Sr., Ronnie E. Goade, Sr. Revocable Trust, and

REG Oklahoma Acquisitions, LLC For Stay Of The Proceedings is hereby GRANTED.  The

proceedings in the above-captioned matter are stayed  for forty-five (45) days from the date of

entry of this Order.  Should Defendants wish to file a response to Plaintiff's Motion to Compel

The Production of Documents and Deposition Testimony Claimed To Be Privileged and to serve

a response to Plaintiff's Request for Admissions, they must do so no later than at the conclusion

of the period of stay for forty-five (45) days.

In the event Defendants' Motion for Stay of the Proceedings is denied, Defendants are

hereby granted, nevertheless, a two-week extension from the date of this Order in which to file

their response to Plaintiff's Motion to Compel The Production of Documents and Deposition

Testimony Claimed To Be Privileged and to serve their response to Plaintiff's Request for

Admissions.

BY THE COURT:


_____

Fullam, J.

## CERTIFICATE OF SERVICE

I, Greg A. Rowe, hereby certify that on August 26, 2003, a true and correct copy of

Defendant's Motion for Stay of the Proceedings was served via hand delivery, upon:


David J. Perlman, Esquire
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102



_____
Greg A. Rowe