IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **RONNIE E. GOADE, SR.**, et. al. <br><br> Defendants. | CIVIL ACTION <br><br> NO. 02-2943 |

**PLAINTIFF S OPPOSITION TO MOTION FOR STAY
AND TO ALLOW MCAFEE & TAFT TO WITHDRAW**

**I. INTRODUCTION**

Defendants voluntary change of counsel should not be a basis for delaying this action, either with respect to the two specific pending obligations (Plaintiff s pending Motion and outstanding Requests for Admission) or with respect to implementing a general stay.[1] Defendants and their attorneys have had ample opportunity to deal with both the pending Motion and Requests irrespective of the Defendants August 25 decision to change counsel.

As Plaintiff Vanguard Identification Systems, Inc. ( Vanguard ) has tried to move the case forward, Defendants have responded with delay tactics. The change-of-lead-lawyer excuse should not be another one. Vanguard is seeking to collect on a judgment entered on July 10, 2000 in a prior case, and Defendants, having evaded that judgment, should not be permitted to

---

[1] The outstanding Motion is the Motion to Compel The Production Of Documents and Deposition Testimony Claimed To Be Privileged But Subject To The Crime-Fraud Exception And To Compel A More Descriptive Privilege Log.

compound their evasion and delay.[2]

## II. ARGUMENT

### A. DEFENDANTS RECENT PATTERN OF DELAY.

As Vanguard has tried to move the case forward in recent weeks, Defendants have tried to bog the case down. Without rehashing every discovery log-jam since the Court forced Defendants to proceed on Plaintiff s prior Motion to Compel, two instances are relevant and representative. First, Defendants have delayed the implementation of a Scheduling Order, and secondly, they have refused to cope with Vanguard s proposed Stipulations, which were the agreed-upon method for resolving a discovery dispute. (It is this long-standing refusal to address the Stipulations that caused Vanguard to finally transform the proposed Stipulations into the Requests for Admission that are now at issue).

**1)    Scheduling Order**

By Letter of July 11, 2003, Defendants insisted that the parties agree on a proposed scheduling order by July 18, 2003. See last paragraph of July 11, 2003 Letter from Michael D. McClintock, Esquire to David J. Perlman, Esquire, attached hereto as Exhibit A    On July 17, Vanguard faxed a proposed schedule to Defendants, and after further discussion and refinement, Vanguard faxed a draft Scheduling Order to Defendants on August 7, 2003. See August 7, 2003 Letter from David J. Perlman, Esquire to Michael D. McClintock, Esquire, attached hereto as Exhibit B. Defendants have ignored the Scheduling Order. Vanguard has been attempting,

---

[2] The prior action was a patent infringement suit commenced in November 1997. Defendants resorted to obstruction in that action. Thus, nearly **six years** have elapsed since Vanguard sought relief and since the evasions began.

nevertheless, to move forward with documentary discovery, amendments to the complaint, and a motion to compel filed in anticipation of depositions.

**2)    Stipulations**

In an effort to resolve discovery issues that were the subject of Vanguard's Motion to Compel argued on May 27, 2003, the parties agreed that certain discovery requests were best handled by stipulation. Consequently, on June 30, 2003, Vanguard faxed Defendants a set of proposed Stipulations.  See June 30 2003 Letter and Attachment from David J. Perlman, Esquire to Michael D. McClintock, Esquire, attached hereto as Exhibit  C.   They were entirely reasonable since they were lifted nearly verbatim from the Foreclosure Agreement that Defendants had themselves signed.   There has been no response to the Stipulations, except the repeated comment that Defendants were working on them.  Vanguard requested an unambiguous response on several occasions, warning that Requests for Admission and a demand that Defendants produce documents covered by the underlying requests would be forthcoming. Defendants failed to respond.  Consequently, the Requests for Admission were served by overnight courier on August 13, 2003, and the response is due on September 12th.    Defendants now seek a stay of this long-standing, straightforward obligation.

**3)    Defendants' Demand for Stay.**

On August 25, 2003, Defendants' counsel, Michael D. McClintock and the new attorney hired by Defendants, Marc Zakin, called Vanguard's counsel and stated that Mr. Zaken was going to be taking over.[3]  Vanguard's counsel declined their request to stipulate to a stay.

---

[3]  Mr. McClintock is from McAffee & Taft, a firm located in Defendants' hometown of Oklahoma City.  Mr. Zaken is from the Stamford, Connecticut firm of Edwards & Angell.

Without requesting any specific extension on the Motion to Compel or Requests for Admission, they wanted to know what Vanguard would give. As a courtesy, Vanguard offered a one and then a two-week, extension from the **existing** due dates of the two pending items, the Motion to Compel and Requests for Admission. The response was that this amount of time was plainly insufficient and that they would report Vanguard's lack of consideration to the Court.

Because no agreement was reached, Vanguard notified Defendants that the due dates imposed by the rules apply. Defendants have had more than enough time to respond to the Motion and will have more than enough time to respond to the Requests for Admission. A self-conferred *de facto* continuance by virtue of their simply filing a Motion for a Stay should not be countenanced.

### B. THE MOTION TO COMPEL.

The Motion to Compel seeks documents and deposition testimony that is subject to the crime-fraud exception to the attorney-client and work-product privileges. Plaintiff Vanguard seeks a ruling on it before commencing any depositions to prevent deponants from using the privilege to cover Defendants' fraud.[4] The Motion, discussed between opposing counsel before filing, was finally filed on August 13. The opposition was, therefore, due on August 27. According to their own papers, Defendants hired Mr. Zaken on August 25, 2003. Thus, Defendants had nine days to file an opposition even before hiring new counsel. But Defendants original lead counsel, McAffee & Taft, neither filed an opposition nor made any preparations for local counsel or a successor counsel to file an opposition.

---

[4] It would be particularly inconvenient to take multiple depositions of the same people since the parties involved are in different parts of the country.

The facts giving rise to the crime-fraud exception are set forth in the Complaint and are not complex that Defendant Ron Goade used his attorneys to communicate a fraudulent misrepresentation by letter of May 26, 1998 that assets would not be encumbered when his company Stik/Strip Laminating, Inc. was sold to Docusystems, Inc. To the extent neither McAffee & Taft nor Edwards & Angell was moved to oppose the Motion, local counsel, Bazelon, Less & Feldman, P.C., is not as ill-equipped as they would leave one to believe in their Motion for Stay. They are familiar with the case, attending arguments and even drafting new affirmative defenses and are capable of representing their client.

If Defendants seek to change attorneys, they should accept the consequences, and their past and present attorneys should accept the responsibilities and challenge. Plaintiffs should not be prejudiced with more delay and evasion.

### C. REQUESTS FOR ADMISSION.

The circumstances giving rise to the Requests for Admission are described above in the section headed General Delay. They were necessitated by Defendants bad faith in discovery negotiations. Defendants have had since **June 30**, the date the identical Stipulations were served, to deal with the issues posed by the Requests for Admission. The due date for the Responses to the Requests is September 12, more than enough time to resolve the issues, irrespective of any change of attorneys.

### D. GENERAL STAY

Since there is no basis for extending the due dates of the pending items, there is no basis for a stay of unfiled items or unnoticed depositions. Surely, Defendants cannot argue that motions that have not been filed or depositions that have not been noticed are too demanding.

Having evaded one judgment after a case had been pending for years, Defendants should not be permitted to use the new-attorney excuse to delay another. They have the option of sticking with their old attorneys, relying on Philadelphia counsel, or committing the resources to having new lawyers assume responsibility for a case in progress.[5] Surely, three law firms do not have their hands tied unless they or their client were responsible for tying them.

### III. CONCLUSION

The due date for Defendants' Opposition to the Motion to Compel was August 27th. The due date for the Response to the Requests for Admission is September 12. Defendants have had, and have, more than enough time to respond. The mere filing of a Motion for Stay should not result in a self-conferred, *de facto* continuance. Defendants' Motions should be denied.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: _____
George Bochetto, Esquire
David J. Perlman, Esquire
1524 Locust Street
Philadelphia, PA 19102
Ph: (215) 735-3900
Fx: (215) 735-2455

Date: August 28, 2003

Attorneys for Plaintiff
Vanguard Identification Systems, Inc.

---

[5] McAfee & Taft should not be permitted to withdraw at the expense of delay. It had ample opportunity to respond on behalf of Defendants to both pending items.