# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.**, <br> 1210 American Boulevard <br> West Chester, PA  19380 | : | |
| | : | |
| **Plaintiff,** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-2943 |
| | : | |
| **RONNIE E. GOADE, SR.**, Individually and as Trustee <br> for the Ronnie E. Goade, Sr. Revocable Trust <br> 18909 Saddle River Drive <br> Edmond, OK 73003 | : | |
| | : | |
| and | : | |
| | : | |
| **THE RONNIE E. GOADE, SR. REVOCABLE TRUST**, <br> 18909 Saddle River Drive <br> Edmond, OK 73003 | : | |
| | : | |
| and | : | |
| | : | |
| **REG OKLAHOMA ACQUISITION, LLC** <br> 1027 Waterwood Parkway <br> Edmond, OK 73034 | : | |
| | : | |
| and | : | |
| | : | |
| **RENISE GOADE LEE** | : | |
| | : | |
| and | : | |
| | : | |
| **RON E. GOADE, JR.** | : | |
| | : | |
| and | : | |
| | : | |
| **SEAN GOADE** <br> 4108 Cantile Circle <br> Oklahoma City, OK 73120 | : | |
| | : | |
| and | : | |

| | |
|---|---|
| SUSAN M. GOADE<br>1027 Waterwood Parkway<br>Edmond, OK 73034 | :<br>:<br>:<br>: |
| and | :<br>: |
| LIQUIDATING TRUSTEES 1 - 6<br>1027 Waterwood Parkway<br>Edmond, OK 73034 | :<br>:<br>:<br>: |
| **Defendants.** | :<br>: |

_____:

## **FIRST AMENDED COMPLAINT**

Plaintiff, by and through undersigned counsel, complains as follows:

### I. **Nature of Action**

1. This action is brought against various individuals and entities t[...] a $2 million judgment ("Judgment") entered in favor of plaintiff [...] Inc. ("Vanguard") in a patent infringement suit, *Vanguard v. Stik/St[...]* United States District Court, Eastern District of Pennsylvania, No. 97-6790 ("Patent Action"). The Defendants herein caused the Patent Action defendants to fraudulently evade liability and ultimately the Judgment, thereby enriching themselves.

2. Defendants' unlawful evasion began when Defendant Ronnie E. Goade, Sr. ("Goade") caused the Ronnie E. Goade, Sr. Rev[...] Judgment-debtor, Stik/Strip Lami[...] approximately $10 million, knowing SSI would likely lose the Patent Action [...] misrepresenting to Vanguard that it could recover monies owed to it from DSI. At the time of th[...] sale, Goade intentionally misled Vangua[...] encumber SSI's assets and that the sale would have no materi[...] But, in fact, unbeknownst to Vanguard and fully known to Goade [...] assets were completely encumbered as a result of the sale since the lender who [...] purchase took security interests in all, or nearly all, of SSI's assets.

3. Goade's fraudulent scheme continued two years later, [...] was entered. On July 14, 2000, four days after entry of the Judgment on July 10[...]

3

DefendantDefendant REG Oklahoma Acquisition, LLC ( REG ), then and still under the control of Goade, repurchased the assets of SSI for the contrived low price of $2 million.

4. WhenWhen Goade repurchased SSI through REG, SSI was worth substantially moremore than $2 million. Recognizing themore than $2 million. Recognizing the value of SSI, Vanguard ha SSISSI for $4 million plus a release in the Patent SSI for $4 million plus a release in the Patent Action representedrepresented by the Judgment. Nevertheless, Goade, in conjunction represented by the Judgment. deliberatedeliberate decision not to consider selling SSI deliberate decision not to consider selling SSI tdelibe the Judgment.

5. AsAs a result of both the original sale and repurcAs a result of both the origi approximatelyapproximately $10 million and at least $2approximately $10 million and at least $2 million fromap salarysalary -- while simsalary -- while simultaneously recovering all of SSI. Meanwhile, neither SSI no satisfied the Judgment.

6. REGREG continued, and continues, to do business usingREG continued, and continues, t assets,assets, employees, products, customers, as SSI and remains in allassets, employees, products, customers to SSI.

7. In addition,In addition, Goade and REG have attempted to secure, and haveIn addition, assets that remained in, or came into, SSI s possession after the July 14, 2000 sale to REG.

## II. Parties

8. PlaintiffPlaintiff Vanguard is a Pennsylvania corporation having its principal place of business at 1210 American Boulevard, West Chester, PA 19380.

9. DefendantDefendant Goade is an adDefendant Goade is an adult indiDefendant Goad Drive, Edmond, Oklahoma 73003.

4

10. Defendant Goade Trust is, on information and belief, a trust organized under the laws of Oklahoma. Goade is the settlor and a trustee.

11. Defendant Susan M. Goade is Goade's spouse and a beneficiary of the Goade Trust.

12. Defendant Renise Goade Lee is Goade's daughter and a beneficiary of the Goade Trust.

13. Defendant Ron E. Goade, Jr. is Goade's son and a beneficiary of the Goade Trust.

14. Defendant Sean Goade is Goade's son and a beneficiary of the Goade Trust.

15. Defendant REG is an Oklahoma limited liability company with its principal place of business in Oklahoma.

16. Defendants Liquidating Trustees 1 through 6 are individuals, entities, or a combination of the two who acted in concert with the other Defendants to further their interests herein, but whose identities are not yet known.

### III. Jurisdiction and Venue

17. Original jurisdiction is vested in this court pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between citizens of different states.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because it is the judicial district in which a substantial part of events or omissions giving rise to the claims occurred and because one or more of the Defendants is subject to personal jurisdiction here. The Patent Action was prosecuted in this

5

described below, particularly the misrepresentations regarding encumbering assets as described below, committed in this District. The Judgment that Defendants have sought to evade was entered in this District.

19. Venue is also proper in this Court because Vanguard is located here and has suffered damages here.

## IV. Factual Background

**A. Goade misrepresents the sale of SSI.**

20. Vanguard filed the Patent Action naming SSI on 4, 1997. The case presented an overwhelmingly clear case of infringement, and herein knew it. They also knew that they faced a very substantial liability at that time because of the infringement.

21. At the time, SSI was wholly owned by Goade. Goade was Director, Chairman of the Board, by relevant times, Goade directed the Patent Action on behalf of SSI, and later, DSI.

22. Goade's objective in the Patent Action was one of delay and obstruction.

23. On or about April 30, 1998, SSI filed a motion for summary judgment in the Patent Action. The Court promptly denied the Patent Action. The Court directed SSI's counsel to "stop playing games." See Order as Exhibit A.

24. Immediately thereafter, on May 19, 1998, SSI's attorney disclosed to Vanguard's attorney that SSI was about to be sold. Vanguard's attorney that SSI was about to be sold. continue to operate after the sale.

6

Case 2:02-cv-02943-JF   Document 34   Filed 09/04/2003   Page 7 of 18

25. The following day, Vanguard's attorney wrote to SSI's attorney that [Vanguard was] proceeding in the Patent Action based on SSI's representations and also notified SSI that SSI's representations were material. [See letter from G]arA. Rosen, Esquire to Joseph P. Titterington, Esquire, attached hereto as Exhibit "B."

26. Three days prior to the closing, which would be on May 29, Vanguard's attorney wrote SSI's counsel stating that, in light [of SSI's representations, Vanguard would] file a motion for an injunction barring distribution of the sales proceeds. He stated that SSI [could] avoid such an action if, by the next day, [it confirmed that SSI's assets] would not be encumbered or depleted and that there would [be no material adverse impact on SSI's] balance sheet as a result of the sale. See May 26, 1998 letter from Gar[y A. Rosen, Esquire to] Joseph P. Titterington, Esquire attached hereto as Exhibit "C."

27. SSI's attorney replied on the same day, writing, in part:

We have checked with our client and have been authorized to inform you of the following:

                \*    \*    \*

The transaction involves a sale of stock [which] is known to Ron Goade, Sr., there is nothing [that is known from the] transactional documents which leads h[im to believe] that SSI's assets will be encumbered or depleted [by] the sales transaction or that the sale will have a material adverse impact on SSI's balance sheet.

See May 26, 1998 letter from Joseph P. Titterington, Esquire to [Gary A. Rosen, Esquire, attached] hereto as Exhibit "D."

28. The client with whom counsel conferred was Goade, [who was] copied on the letter ("May 26 Letter") containing this statement.

7

29. Goade, acting for himself, the Goade Trust, and the Liquidating Trustees, intentionally misled Vanguard [...] would not be encumbered as a result of the sale.

30. The assets were to be encumbered and Goade knew that SSI's assets would be encumbered particularly since the lender that [...] SSI's assets on or about the day of the sale.

31. On May 29, 1998, DSI closed on its purchase [...] and/or Goade and/or the Trust beneficiaries received [...] $8.2 million of which was in cash. Unbeknownst to Vanguard [...] Goade Trust, DSI's lender, Heller Financial, Inc. ("Heller"), took a security interest in [...] of SSI. The amount of Heller's loan [...] dollars.

32. At no time after receiving the May 26 Letter [...] his false representation. Similarly, neither the [...] assets were to become, or became, encumbered on May 29, 1998.

33. Vanguard relied to its detriment on Goade's false statements conveyed by the May 26 Letter. But for Goade's fraudulent statements, Vanguard [...] obtained injunctive relief that, among other things, [...] million to the Goade Trust and/or its beneficiaries, [...] Vanguard could satisfy a judgment, or barred the sale of [...] of the assets of SSI.

8

34. Goade, the Goade Trust, and the Trust beneficiar[ies] gain, from the encumbering of SSI's assets as well as from the fail[ure] would be encumbered.

35. The encumbering of the assets of SSI w[as a] dissolution of SSI in that SSI's assets were removed from the reach of [creditors]. knew it would have an obligation, whether the a[mount was liquidated or] unliquidated. As in a liquidation or dissolution, it was the shareholder of SSI, the G[oade Trust,] along with its Trustee and beneficiaries, who gained by the receipt [of the proceeds of] the transaction.

**B.    Goade reacquires SSI for inadequate consideration without satisfying the judgment.**

36. After DSI's purchase of SSI, Goade assumed the position of Director of Business Development of SSI. He held 11.2 percent of the shares of D[SI owning] SSI and DSI. In the sale of SSI to DSI, Goade also reserved the exclusive right to settlement in the Patent Action.

37. On or about September 30, 1999, DSI defa[ulted]. In December of that year, Heller entered the first of a[ series of agreements and] began efforts to sell various business divisions of DSI other than SSI.

38. In January, 2000, the firm of Dresner Investment Services, Inc. ("Dresner"), on behalf of DSI and/or Heller, began circulating a memoran[dum regarding] certain non-core assets of DSI. SSI was not among the assets that were the subject of this sales Memorandum.

9

39. OnOn February 1, 2000, after Vanguard On February 1, 2000, after Vanguard s ComplaintComplaint to Join Additional Defendant was granted, Vanguard filed anComplaint to Join Additional naming DSI as a defendant.

40. InIn or about the Spring of 2000, Vanguard In or about the Spring of 2000, Vanguard express SSI for approximately $4 million and a release of liability.

41. DespiteDespite the lack of active marketing of SSI,Despite the lack of active marketing of offered more than $2 million for SSI.

42. OnOn JulOn July 10, 2000, Judgment for $2 million was entered by stipulatOn July 10 Vanguard sVanguard s favor and against SSVanguard s favor and against SSI aVanguard s favor and against releaserelease was grarelease was granterelease was granted in favor of SSI and DSI, excluding claims for fra specificallyspecifically excluding claims against Goade, the Goade Trust andspecifically excluding claims agai trustees, and Goade s family members. *Id*.

43. OnOn July 13, 2000, Dresner -- which somehow becameOn July 13, 2000, Dresner – whic ofof SSI -- acting on SSI and DSI s behalf, forwarded information toof SSI -- acting on SSI and DSI Vanguard s possible purchase of SSI.

44. NeverNevertNevertheless,Nevertheless, on the very next day, REG, owned and/or co Goade,Goade, purchased all, or nearly all, of SSI s assets forGoade, purchased all, or nearly all, of SSI s assets fo Vanguard did not know, and was never informed, of this sale at the time.

45. Vanguard,Vanguard, unaware of the sale, continued to express its interest in purchasingpurchasing SSI. purchasing SSI. Still, withoutpurchasing SSI. Still, without informing Vanguard o thatthat they had decided nothat they had decided not to allow Vthat they had decided not to allow Vangu

approve settlements in the Patent Action for... that he could purchase SSI and defeat Vanguard's judgment.

46. After the sale of SSI's assets to Goade's entity, REG, the... under the name of "SSI Technologies," using the same trade name... and equipment, same production facilities at the same locations, same employees, same... and customer lists, same phone numbers, same business operation...

47. The net result of Goade's sale of SSI and repurchase of... of at least $8 million, plus salary and commissions. In addition, Goade... or controlled, fraudulently evaded liability for patent infri[ngement]... million Judgment.

48. The sale of SSI to REG was not commercial... purchased SSI in bad faith.

C.  **Additional schemes to avoid satisfaction of the judgment.**

49. Even after the sale of SSI's assets to REG, revenue or other monies continued to be received by SSI, unbeknownst to Vanguard. These were transferred to REG.

50. In or about the beginning of 2002, REG and... to transfer a patent to REG that had not been part of the July 14, 2000 purchase... and attempted to conceal this transaction from Vanguard. When... the Patent, REG and Goade commenced a... in an effort to effectuate this fraudulent conveyance

11

## V. **RELIEF REQUESTED**

### **COUNT ONE**
### **(Fraud)**

### **Against Goade, the Goade Trust, and REG**

51. AllAll other paragraphs inAll other paragraphs in this Complaint areAll other paragraphs in as if fully set forth herein at length.

52. DefendantsDefendants made false and misleading stateDefendants made false and m omitted to disclose material facts to Vanguard. These include, but are not limited, to:

(a) statingstating that the assets of SSI would not be encumbered when SSI was sold to DSI;

(b) failingfailing to disclose thatfailing to disclose that the assets of SSI were to be en that the loan amount exceeded the value of the assets;

(c) failingfailing to disclose that as a result of the sale of SSI to DSI and the encumberingencumbering of the assets of SSI, SSI and DSI would be unable to sencumbering of the asse Vanguard;

(d) failingfailing to disclose that SSI s assetsfailing to disclose that SSI s assets were t REG;

(e) leadingleading Vanguardleading Vanguard to believe that it could purchase SSI fro satisfy the judgment when REG was the only intended purchaser;

(f) failingfailing tfailing to discfailing to disclose that, even after the sale of SSI s a SSI was receiving revenue or other monies and/or maintained property, such as patents; and

12

(g)    failfailingfailing failing to disclose REG s efforts to induce SSI to transfer a Pate to REG.

53.    DefendantsDefendants alsoDefendants also engaged in schemes andDefendants also enga describeddescribed above. Defendants engaged in such conduct with the intent of avoiding satisfactiondescribe the judgment.

54.    DefendantsDefendants knew that theirDefendants knew that their statements were false and omittedomitted to state material facts and/or they made such statements andomitted to state material facts disregard for whether they were false or misleading.

55.    DefendantsDefendants made these misleadingDefendants made these misleading statemen that Vanguard rely on such statements or omissions.

56.    All such statements or omissions were material to the transaction.

57.    Vanguard justifiably relied onVanguard justifiably relied on the misleading statementsVa Defendants.

58.    AsAs a direct and proximate resultAs a direct and proximate result of the misleadingAs a d and fraudulent schemes and artifices of Defendants, Vanguard was injured.

**WHEREFORE**, Vanguard requests the relief described below.

### COUNT TWO
**(Conspiracy to Defraud)**

### Against Goade, the Goade Trust, and REG

59.    AllAll other paragraphs inAll other paragraphs in this Complaint areAll other paragraphs ir as if fully set forth herein at length.

13

60. DefendantsDefendants combined andDefendants combined and conspirDefendants co[n]parties with an intent to defraud Vanguard.

61. Defendants acted in furtherance of this conspiracy to defraud Vanguard.

62. As a direct and proximate result, Vanguard was injured in an amount in excess of $2,000,000.

**WHEREFORE**, Vanguard requests the relief described below.

## COUNT THREE
### (Promissory Estoppel)

### Against Goade, the Goade Trust, and REG

63. AllAll other paragraphs inAll other paragraphs in this Complaint areAll other paragraphs i[n] as if fully set forth herein at length.

64. InIn addition to the misrepresentations and omissions described above, DefendantsDefendants engagedDefendants engaged in negligent misrepresentations, conduct and/orDefendants e[ngaged] reasonably relied to its detriment, as described more fully above.

65. Vanguard fulfilled any duty of inquiry it may have had.

66. AsAs a direct and As a direct and proximaAs a direct and proximate result, Vanguard excess of $2,000,000.

**WHEREFORE**, Vanguard requests the relief described below.

## COUNT FOUR
### (Successor Liability)

### Against REG

67. AllAll other paragraphs inAll other paragraphs in this Complaint areAll other paragraphs i[n] as if fully set forth herein at length.

68. REG is merely a continuation of the same business as SSI and DSI.

69. TheThe sale of SSI toThe sale of SSI to DSI and thThe sale of SSI to DSI and the sa structured to evade the obligation to Vanguard.

70. AsAs a direct and proximateAs a direct and proximate result of the transactions that transf assets to DSI and then to REG, Vanguard was injured in an amount of excess of $2,000,000.

**WHEREFORE**, Vanguard requests the relief described below.

## COUNT FIVE
### (Uniform Fraudulent Transfer Act)

### Against All Defendants

71. AllAll other paragraphs inAll other paragraphs in this Complaint areAll other paragraphs in as if fully set forth herein at length.

72. Defendants intended to defraud Vanguard.

73. AsAs a direct and proximate result of the tAs a direct and proximate result of the tran above, Vanguard was injured in an amount in excess of $2,000,000.

**WHEREFORE**, Vanguard requests the relief described below.

## COUNT SIX
### (Breach of Duty of Liquidating Trustees)

### Against Goade, the Goade Trust, and Liquidating Trustees 1-6

74. AllAll other paragraphs inAll other paragraphs in this Complaint areAll other paragraphs in as if fully set forth herein at length.

75. Goade,Goade, the Goade, the GoadGoade, the Goade Trust, and Liquidating Trustees 1-6 o toto Vanguard when SSI s assets were encumbered, when Goade and the Goade Trust deliberately

misrepresentedmisrepresented the encumbering ofmisrepresented the encumbering of the assets, and when them connection with the transactions described above.

76. Goade,Goade, the Goade TrusGoade, the Goade Trust, anGoade, the Goade Trus fiduciary duties owed Vanguard by, inter alia:

a) misrepresenting that SSI s assets would not be encumbered;

b) allowingallowing the assets to be encumbered wiallowing the assets to be enc reservereserve or trustreserve or trust sufficient funds to cover the liability torese the Patent Action or the resulting Judgment;

c) distributingdistributing the $10distributing the $10 million to the Goadedistributin withoutwithout creating a reservewithout creating a reserve or trust to cover the lia Action or the resulting Judgment.

77. AsAs a direct and proximate result of the transactions described moreAs a direct and p above, Vanguard was injured in an amount in excess of $2,000,000.

**WHEREFORE**, Vanguard requests the relief described below.

## COUNT SEVEN
### (Request for an Accounting)

### Against All Defendants

78. AllAll other paragraphs inAll other paragraphs in this Complaint areAll other paragraphs in as if fully set forth herein at length.

79. DefendantsDefendants hereiDefendants herein Defendants herein owed Vanguard a VanguardVanguard and/or madeVanguard and/or made misrepresentations to Vanguard and/orVanguard and/o is needed and is material to the relief sought herein.

16

80. Defendants are in the exclusive possession of the data with determine the whereabouts and amounts of monies payment of Plaintiff's judgment.

81. Vanguard will suffer irreparab Vanguard will su herein is not granted.

82. Vanguard does not have an adequate remedy at law.

**WHEREFORE**, Vanguard requests the relief described below.

## COUNT EIGHT
### (Request For Constructive Trust)

### Against All Defendants

83. All other paragraphs in this Complaint are as if fully set forth herein at length.

84. Defendants have demonstrated a propensity to manipulate tran hide assets in order to evade lawful commitments.

85. As a direct and proximate result of the unlawful conduct the Defendants herein have been unjustly enriched.

**WHEREFORE**, Vanguard requests the relief described below.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Vanguard respectfully requests that this Court enter an Order in its favor and against Defendants:

    a) in the amount of $2,000,000 for compensatory damages; plus pre- and post-judgment interest; punitive damages; costs; and attorneys fees;

    b) establishing a constructive trust in Vanguard s favor over the proceeds of the sale by SSI to DSI and over the assets of REG and over the assets of all Defendants;

    c) compelling an accounting of the proceeds from the sale of SSI to DSI;

    d) for preliminary and permanent injunctive relief as determined by the facts; and

    e) such other relief as this Court deems just and equitable.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By:_____
    George Bochetto, Esquire
    David J. Perlman, Esquire
    1524 Locust Street
    Philadelphia, PA 19102
    (215) 735-3900

    Attorneys for Plaintiff,
Date:_____    Vanguard Identifications
    Systems, Inc.