IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, | : | CIVIL ACTION NO. 02-CV-2943 |
| Plaintiff, | : | |
| v. | : | |
| RONNIE E. GOADE, SR., ET AL. | : | |
| Defendants. | : | OCTOBER 3, 2003 |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL

Defendants REG Oklahoma Acquisition, LLC ("REG"), Ronnie E. Goade, Sr. ("Goade"), and the Ronnie E. Goade, Sr. Revocable Trust hereby object to Plaintiff's Motion to Compel The Production of Documents and Deposition Testimony Claimed to Be Privileged But Subject To The Crime-Fraud Exception And To Compel A More Descriptive Privilege Log, dated August 13, 2003 ("Motion to Compel").

### INTRODUCTION

The Motion to Compel, premised entirely on bald assertions of "fraud," fails to provide the court with any evidence or basis to support a waiver of the generally inviolate attorney-client privilege, pursuant to the narrow crime-fraud exception. Plaintiff has not demonstrated that Defendant Goade used his attorney to perpetrate an alleged fraud.

The alleged misrepresentation at issue concerns Goade's knowledge of the transactional documents on May 26, 1998, three (3) days before the sale of the stock of Stik/Strip Laminating Co., Inc. ("SSI") to DocuSystems, Inc. on May 29, 1998. Plaintiff has not shown any need to vitiate the attorney-client privilege in order to ascertain Goade's knowledge of the transactional documents on May 26, 1998.

The Motion to Compel is flawed by its repeated mischaracterization of the

representation provided by counsel for SSI, in a prior action between the plaintiff in this case and SSI (a non-party to this case) for patent infringement.  The alleged misrepresentation, as described in the Complaint, is contained in Attorney Titterington's letter, on behalf of his client, SSI, dated May 26, 1998, which stated:  "… **as far as is known to Ron Goade, Sr., there is nothing in the transactional documents which leads him to believe** that SSI's assets will be encumbered . . . ."  Complaint, ¶ 24; <u>see also</u> Exhibit D to Complaint.

In the Motion to Compel, the plaintiff mischaracterizes this representation to claim that "Defendant Ron E. Goade, Sr. . . . and Stik/Strip Laminating Company, Inc. . . . **fraudulently represented** through their counsel, Joseph Titterington, Esquire . . ., in the underlying Patent Action (E.D. Pa. No. 97-6790), **that the assets of Goade-controlled SSI would not be encumbered when it was sold to DocuSystems, Inc. . . . on May 29, 1998**."  Motion to Compel at 2.  This is simply not what Attorney Titterington said in his letter.  Titterington did not represent that SSI's assets would not be encumbered as a result of the transaction with DocuSystems.  Titterington only represented that 3 days before the closing, Goade was not aware of anything in the transactional documents that led Goade to believe that the assets of SSI would be encumbered.

Thus, the issue in this case is: what did Goade know about the transactional documents on May 26, 1998 with respect to whether SSI's assets would be encumbered.  Plaintiff has not demonstrated that it needs to vitiate the attorney-client privilege to determine what Goade knew about the transactional documents 3 days before the

closing.[1]

The plaintiff has made no effort to explore Goade's knowledge of the transactional documents in discovery.  The deficiency of Plaintiff's Motion to Compel is highlighted by the fact that Plaintiff has not taken any depositions (of Goade or anyone else) or served any interrogatories in this case, and therefore cannot demonstrate that there is a basis to override the attorney-client privilege.  The plaintiff's failure to engage in any substantive discovery prior to filing the instant Motion to Compel is also indicative of the premature nature of this Motion.  The stated purpose of the Motion to Compel is to resolve objections that the plaintiff **anticipates** that defendant may raise during depositions that have yet to be scheduled.  Not only does Plaintiff concede that there is no discovery controversy presently pending, but Plaintiff's motion also violates Local Rule 26.1(b), which requires that all discovery-related motions identify, verbatim, the relevant portion of the "interrogatory, request, answer, response, objection, notice, subpoena, or deposition" at issue.  The plaintiff's failure to first proceed with the depositions it anticipates taking necessarily precludes it from complying with Local Rule 26.1(b) and renders this Motion not ripe for adjudication.

The plaintiff's failure to conduct depositions or issue interrogatories addressed at the alleged misrepresentation prior to filing the instant Motion also renders the factual background presented in the Motion to Compel entirely speculative.  Plaintiff's strained interpretations of the documents attached to the Motion do not support its request that the crime-fraud exception be invoked to waive the attorney-client privilege between SSI and Attorney Titterington.  The documents presented by the plaintiff do not establish that

---

[1] Plaintiff's Motion concedes that Titterington's firm was not representing SSI or Goade in the Docusystems transaction, and that SSI and Goade were represented in that transaction by McAfee & Taft.  Motion p. 5.

Attorney Titterington was used to give advice regarding a fraud.

The plaintiff also inaccurately suggests that the attorney-client privilege it seeks to invade may be voluntarily waived by the defendants in this case, who were not parties to the action in which the representation was made, and were not Attorney Titterington's clients in that prior case. See Motion to Compel at 1. The privilege at issue does not belong to any of the individual defendants in this case. The privilege belongs to SSI, the defendant in the prior patent infringement action, and Titterington's client in that action. Contrary to Plaintiff's motion, Titterington did not represent Goade personally, or any of the other defendants in this case, in the prior patent action. SSI, and only SSI, may voluntarily waive this privilege. SSI is not a party to this action, and has not been afforded an opportunity to appear and respond to this motion.[2]

The Motion to Compel should therefore be denied.

---

[2] Through the use of a footnote on page 2 of the Memorandum in Support of Plaintiff's Motion to Compel, the plaintiff attempts to argue that the Motion to Compel, if ordered, should also apply to the matter entitled Vanguard Indentification Systems, Inc. v. Stik/Strip Laminating Company, Inc., Civil Action No. 97-6790 (JPF). The plaintiff does not cite to any authority in support of this highly unusual request. The request should be denied. First, a judgment was entered in the matter of Vanguard Indentification Systems, Inc. v. Stik/Strip Laminating Company, Inc. on July 10, 2000, and that file is closed except as specified in that judgment. Second, Stik/Strip Laminating Company, Inc. is not a defendant in this action and has not been provided an opportunity to oppose this Motion. Due process requires that Stik/Strip Laminating Company, Inc. be afforded an opportunity to oppose the Motion. Haines v. Liggett Group Inc., 975 F.2d 81, 97 (3d Cir. 1992) ("fundamental concepts of due process require that the party defending the privilege be given the opportunity to be heard, by evidence and argument, at the hearing seeking exception to the privilege"). Third, the current action is not consolidated with the prior patent action, even though Plaintiff insists on improperly combining the caption of that prior case with pleadings in this action.

**FACTUAL BACKGROUND**

This action was commenced on or about May 16, 2002 against Goade, REG and The Ronnie E. Goade, Sr. Revocable Trust. The Complaint also brought claims against unnamed "John and Jane Does 1 – 6" and "Liquidating Trustee 1- 6." SSI, one of the defendants in the prior patent infringement action, is not a named as a defendant in this action.

On October 31, 2002, five and one-half months after the Complaint was filed, the plaintiff issued its First Set of Requests for Production of Documents. On January 27, 2003, the defendants served Objections and Responses to Plaintiff's First Set of Requests for Production of Documents. The plaintiff did not engage in any other discovery until filing the instant Motion to Compel.

The Motion to Compel is dated August 13, 2003. That same day, the plaintiff served its First Set of Request for Admissions, which do not address the representation at issue in this case. Throughout the entire course of this litigation, the plaintiff has not served one interrogatory nor has it noticed one deposition. The plaintiff has made virtually no attempt to explore what Goade knew or did not know about the DocuSytems/SSI transaction on May 26, 1998. Nor has the plaintiff issued or engaged in any discovery designed to explore the alleged conspiracy it claims Goade engaged in with the other defendants[3].

---

[3] This far-fetched conspiracy theory involves allegations that Goade, acting on behalf of SSI, sold the stock of SSI to DocuSystems knowing that a Judgment would likely enter against SSI in the patent infringement litigation, knowing that the assets of SSI would then be encumbered by a security interest held by Heller Financial, knowing that Heller Financial would later foreclose upon this security interest, knowing that Heller Financial would then agree to sell SSI to Goade, and knowing that DocuSyStems, Goade's employer at the time, would terminate him thereby allowing Goade an opportunity to exit his employment contract with DocuSystems and repurchase SSI. This entire scheme, according to the plaintiff, was designed to avoid the judgment rendered in the patent infringement action two years after SSI sold all of its stock to DocuSystems.

As is evident from the Complaint, one of the issues in this case is a representation communicated on behalf of SSI on May 26, 1998 concerning Goade's understanding of the transactional documents in the sale of SSI to DocuSystems with respect to whether SSI's assets would be encumbered. This alleged misrepresentation occurred while the patent infringement litigation, the action the plaintiff commenced against SSI in 1997, was still pending in the Eastern District of Pennsylvania. Id., ¶ 1. The alleged misrepresentation was communicated via a letter forwarded from counsel for SSI to counsel for the plaintiff on May 26, 1998 ("The May 26th Letter"), three days before SSI was scheduled to sell all of its stock to DocuSystems (the "DocuSystems/SSI transaction"). Id., ¶¶ 23-24, 27.

The May 26th Letter provided, in pertinent part, the following:

> This will acknowledge receipt of your letter of this date. We have checked with our client and have been authorized to inform you of the following:
> 1.    The prospective purchaser is DocuSystems, Inc.;
> 2.    The transaction involves a sale of stock and as far as is known to Ron Goade, Sr., there is nothing in the transactional documents which leads him to believe the SSI's assets will be encumbered or depleted by the sales transaction or that the sale will have a material adverse impact on SSI's balance sheet;
> 3.    Ron Goade, Sr. will be available to be produced for deposition on behalf of SSI throughout the discovery period; and
> 4.    So far as is known to Ron Goade, Sr., none of the employees identified in our recent interrogatory responses have indicated that they intend to leave SSI.

See May 26, 1998 Letter, attached to the Complaint as Exhibit D. Thus, the issue with respect to this Motion is the extent of Goade's knowledge of the financial impact the "sale" on the assets of SSI as of May 26, 1998. The issue is not, as the plaintiff mischaracterizes it in the Motion to Compel, whether or not the assets of SSI were to be encumbered as a result of the sale. Motion to Compel at 2. This issue is whether, as of

May 26, 1998, three days before the DocuSystems/SSI transaction was scheduled to close, Goade knew the assets of SSI would be encumbered as a result of the transaction.

The plaintiff's assumption that a fraud must have occurred because the assets of SSI were encumbered as a result of the DocuSystems/SSI transaction does not grant the plaintiff free reign to invade the attorney-client privilege between SSI and Attorney Titterington.  Before the privileged will be waived, the plaintiff must present evidence sufficient to establish that SSI sought to consult with Attorney Titterington for the purpose of perpetuating a fraud upon the plaintiff on May 26, 2003.  Without the benefit of any discovery addressed at this issue, the plaintiff now attempts to persuade the court that it should treat the *allegations* of the Complaint, which is all the Motion to Compel is based on, as true and permit the plaintiff to enter into discovery without concern for whether or not the questions *to be asked* during a deposition will infringe upon privileged communications.  Given the extraordinary and premature nature of the order sought, the defendants respectfully request that the Motion to Compel be denied.

## ARGUMENT

I.     THE MOTION TO COMPEL IS PREMATURE

Local Rule 26.1(b) provides that every discovery related motion "shall identify and set forth, verbatim, the relevant parts of the interrogatory, request, answer, response, objection, notice, subpoena, or depositions" at issue.  Subsection (d) provides that the parties may be required to produce the original paper or transcript if a dispute arises as to the accuracy of the quotation set forth in the discovery motion in accordance with subsection (b).  Finally, subsection (f) requires a certification by counsel "that the parties,

after reasonable effect, are unable to resolve the dispute[4]."  The Motion to Compel fails to comply with Local Rule 26.1.

Explicit in Local Rule 26.1 is a requirement that the parties have reached an impasse on the discovery issue and therefore seek the court's intervention to resolve the discovery dispute.  The plaintiff's attempt to obtain an order from the court "in advance of depositions" on an objection that has yet to be raised flies in the face of Local Rule 26.1.  See Motion to Compel at 2.  The plaintiff cannot cite, in accordance with Local Rule 26.1(b), to the portion(s) of the transcript wherein the discovery issue appears because the transcript does not exist.  The depositions have yet to be noticed.  This issue is not yet ripe for adjudication.[5]  In fact, it may never be ripe for adjudication as the objection the plaintiff anticipates may never be raised.  Accordingly, the court should refuse to rule on an issue not yet ripe for adjudication.  See Local Rule 26.1.

## II.    THE CRIME-FRAUD EXCEPTION IS NOT APPLICABLE

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law."  Haines v. Liggett Group Inc., 975 F.2d 81, 84 (3d Cir. 1992) citing United States v. Zolin, 491 U.S. 554, 562 (1989).  It is "not only an interest long recognized by society but also one traditionally deemed worthy of maximum legal protection."  Haines v. Liggett Group Inc., 975 F.2d at 90.  Similarly, documents within the scope of the privilege are to be "zealously protected"  Id.  The

---

[4] Although the plaintiff states that "[p]ursuant to Local Rule 26.1(f), Vanguard's counsel certifies that after reasonable effort, he was unable to resolve this dispute," Motion to Compel at 2, fn 1, this statement is inaccurate.  See Correspondence dated August 22, 2003 from counsel for the defendants to counsel for the plaintiff, attached as Exhibit A (wherein counsel for the defendant reminded counsel for the plaintiff of the need to "meet and confer" prior to the filing of the Motion to Compel).

[5] Although Plaintiff's Motion states that Defendant Goade "would like to use the privilege…by blocking any discovery concerning the May 26 letter," Plaintiff's Motion fails to identify what discovery has been "blocked" by Defendants.

privilege belongs to the client and only the client may waive the privilege[6].  Id.

The crime-fraud exception, if satisfied, will result in a waiver of the privileged communications at issue.  The crime-fraud exception has been described by the Third Circuit in the following manner:

> The attorney-client privilege is designed to encourage clients to make full disclosure of the facts to counsel so that he may properly, competently, and ethically carry out his representation.  The ultimate aim is to promote the proper administration of justice.  That end, however, would be frustrated if the client used the lawyer's services to further a continuing or future crime or tort.  Thus, when the lawyer is consulted, not with respect to past wrongdoing but to future illegal activities, the privilege is no longer defensible and the crime-fraud exception comes into play.

In re: Grand Jury Proceeding Impounded, 241 F.3d 308, 316-17 (3d Cir. 2001) quoting In re Grand Jury Proceedings, 604 F2d 798, 802 (3d Cir. 1979); see also Frieman v. UsAir Group, Inc., 1994 WL 675221 at *8 (E.D.Pa. 1994) ("to subject the attorney-client communications to disclosure, they must actually have been made with an intent to further an unlawful act").  The "purpose of the crime-fraud exception is to assure that the 'seal of secrecy' between lawyer and client does not extend to communications from the lawyer to the client made by the lawyer for the purpose of giving advice for the commission of a fraud or crime."  Haines v. Liggett Group Inc., 975 F.2d at 90.

Before privileged communications may be revealed pursuant to the crime-fraud exception, "a three-step judicial process" must first be satisfied.  Prudential Insurance Company of America v. Massaro, 47 Fed. Appx. 618 (3d Cir. 2002).  The three step judicial process consists of:

---

[6] The privilege at issue here belongs to SSI, the only named defendant in "the patent infringement action" on May 26, 1998.  SSI is not a named defendant is this action.  The defendants in this action are without power to waive the privilege of SSI.  The privilege may only be voluntarily waived by the board of directors of SSI.

> (1) presentation of the factual basis for a good faith belief that the exception would apply; (2) in camera evaluation of the material by the court, and (3) affording the party opposed to disclosure 'an absolute right to be heard by testimony and argument'

Prudential Insurance Company of America v. Massaro, 47 Fed. Appx. at 618 quoting Haines v. Liggett Group Inc., 975 F.2d at 96-97; see also Kaiser v. Stewart, 1996 U.S. Dist. LEXIS 18644 at *5-6 (E.D.Pa. 1996)[7].

The "party seeking to compel testimony under the crime-fraud exception bears the initial burden of proving a prima facie case of a crime or fraud before the attorney-client privilege is waived." In re: Grand Jury Proceeding Impounded, 241 F.3d at 317; see also Haines v. Liggett Group Inc., 975 F.2d at 95; Thompson v. Glenmede Trust Company, 1996 U.S. Dist. LEXIS 13083 *15-16 (E.D.Pa. 1996); Brennan v. Brennan, 281 Pa.Super. 362, 372 (1980). The requirement of a prima facie case requires that the party seeking disclosure present evidence sufficient to demonstrate that the charge of fraud "has some foundation in fact." In re: Grand Jury Proceeding Impounded, 241 F.3d at 317; Haines v. Liggett Group Inc., 975 F.2d at 95 (there must be "something to give colour to the charge") quoting Clark v. United States, 289 U.S. 1, 14-15 (1933). "All doubts should be resolve[d] in favor of non-disclosure." Brennan v. Brennan, 281 Pa.Super. at 372 ("the court should resolve all doubts in favor of non-disclosure, so that a client should not be chagrined to learn that confidences that he conveyed to his attorney have been revealed to his detriment and without his consent").

The Motion to Compel fails to present a prima facie case of fraud involving the

---

[7] While the defendants dispute the applicablility of the crime-fraud exception, if the court was to determine that this issue was ripe for adjucidicatoin and that the plaintiff satisified its burden of demonstrating a prima facie case of fraud involving the advise of counsel, the defendants hereby invoke their right to a hearing to present testimony in opposition to the Motion to Compel.

advise of counsel sufficient to compel the production of documents or testimony under the crime-fraud exception. The documents relied upon by the plaintiff do not support a finding that SSI, through Goade, sought advice from Attorney Titterington, the author of The May 26th Letter, concerning the commission of a fraud against the plaintiff. In fact, the plaintiff does not even allege this to be the case. To the contrary, the plaintiff alleges only that Goade "used the lawyer as a mouthpiece for fraud." Motion to Compel at 5. Thus, appropriate discovery in this case should be directed to what Goade knew about the transactional documents on May 26, 1998. What Goade may or may not have discussed with the attorney for SSI is not relevant. The plaintiff has made no attempt to inquire into what Goade knew about the transactional documents on May 26, 1998, whether through interrogatory or deposition.

The documents attached to the Motion to Compel also do not establish that, as of May 26, 1998, the representation, qualified by the statement "as far as is known to Ron Goade, Sr.," was inaccurate. To demonstrate this point, each of the plaintiff's exhibits will now be addressed to demonstrate that the plaintiff has failed to satisfy its burden of presenting a prima facie case sufficient to invoke the crime-fraud exception to the attorney-client privilege.

*Exhibit A*

Exhibit A is a copy of a letter dated May 20, 1998 from counsel for Vanguard to Counsel for SSI. In the letter, counsel for the plaintiff states that it deems "material" the representation from SSI that the transaction with DocuSystems is to be a "stock sale" wherein SSI will continue to operate the existing business, "as opposed to an asset sale or a merger of some sort." SSI's attorney had previously represented that the transaction

would be a stock sale, a representation that was accurate, as Plaintiff admits[8]. This May 20 letter does not address whether or not the assets of SSI would be encumbered as a result of the sale. Rather the May 20 letter, on its face, inquired whether it would be necessary for Plaintiff to "add or substitute as a party defendant" some other entity in the event the sale was to be presented as an asset purchase.[9] This letter provides no support for the plaintiff's attempt to establish a prima facie case of fraud to vitiate the attorney client privilege.

*Exhibit B and C*

Exhibit B and C are copies of the letters exchanged between counsel for the plaintiff and counsel for SSI on May 26, 1998. The representation from counsel for SSI was that, as of May 26, 1998, the transaction was, "as far as is known to Ron Goade, Sr.," to involve a "sale of stock" and that "there is nothing in the transactional documents" which would lead Goade "to believe that SSI's assets" would be "encumbered or depleted by the sales transaction." The plaintiff has offered nothing to demonstrate that, as of May 26, 1998, this statement was inaccurate. Nor has the plaintiff attempted to investigate the accuracy of this statement. The plaintiff has not noticed the deposition of Goade nor has the plaintiff issued interrogatory requests addressing this statement. Rather, the plaintiff bases its Motion to Compel on the assumption that this statement must be inaccurate given that the assets of SSI turned out to be encumbered as a result of the sale of SSI to

---

[8] This is also the only letter wherein counsel for the plaintiff affirmatively states that it deems the representation provided by SSI to be "material" and expects counsel for SSI to notify counsel for the plaintiff if the basis for the representation changes.

[9] Even though the SSI/Docusystems transaction was a stock sale, plaintiff nevertheless did amend its pleadings in the patent infringement action to add DocuSystems as an additional defendant following the DocuSystems/SSI transaction. However, plaintiff never moved for a pre-judgment remedy in the patent infringement action notwithstanding the fact that the action continued for another two years after the 1998 sale of SSI. The stipulated judgment was not entered into until July 10, 2000. Complaint, ¶ 3. The

DocuSystems on May 29, 1998. Speculation and conjecture are insufficient to invoke the crime-fraud exception. <u>In re: Grand Jury Proceeding Impounded</u>, 241 F.3d at 317; <u>Haines v. Liggett Group Inc.</u>, 975 F.2d at 95; <u>Thompson v. Glenmede Trust Company</u>, 1996 U.S. Dist. LEXIS 13083 *17. There must be at least some colorable evidence of a fraud that benefited from the advice of counsel before the attorney-client privilege will be deemed waived. These letters do not amount to such evidence.

*Exhibit D and Exhibit G.*

Exhibit D is a copy of a document entitled "Junior Subordinated Promissory Note of DocuSystems Holding Company" dated May 29, 1998.[10] Exhibit G is a collection of correspondence addressed or copied to Goade. The letters, according to the plaintiff, evidence that Goade "received correspondence, both directly and as a copied recipient, discussing the Subordinated Note prior to May 26." Motion to Compel at 6.

Exhibit D demonstrates only that the Junior Subordinated Note is dated May 29, 1998. It is not signed by Goade nor does it evidence on its face that the Note was reviewed by Goade on or before May 26, 1998. Exhibit D is only evidence of the fact that part of the DocuSystems/SSI transaction was financed with a Junior Subordinated Note dated May 29, 2003. This, however, does not demonstrate that Goade's representation made three days earlier was false at the time it was made.

Exhibit G demonstrates only that it was contemplated that the DocuSystems/SSI transaction would be financed, in part, with a Junior Subordinated Note. However, the fact that the transaction was to include a subordinated note does not prove that Goade knew, on May 26, 1998, that the assets of SSI were to be encumbered as a result of the

---

DocuSystems/SSI transaction closed on May 29, 1998. <u>Id.</u>, ¶ 28.
[10] The computer date/time stamp at the bottom of page 5 of Exhibit D indicates that the note was printed at

transaction on May 29, 1998. For instance, no evidence is presented that Goade was aware, prior to May 26th, of the extent of the subordination. The correspondence regarding the note does not demonstrate that Goade, on May 26, 1998, was aware of the party to whom the note was subordinate, the value of the senior note(s), the assets the senior note may or may not have taken a security interest in, and how this may or may not affect the assets of SSI. The mere reference to a subordinated note proves only that the note would be subordinate to a senior obligation of the issuer. It does not prove, in and of itself, whether Goade knew on May 26, 1998 that the assets of SSI would be necessarily encumbered as a result of the transaction to be consummated between SSI and DocuSystems. Therefore, none of the documents in Exhibit G prove that the representation in the May 26th Letter was inaccurate at the time it was drafted.

*Exhibit E*

Exhibit E is a copy of an offer letter from DocuSystems dated February 10, 1998 addressed to Ron Goade, Sr. at SSI. This document, on its face, does not describe the DocuSystems/SSI transaction that closed on May 29, 1998. For instance, this offer letter describes the deal as an asset sale, as opposed to the stock sale that occurred on May 29, 1998. See February 10, 1998 Letter at 1 ("[a] newly formed subsidiary of DSI or DocuSystems, Inc. (in either case, "Newco") will purchase substantially all of the assets of SSI for the purchase price"). Therefore, because this offer letter describes a deal different from deal eventually agreed to, it is not evidence of Goade's understanding, as of May 26, 1998, of the deal scheduled to close on May 29, 1998.

In any event, to the extent the February 10 letter discusses a note to be subordinated to "all of the third party senior and subordinated indebtedness of DSI," this

---

10:15 a.m. on May 29, 1998.

letter does not demonstrate that Goade, on May 26, 1998, was aware of the party to whom the note was subordinate, the value of the senior note(s), the assets the senior note may or may not have taken a security interest in, and how this may or may not affect the assets of SSI. It does not prove that Goade knew, as of May 26, 1998, that the assets of SSI would be encumbered as a result of the Docu/SystemsSSI transaction.

*Exhibit F*

Exhibit F embodies three pieces of correspondence concerning the Stock Purchase and Merger Agreement regarding the DocuSystems/SSI transaction. A copy of the Stock Purchase and Merger Agreement referenced in each of the correspondence is not provided to the court. It is uncertain what the plaintiff intends to prove with these documents. The two letters copied to Goade do not state that a copy of the Stock Purchase and Merger Agreement is provided to each person copied on the letter or, if the Stock Purchase and Merger Agreement was enclosed, that Goade chose to review it. The fax coversheet evidences only that "revised schedules" to the Stock Purchase and Merger Agreement were forwarded to Goade, not that he reviewed the "revised schedules." These documents do not evidence that Goade, as of May 26, 1998, was aware that the DocuSystems/SSI transaction would end up encumbering the assets of SSI. Nor do these documents evidence, as argued by the plaintiff, that "Goade saw drafts of the Foreclosure Agreement, which both discussed the Subordinated Note and had it attached as a schedule, prior to May 26." Motion to Compel at 6.

The plaintiff's argument in support of the applicability of the crime-fraud exception is based entirely on skewed interpretations of documents as well as conjecture and speculation. Plaintiff's Motion comes before plaintiff has even attempted to acquire

evidence of this alleged fraud either through depositions or the use of interrogatories. The sanctity of the attorney-client privilege requires that it not lightly be disturbed. To this end, the crime-fraud exception requires that the plaintiff present prima facie evidence of the crime or fraud before the privilege will be waived. The plaintiff has failed to satisfy its burden. The Motion to Compel should be denied.

### III.     THE PRIVILEGE LOG COMPLIES WITH THE LOCAL RULES

The Motion to Compel also seeks the production of documents and "a more descriptive privilege log." Contrary to the Motion, the Privilege Log adequately describes the privileged documents that were withheld from disclosure. Any further description would disclose attorney-client privileged information about the substance of the documents at issue.

The adequacy of the Privilege Log is borne out by the fact that Plaintiff has identified the only two documents that may be subject to disclosure if Plaintiff's Motion is granted pursuant to the "crime-fraud exception," Privilege Log numbers 42 and 43. Motion to Compel at 9. These are the only two documents that could arguably concern the consultation between Titterington and Goade regarding the representation made in the May 26 letter.

While the defendants dispute the applicability of the "crime-fraud exception," the defendants are willing to submit these two documents for an in-camera review if so ordered by the court. These documents will reveal the baseless nature of the plaintiff's request that the court should vitiate the attorney-client privilege based on the crime-fraud exception.

**CONCLUSION**

For the foregoing reasons, defendants REG Oklahoma Acquisition, LLC ("REG"), Ronnie E. Goade, Sr., and the Ronnie E. Goade, Sr. Revocable Trust respectfully request that the Motion to Compel be denied and the defendants objection sustained.

>DEFENDANTS
>REG OKLAHOMA ACQUISITION, LLC,
>RONNIE E. GOADE, SR., AND THE
>RONNIE E. GOADE, SR. REVOCABLE
>TRUST
>
>_____
>Marc L. Zaken, Esq. (CT 03110)
>mzaken@edwardsangell.com
>John G. Stretton ,Esq. (CT 19902)
>jstretton@edwardsangell.com
>EDWARDS & ANGELL, LLP
>Three Stamford Plaza
>301 Tresser Boulevard
>Stamford, CT 06901
>Tel.: (203) 353-6819
>Fax: (888) 325-1667
>
>Of Counsel:
>A. Richard Feldman, Esq.
>BAZELON, LESS & FELDMAN, P.C.
>1515 Market Street, Suite 700
>Philadelphia, PA 19102
>Tel.: (215) 568-1155
>Fax. (215) 568.9319

Dated: October ___, 2003

- 18 -

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Objection to Plaintiff's Motion to Compel has been mailed, first class, postage prepaid to:

>George Bochetto, Esquire
>David J. Perlman, Esquire
>1524 Locust Street
>Philadelphia, PA 19102

this 3rd day of October, 2003.

_____
Marc L. Zaken