IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.,** | |
| Plaintiff, | CIVIL ACTION |
| | NO. 02-2943 |
| v. | |
| **RONNIE E. GOADE, Sr., et al.** | |
| Defendants. | |
| **VANGUARD IDENTIFICATION SYSTEMS, INC.,** | |
| Plaintiff, | CIVIL ACTION |
| | NO. 97-6790 (JPF) |
| v. | |
| **STIK/STRIP LAMINATING COMPANY, INC. (d/b/a SSI PHOTO I.D.) and DOCUSYSTEMS, INC.,** | |
| Defendants. | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY CLAIMED TO BE PRIVILEGED BUT SUBJECT TO THE CRIME-FRAUD EXCEPTION AND TO COMPEL A MORE DESCRIPTIVE PRIVILEGE LOG**

**I. INTRODUCTION**

Defendants cannot use an attorney and the attendant privileges to implement and then conceal and perpetuate their fraud. It is indisputable (despite Defendants' strained efforts at denial) that Ron. E. Goade Sr. ("Goade") used an attorney in the underlying Patent Action to misrepresent that the assets of Stik/Strip Laminating, Co. ("SSI") would not be encumbered when Goade sold SSI to Docusystems, Inc. ("DSI"). At the very least, Vanguard has made out a

prima facie case of fraud. Further, Defendants will now use the privilege as a shield to conceal and perpetuate the fraud.

Because of the way Goade relied on attorneys, Vanguard must explore, and is entitled to explore in upcoming depositions the communications between Goade and his attorneys concerning the fraudulent misrepresentation, including Goade's knowledge that the assets would, in fact, be encumbered, irrespective of privileges.[1] Vanguard needs to explore this limited subject in depositions taken of 1) any of the defendants, including Goade; 2) of the attorney/author of the letter in question, Joseph P. Titterington, Esquire; 3) and of Goade's own attorneys at McAffee & Taft, with whom he communicated about the encumbrance before the misrepresentation.[2] Vanguard is also entitled to documents, if any exist, concerning this subject that may have been withheld on the ground of privilege.

Defendants' opposition itself verifies the timeliness of Vanguard's motion. The issue is clearly ripe given Defendants' reliance on all manner of rationalizations and evidentiary distortions in order to block discovery in this limited area. Defendants do not, and surely cannot, claim that there is no disputed issue. But, rather than resolve the issue now, they prefer the inconvenience and inefficiency of waiting until depositions are commenced in various parts of the country, so that the parties can bother the Court with numerous mid-deposition phone calls (without the benefit of any briefing) and/or they can repeatedly travel around the country to

---

[1] Vanguard's proposed Order is limited to discovery on the exchange of letters in question and their subject matter – the misrepresentation and Goade's knowledge (which goes to intent) of the true facts.

[2] Documents evidencing such communications are attached as Exhibits "F" and "G" to Vanguard's Motion.

reconvene depositions. The concealment and evasion, so evident in Defendants' opposition, should be halted now, not later.

Finally, Vanguard is entitled to a more complete description with respect to **select** items on Defendants' privilege log not because Vanguard is **certain** that so many documents are being improperly withheld on the ground of privilege but so that it will have adequate information, as required by Fed. R. Civ. P. 26(b)(5), "that will enable ... [it] to assess the applicability of the privilege...."

## II.  ARGUMENT

A.   **The Facts Justify Penetration Of Privileges In This Limited Area Of Discovery.**

Without repeating Vanguard's opening brief, one must begin with the irrefutable fact of the statement that is the basis of the fraud claim.  In response to an explicit, also irrefutable, request from Vanguard's attorney for confirmation that the assets of DSI would not be encumbered (a context Defendants ignore) SSI's attorney wrote:[3]

> We have checked with our client and have been authorized to inform you of the following:
>
> \* \* \*
>
> The transaction involves a sale of stock and as far as is known to Ron Goade, Sr., there is nothing in the transactional documents which leads him to believe that SSI's assets will be encumbered or depleted by the sales transaction or that the sale will have a material adverse impact on SSI's balance sheet.

---

[3]   By letter of the same date, Vanguard attorney Gary A. Rosen ("Rosen") said that the SSI could obviate the need for his filing an injunction setting aside proceeds from the sale of SSI if SSI, among other things, provided "confirmation that SSI's assets will not be encumbered or depleted by this transaction...." May 26, 1998 Letter from Rosen to Titterington, attached as Exhibit "B" to Vanguard's Motion.

See May 26, 1998 letter from Joseph P. Titterington, Esquire to Gary A. Rosen, Esquire attached as Exhibit "C" to Vanguard's Motion.  Apparently, there were communications between Goade, acting both for himself and SSI, and Titterington concerning what should be represented to Vanguard about the assets' encumbrance, the transactional documents, Goade's knowledge of the encumbrance and the transactional documents, and the extent to which Titterington was "authorized" or "not authorized" to make certain disclosures.  All of such communications go to Goade's knowledge, state of mind, and intent.  Even if there were no such communications, the lack of such communications are a proper field for discovery since that, too, would go to Goade's knowledge, state of mind, and intent.  The defendants herein cannot, after using an attorney to implement fraud, hide behind privileges to perpetuate the fraud.  They cannot, for example, bar disclosure of what Goade authorized Titterington to say or what Goade knew about the encumberance of the assets as revealed in conversations he had with Titterington or with the attorneys who prepared the transactional documents.

     Although the certainty of this misrepresentation, memorialized in correspondence, is adequate to make out prima facie case for fraud, Vanguard has much more, already obtained in discovery.  There is no need for yet more discovery, as Defendants suggest, to prove Goade's knowledge before filing the instant Motion.  Rather, the instant Motion should be granted so that Vanguard can prove Goad's knowledge for purposes of trial.  Vanguard has offered numerous documents demonstrating that Goade must have known by May 26, 1998 that the assets would, indeed, be encumbered.  Exhibits "D," "F," and "G" to Vanguard's Motion. Indeed, the transactional documents themselves, which Goade had drafts of, indicate that the assets were

going to be encumbered. *Id*. Goade knew, at least from the time he signed a February 10, 1998 commitment letter, that the consideration he would receive would include a junior subordinated note. Exhibit "E" to Vanguard's Motion. He knew from the Note, which he received drafts of before May 26, that it was subordinated to the senior obligation of lender Heller Financial, Inc. Exhibits "D," "F," and "G" to Vanguard's Motion. He also knew this from the Merger Agreement, which he received drafts of before May 26. *Id*. A sophisticated businessman, he knew the lender's interest was senior because it was secured.

Defendants' parsing of Titterington's letter in an effort to cast doubt on the extent of Goade's knowledge only serves to justify the discovery Vanguard seeks. Defendants claim that Goade was only making a representation about his own knowledge of the transactional documents, as if there is a distinction between a statement about his own knowledge and a statement that the assets would not be encumbered. Def's Memo at 2. In this regard, it is disingenuous of Defendants to remove Titterington's letter from the context of Rosen's initial query whether the assets would be encumbered. It is precisely because Defendants wish to hide in such amorphous shadows, claiming that only Goade's knowledge (not fraud) is at issue, that Vanguard must be able to ask the attorneys about Goade's knowledge and ask Goade about his communications with his attorneys.

Contrary to Defendants, under the crime-fraud exception, a party is entitled to penetrate the privilege to prove his case, not required to prove his case in order to penetrate the privilege. Thus, Defendants' efforts to rebut the powerful documentary evidence establishing that Goade knew the assets would be encumbered (Defs' Memo 11-16) is inapposite. They ignore the central theme of the documents: that Goade knew before May 26, 1998 that his note arising from

the transaction would be subordinate to a group of lenders, and, therefore, being a sophisticated businessman, he knew that these lenders had a superior position by virtue of the lender' security interest in the assets. Vanguard is entitled to penetrate the privilege to prove that point even if Goade elects to testify otherwise.

B.   **The Law Justifies Penetration Of The Privilege In This Limited Area.**

Defendants adopt an oddly cramped view of the privilege and ignore the fundamental principle that an attorney cannot be used implement a fraud and the privilege used to continue the fraud or frustrate the administration of justice. *Brennan v. Brennan*, 281 Pa. Super. 362, 376, 422 A. 2d 510, 517 (1980) (Privilege does not apply if its exercise "either operates to permit or continue a crime or fraud or is clearly shown to be frustrating the administration of justice."); *Inigo v. Giordano*, 925 F. 2d 641, 656 (3rd Cir. 1991) ("... when the legal consultation is in furtherance of a crime or fraud, the statements exchanged will not be protected."); *In Re Grand Jury Proceedings: Appeal of FMC Corp.*, 604 F. 2d. 798, 802 (3d. Cir. 1979) (The ends of justice would be frustrated if a client used the lawyer's services to further a continuing or future crime or tort.); *Frieman v. USAIR Group, Inc.*, 1994 WL 675221 (E.D. Pa. 1994) at *8 (Exception applies "if communications with counsel were intended in some way to facilitate or conceal the criminal activity."); *Lipson v. Snyder*, 1989 WL 79779 (E.D. Pa. 1989) at *2 ("... communications which facilitate a present or future, crime fraud, or tort [footnote omitted] are not privileged [footnote omitted]." The exception "contemplates a present or continuing crime or fraud of the client, and prevents use of the attorney-client relationship to further those ends."); *FMC Corporation v. R.W. Christy, Inc.*, 1988 WL 76097 (E.D. Pa. 1988) at * 3 ("The attorney-client privilege does not protect communications that further a crime or fraud."); *Orix USA*

*Corp. v. DVI, Inc.*, 37 Pa. D&C 4th 491, 498 (1997) ("Under Pennsylvania law, the attorney-client privilege has never protected communications between counsel and the client that were made for the purpose or in the course of the commission of [a] proposed crime or fraud or that will aid and abet the client in criminal activities.")

Because Goade used his lawyers to commit a fraud and uses the privilege to conceal and continue it, there is sufficient grounds for penetrating the privilege. It is not necessary for Goade to have consulted the lawyer to figure out, or receive advice on how to commit the fraud (although he may have done so). Titterington was the instrument of Defendant's fraud.

While the exception has surely been applied where the particulars are different than they are here – to obtain documents rather than deposition testimony, for instance, or where a defendant consulted an attorney in order to figure out how to commit a crime or fraud – Defendants have not offered, and cannot offer a principled reason why Goade, in this instance, is permitted to hide behind the privilege.

**C.    Vanguard's Motion Is Timely And Properly Brought.**

Defendants' procedural objections to Vanguard's Motion are of no moment. First, the Motion is timely. Where there is an issue between the parties, the Court may address it in advance of a deposition and compel testimony to be taken. *McKesson Corp. V. Islamic Republic of Iran*, 185 F.R.D. 70, 81 (D. D.C. 1999); *Six West Retail Acquisition v. Sony Theatre Management Corp.*, 203 F.R.D. 98 (S. D. N.Y. 2001). Courts make similar rulings in advance of a deposition whenever they grant or deny a motion for a protective order pursuant to Fed. R. Civ. P. 26(c). Indeed, Rule 26(c) provides that if the motion for a protective order is denied, "the court may ... order that any party or other person provide or permit discovery." Indeed, the

issue presented by Vanguard's Motion might just as well have been presented on Defendants' Motion for a Protective Order. Given the specificity of the documents communicating the fraudulent statement and setting its context, the issues are defined sharply enough for a pre-deposition ruling.

There is no reason to proceed in the inefficient manner of taking, or attempting to take, depositions first, particularly since the deponents, parties, and attorneys are spread across the country. There is no reason to proceed in the inefficient manner of presenting individual questions and objections to the Court, either during the deposition or thereafter with the prospect of taking follow-up depositions around the country. Defendants should not be allowed to evade the consequences of the judgment the Court already entered by complicating the discovery process.

There is no question that Vanguard has brought the instant Motion against the right parties. To the extent Defendants argue – as they seem to – that the privilege does not belong to them but to SSI, they lack standing to oppose Vanguard's Motion.[4] Nevertheless, they are opposing the Motion, indicating that they will indeed attempt to bar deposition testimony based on the privilege. Secondly, contrary to Defendants' self-interested and incorrect assumption, SSI has been given the chance to respond; the instant motion was both filed under the additional caption of the underlying action and served on SSI's attorneys. SSI opted not to respond. Practically, SSI has no true interest in responding, as Defendants well know, since Defendant REG is its successor in interest, having inherited all of its assets, customers, and employees,

---

[4] Certainly, however, the instant defendants agree that Goade controls the privilege with respect to McAffee & Taft since McAffee & Taft were his lawyers during the transaction in question.

rendering SSI defunct.

Defendants' invocation of Local Rule 26.1(b) reflects their desperation. The rule requires that, where discovery requests are relevant to a motion to compel, the motion recite the requests, but it does not bar discovery motions that do not quote requests where a specific interrogatory or request happens not pertinent. The Rule states:

> Every motion pursuant to the Federal Rules of Civil Procedure governing discovery shall identify and set forth, verbatim, the **relevant** parts of the interrogatory, request, answer, response, objection, notice, subpoena, or depositions. [Emphasis supplied.]

Clearly, a motion for a protective order covering a deposition governs discovery but does not entail an interrogatory or document request, and such a motion is permissable. While Vanguard might have noticed depositions and then filed the "notice" mentioned in the local rule along with the instant Motion, the notices would not have provided any additional, pertinent information to the Court. None of the items listed in Local Rule 26.1(b) are relevant and exist, and therefore Vanguard did not violate the rule.

**D.    Vanguard Is Entitled to a More Specific Privilege Log.**

Defendants' first privilege log was a sham, failing to itemize the documents it purported to cover, and its second one is inadequate since it fails to provide information that "will enable other parties to assess the applicability of the privilege or protection," pursuant to Fed. R. Civ. P. 26(b)(6). While some itemizations include a description of the subject matter of the document, others provide no such description. They simply say that the document is handwritten notes or a memo or another form of document "regarding the representation of Mr. Goade and Stik/Strip." This description begs the question of privilege, providing no information that would allow

Vanguard to assess its applicability. Vanguard, therefore, seeks an adequate description of privilege log items 9, 10, 11, 12, 13, 14, 18, 19, 20, 21, 34, 35, 36, 37, 38, 39, 40, 41.

### III. CONCLUSION

For the foregoing reasons, Vanguard's Motion should be granted.

                                           Respectfully submitted,

                                           **BOCHETTO & LENTZ, P.C.**

                                           By:_____
                                              George Bochetto, Esquire
                                              David J. Perlman, Esquire
                                              1524 Locust Street
                                              Philadelphia, PA 19102
                                              Ph: (215) 735-3900
                                              Fx: (215) 735-2455

Date: October 16, 2003                        Attorneys for Plaintiff,
                                              Vanguard Identifications
                                              Systems, Inc.