IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VANGUARD IDENTIFICATION SYSTEMS, :
:
:
                Plaintiff, :
:
v.                                       :     CIVIL ACTION NO. 02-CV-2943
:
RONNIE E. GOADE, SR., :
Individually and as Trustee for the :
Ronnie E. Goade, Sr. Revocable Trust, :
:
and :
:
RONNIE E. GOADE, SR. :
REVOCABLE TRUST, :
:
and :
:
REG OKLAHOMA ACQUISITION, LLC, :
:
and :
:
RENISE GOADE LEE, :
:
and :
:
RON E. GOADE, JR., :
:
and :
:
SEAN GOADE :
:
and :
:
SUSAN M. GOADE :
:
and :
:
LIQUIDATING TRUSTEES 1 - 6, :
:
                Defendants.     :     OCTOBER 31, 2003

**<u>ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANTS TO AMENDED COMPLAINT</u>**

Pursuant to Rule 8 and 12 of the Federal Rules of Civil Procedure, defendants REG Oklahoma Acquisition, LLC ("REG"), Ronnie E. Goade, Sr., the Ronnie E. Goade, Sr. Revocable Trust, Ronise Goade Lee, Ron E. Goade, Jr., Sean Goade, and Susan M. Goade (collectively "Defendants"), by and through undersigned counsel, Edwards & Angell LLP, submits an Answer and Affirmative Defenses to the First Amended Complaint (the "Complaint") as follows:

## ANSWER

1. Defendants deny the allegations of paragraph 1 of the Complaint.

2. Defendants deny the allegations of paragraph 2 of the Complaint.

3. Defendants deny the allegations of paragraph 3 of the Complaint.

4. Defendants deny the allegations of paragraph 4 of the Complaint.

5. Defendants deny the allegations of paragraph 5 of the Complaint.

6. Defendants deny the allegations of paragraph 6 of the Complaint.

7. Defendants deny the allegations of paragraph 7 of the Complaint.

8. Defendants admit the allegations of paragraph 8 upon information and belief.

9. Defendants deny the allegations of paragraph 9 of the Complaint, except admit that, at the time this action was commenced, Defendant Goade resided in Edmond, Oklahoma.

10. Defendants admit the allegations of paragraph 10 of the Complaint.

11. Defendants admit the allegations of paragraph 11 of the Complaint.

12. Defendants admit the allegations of paragraph 12 of the Complaint.

13. Defendants admit the allegations of paragraph 13 of the Complaint.

14. Defendants admit the allegations of paragraph 14 of the Complaint.

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint. Except admit that the Court has subject matter jusidiciton over the claims advanced by the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint, except admit that Vanguard filed the Patent Action against Stik/Strip Laminating Company, Inc on or about November 4, 1997.

21. Defendants deny the allegations of paragraph 21 of the Complaint, except admit that at the time the Patent Action was commenced, Stik/Strip Laminating Company, Inc was owned by the defendant Goade Trust and the defendant Ronnie E. Goade, Sr. was a Director and Officer of the company.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint, except admit that Exhibit "A" is an Order dated May 14, 1998. Defendant respectfully refer the court to Exhibit "A" for its terms.

24. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint, except admit that Exhibit "B" is an Letter dated May 20, 1998 from Gary A. Rosen to Joseph P.

Titterington.  Defendant respectfully refer the court to Exhibit "B" for its terms.

26. Defendants deny the allegations of paragraph 26 of the Complaint, except admit that Exhibit "C" is an Letter dated May 26, 1998 from Gary A. Rosen to Joseph P. Titterington.  Defendant respectfully refer the court to Exhibit "C" for its terms.

27. Defendants deny the allegations of paragraph 27 of the Complaint, except admit that Exhibit "D" is an Letter dated May 26, 1998 from Joseph P. Titterington to Gary A. Rosen.  Defendant respectfully refer the court to Exhibit "D" for its terms.

28. Defendants deny the allegations of paragraph 28 of the Complaint, except respectfully refer the court to Exhibit "D" for its terms.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint, except admits that the sale of Stik/Strip Laminating Company, Inc. closed on or about May 29, 1998.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, except admit that, upon information and belief, DSI defaulted on a loan from Heller Financial in the fall of 1999

38. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

39. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

40. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 40 of the Complaint.

41. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint, except admit that Exhibit "E" is a Judgement filed on July 10, 2000 in the United States District Court for the Eastern District of Pennsylvania. Defendant respectfully refer the court to Exhibit "E" for its terms.

43. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint, except admit that the defendant REG agreed to purchase Stik/Strip Laminating Company, Inc. via a "Foreclosure Agreement" dated July 14, 2000.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

**COUNT ONE**

51.     Defendants adopt and incorporate the responses to paragraphs 1 through 50.

52.     Defendants deny the allegations of paragraph 52 of the Complaint.

53.     Defendants deny the allegations of paragraph 53 of the Complaint.

54.     Defendants deny the allegations of paragraph 54 of the Complaint.

55.     Defendants deny the allegations of paragraph 55 of the Complaint.

56.     Defendants deny the allegations of paragraph 56 of the Complaint.

57.     Defendants deny the allegations of paragraph 57 of the Complaint.

58.     Defendants deny the allegations of paragraph 58 of the Complaint.

**COUNT TWO**

59.     Defendants adopt and incorporate the responses to paragraphs 1 through 58.

60.     Defendants deny the allegations of paragraph 60 of the Complaint.

61.     Defendants deny the allegations of paragraph 61 of the Complaint.

62.     Defendants deny the allegations of paragraph 62 of the Complaint.

**COUNT THREE**

63.     Defendants adopt and incorporate the responses to paragraphs 1 through 62.

64.     Defendants deny the allegations of paragraph 64 of the Complaint.

65.   Defendants deny the allegations of paragraph 65 of the Complaint.

66.   Defendants deny the allegations of paragraph 66 of the Complaint.

**COUNT FOUR**

67.   Defendants adopt and incorporate the responses to paragraphs 1 through 66.

68.   Defendants deny the allegations of paragraph 68 of the Complaint.

69.   Defendants deny the allegations of paragraph 69 of the Complaint.

70.   Defendants deny the allegations of paragraph 70 of the Complaint.

**COUNT FIVE**

71.   Defendants adopt and incorporate the responses to paragraphs 1 through 71.

72.   Defendants deny the allegations of paragraph 72 of the Complaint.

73.   Defendants deny the allegations of paragraph 73 of the Complaint.

**COUNT SIX**

74.   Defendants adopt and incorporate the responses to paragraphs 1 through 73.

75.   Defendants deny the allegations of paragraph 75 of the Complaint.

76.   Defendants deny the allegations of paragraph 76 of the Complaint.

77.   Defendants deny the allegations of paragraph 77 of the Complaint.

## COUNT SEVEN

78. Defendants adopt and incorporate the responses to paragraphs 1 through 77.

79. Defendants deny the allegations of paragraph 79 of the Complaint.

80. Defendants deny the allegations of paragraph 80 of the Complaint.

81. Defendants deny the allegations of paragraph 81 of the Complaint.

82. Defendants deny the allegations of paragraph 82 of the Complaint.

## COUNT EIGHT

83. Defendants adopt and incorporate the responses to paragraphs 1 through 82.

84. Defendants deny the allegations of paragraph 84 of the Complaint.

85. Defendants deny the allegations of paragraph 85 of the Complaint.

86. Defendants deny the allegations of paragraph 86 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants are not subject to personal jurisdiction in Pennsylvania.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the doctrines of issue preclusion and claim

preclusion.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered the damages alleged in its Complaint because: (i) Plaintiff could not have enjoined distribution of proceeds of the transaction with DSI; (ii) DSI and SSI had approximately $42 million in debt owing Heller Financial and secured by the assets of SSI; (iii) the July 14, 2000 Foreclosure Agreement was an arms length transaction by which Heller Financial, DSI and SSI's senior secured lender, foreclosed upon and sold the asset of SSI to REG for fair market value of $2 million and in partial satisfaction of the debt:; (iv) after the foreclosure sale of SSI's assets by Heller Financial, approximately $40 million of Heller Financial's senior secured debt remained outstanding and that debt remains outstanding today; and (v) at the time of the foreclosure sale there were no unencumbered assets which Vanguard or any other unsecured creditor could have realized so that Vanguard's Judgment was worthless.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, laches, release and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

Any reliance by Plaintiff was unreasonable.

## SEVENTH AFFIRMATIVE DEFENSE

Any representations by Defendants were not material.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to interest, costs or attorneys fees.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any damages.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that the plaintiffs failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against defendants must be reduced accordingly.

**ELEVENTH AFFIRMATIVE DEFENSE**

Even if Plaintiff were ultimately entitled to any recovery from Defendants (which is specifically denied), Defendants' actions are insufficient to warrant the imposition of punitive damages and/or Plaintiffs claim for punitive damages violates or may violate the provision of the United States Constitution, the Oklahoma and Pennsylvania Constitutions, and applicable federal and state statutes and decisions.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims asserted are barred to the extent the claims were not interposed within the time allowed by the applicable statutes of limitation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants at all times acted in good faith.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The sale of stock in Stik/Strip Laminating Company in 1998, and the purchase of assets from Heller Financial in 2000 were for reasonably equivalent value.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's fraudulent transfer claims against REG Oklahoma Acquisitions, LLC are barred by REG Oklahoma Acquisitions, LLC's status as a subsequent transferee.

NYC_157921_2/MZAKEN

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's fraudulent transfer claims are barred by the defenses set forth in 12 Pa.C.S. §5108 or other applicable law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's fraudulent transfer claims are barred by the defenses set forth in Okla. Stat. Tit. 24, § 120 or other applicable law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's equitable claims are barred by the existence of an adequate remedy at law.

NYC_157921_2:MZAKEN

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to add additional defenses as discovery progresses in this lawsuit.

>	RESPECTFULLY SUBMITTED,
>
>	DEFENDANTS
>	REG OKLAHOMA ACQUISITION, LLC,
>	RONNIE E. GOADE, SR., THE RONNIE
>	E. GOADE SR. REVOCABLE TRUST,
>	RENISE GOADE LEE, RON E. GOADE,
>	JR., SEAN GOADE and SUSAN M.
>	GOADE
>
>	_____
>	Marc L. Zaken, Esq. (CT 03110)
>	mzaken@edwardsangell.com
>	John G. Stretton, Esq. (CT 19902)
>	jstretton@edwardsangell.com
>	EDWARDS & ANGELL, LLP
>	Three Stamford Plaza
>	301 Tresser Boulevard
>	Stamford, CT 06901
>	Tel.: (203) 353-6819
>	Fax: (888) 325-1667
>
>	Of Counsel:
>	A. Richard Feldman, Esq.
>	Bazelon, Less & Feldman
>	1515 Market Street
>	Suite 700
>	Philadelphia, PA 19102
>	Tel.: (215) 568-1155
>	Fax: (215) 568-9319

Dated: October 31, 2003

NYC_157921_2 MZAKEN

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Answer and Affirmative Defenses was mailed first class mail, postage prepaid to counsel for Plaintiff, addressed as follows:

David J. Perlman, Esq.
Bochetto & Lentz
1524 Locust Street
Philadelphia, PA 19102

this 31st day of October, 2003.

_____
Marc L. Zaken