IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 02-2943 |
| | : | NO. 97-6790 |
| RONNIE E. GOADE, SR., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this         day of December, 2003, upon consideration of Plaintiff's Motion to Compel the Production of Documents and Deposition Testimony, Defendants' Response thereto, and Plaintiff's related Reply, IT IS ORDERED that Plaintiff's Motion is GRANTED in part and DENIED in part in the following manner:

1. Ronnie E. Goade, Sr. and Joseph P. Titterington are compelled to testify at depositions, answer interrogatories, and otherwise respond to discovery requests without invoking the attorney-client privilege, work-product privilege, or self-critical analysis privilege in regards to communications between them concerning the following seven subjects as they relate to the alleged misrepresentation in the letter of May 26, 1998 from Joseph P. Titterington to Gary A. Rosen that "[t]he transaction involves a sale of stock and as far as is known to Ron Goade, Sr., there is nothing in the transactional documents which leads him to believe that SSI's assets will be encumbered or depleted by the sales transaction or that the sale will have a material adverse impact on SSI's balance sheet":

    i. A phone conversation occurring on or about May 19, 1998 between Joseph Titterington ("Titterington") and Gary Rosen ("Rosen") concerning Stik/Strip Laminating, Inc. ("SSI") postponing a document production and/or the sale of SSI to Docusystems;

    ii. The May 20, 1998 letter from Rosen to Titterington and/or the contents of that letter;

      iii.    The May 22, 1998 letter from Titterington to Rosen and/or the contents of that letter;

      iv.    The May 26, 1998 letter from Rosen to Titterington and/or the contents of that letter;

      v.    The May 26, 1998 letter from Titterington to Rosen and/or the contents of that letter;

      vi.    The representation that the assets of SSI would not be encumbered when SSI was sold to Docusystems, Inc.; and

      vii.    The Junior Subordinated Promissory Note and any and all drafts thereof.

2. If Defendants have withheld documents about communications between Ronnie E. Goade, Sr. and Joseph P. Titterington concerning the seven subjects listed above as they relate to the quoted representation from the letter of May 26, 1998 on the grounds that the attorney-client privilege, work-product privilege, or self-critical analysis privilege applied, then Defendants will turn those documents over to Plaintiff within ten (10) days.

3. Ronnie E. Goade, Sr. and the attorneys at McAfee & Taft, P.C. who represented him in the transaction to sell SSI are not compelled to testify about communications between them relating to the seven subjects listed above because Plaintiff did not carry its burden of establishing a prima facie case of fraud necessary for the crime-fraud exception to the attorney-client privilege to apply in this context.

4. Within ten (10) days, Defendants will provide Plaintiff with more specific descriptions of items in their privilege log presently described as "regarding the representation of [REG and/or Ron Goade and/or Stik/Strip]" and numbered 9, 10, 11, 12, 13, 14, 18, 19, 20, 21, 34, 35, 36, 37, 38, 39, 40, and 41.

5. Within ten (10) days, Defendants will make available for inspection *in camera* items numbered 42 and 43 in their privilege log.

6. In all other respects, Plaintiff's Motion is DENIED because it is not yet ripe for adjudication.

                                                                                                  Fullam, Sr.J.