IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC., <br>        **Plaintiff** <br><br> v. <br><br> RONNIE E. GOADE, SR., et al. <br><br>        **Defendants.** | CIVIL ACTION <br><br> NO. 02-2943 <br><br><br><br> MAY 13, 2004 |

## DEFENDANTS' EXPEDITED MOTION TO COMPEL DISCOVERY DEPOSITIONS AND FOR SANCTIONS

Defendants REG Oklahoma Acquisitions, LLC, Ronnie E. Goade, Sr., and The Ronnie E. Goade, Sr. Revocable Trust hereby move, pursuant to Federal Rule of Civil Procedure 37, to compel the duly noticed depositions of Richard O. Warther, President of Plaintiff Vanguard Identification Systems, Inc. (scheduled for May 26, 2004), and Robert W. Kane, Chief Financial Officer of Plaintiff Vanguard Identification Systems, Inc (scheduled for May 27, 2004). Notwithstanding the fact that these depositions were properly noticed pursuant to the Federal Rules of Civil Procedure, Plaintiff has informed Defendants that it neither intends to appear for these depositions nor move, as mandated by the Federal Rules of Civil Procedure, for a protective order. Plaintiff's continued refusal to cooperate in discovery and its present attempt to thwart these properly issued Notices of Oral Deposition by inaction has forced Defendants to file the instant Motion to Compel. In further support of this motion, Defendants aver as follows:

1. Defendants initially contacted Plaintiff on April 29, 2004 to request deposition dates in the month of May convenient to Plaintiff to proceed with the depositions

of Richard O. Warther and Robert W. Kane. (See Email Correspondence dated 5/29/04 attached as Exhibit A). This request was made solely as a courtesy to Plaintiff.

2. Defendants continued to follow up on its request for dates convenient to Plaintiff to no avail. Frustrated by Plaintiff's failure to comply with Defendant's request for dates, especially in light of Defendants' attempt to convenience Plaintiff, Defendants once again requested dates, this time stressing that Defendants would prefer not to issue deposition notices for dates that would be inconvenient for either the Vanguard representatives or its attorneys. (See Email Correspondence dated 5/7/04 attached as Exhibit B).

3. In response to the May 7th email, Plaintiff stated that he was working on getting dates and further warned that serving formal notices would not "change the process or end result." (See Email Correspondence dated 5/7/04 attached as Exhibit B). Given that Defendants were not obligated to issue depositions notices on dates convenient for Plaintiff pursuant to Rule 26, this comment appeared to be nothing more than a threat by Plaintiff to refuse to abide by the Rules of Civil Procedure if Defendants issued deposition notices on any dates other than that provided by Plaintiff.

4. Plaintiff did not respond to Defendants' request for deposition dates until May 11, 2004, which is nearly two weeks after Defendants first requested deposition dates. Not only did Plaintiff refuse to timely respond to Defendant's request for dates, Plaintiff refused to provide Defendants with dates, as requested, in the month of May. The dates proposed by Plaintiff were in the later half of the

month of June, namely June 16th and June 18th. (See Email Correspondence dated 5/11/04 attached as Exhibit C). The only excuse proffered by Plaintiff for failing to provide dates within the month of May is that one of the attorneys representing Plaintiff, Attorney George Bochetto, would not be available until the later half of the month of June. (See Email Correspondence dated 5/12/04 attached as Exhibit D). Attorney Bochetto is not the only attorney with an appearance filed on behalf of Plaintiff and certainly is not the only attorney capable of defending these depositions.

5. Given Defendants' communicated need to complete these depositions in May in light of the depositions Defendants intended to scheduled for June and Plaintiff's clear refusal to cooperate, Counsel for Defendants informed counsel for Plaintiff that he intended to notice these depositions for May 26th and May 27th. In addition, counsel for Defendants instructed counsel for Plaintiff that he expected that Plaintiff appear for these depositions absent a protective order issued by the Court. (See Email Correspondence dated 5/11/04 attached as Exhibit C; see also Notices of Oral Deposition attached as Exhibit E).

6. Notwithstanding the lack of any justification or support from the Federal Rules of Civil Procedure, it is apparent that Plaintiff has no intent of appearing for the depositions issued for May 26th and May 27th. (See Email Correspondence dated 5/12/04 attached as Exhibit D); see also Email Correspondence date 5/13/04 attached as Exhibit F). In fact, Plaintiff responded to the deposition notices by boldly informing counsel for Defendants to save himself the time and expense of traveling down to Philadelphia for the depositions on May 26 and May 27th. The

clear intent of this statement was to convey a message that Plaintiff had no intent of abiding by the Notices of Oral Depositions.

7. In an attempt to further coerce Defendants, Plaintiff then, on May 13, 2004, instructed Defendants that they would have until 5 p.m. on May 14th to accept the dates of June 14th and June 15th or counsel for Plaintiff would instruct his clients that they could schedule other matters for those days. (See Email Correspondence dated 5/13/04 attached as Exhibit F).

8. Plaintiff's refusal to produce these representatives within the month of May not only violates the Federal Rules of Civil Procedure, but also appears to be gamesmanship by Plaintiff designed to ensure that Plaintiff completes its discovery before Defendants can begin its discovery. For instance, while claiming that Plaintiff is unable to produce its witnesses until the later half of June due to purported schedule difficulties of counsel for Plaintiff, Plaintiff requested to depose Defendant Ron Goade on either June 8th or June 9th. Moreover, this request by Plaintiff was not made until May 4th, a date that followed Defendant's April 29th request for dates.

9. Plaintiff's refusal to produce its witnesses within the month of June is also highly prejudicial to Defendants. Trial in this matter is scheduled for September 20, 2004. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(c), experts are to be disclosed "90 days before the trial date," which is approximately June 20, 2004. Given the June 20th deadline, Plaintiff's refusal to produce its representatives until June 16th or 18th is highly prejudicial. Moreover, Defendants are presently attempting to coordinate additional fact witness depositions in this matter in

Chicago and San Francisco to be conducted during the month of June. In order to proceed with these depositions, Defendants must first determine the nature of the claims advanced by Plaintiff in its Complaint, which is the purpose of noticing the deposition of Richard O. Warther, President of Plaintiff Vanguard Identification Systems, Inc., and Robert W. Kane, Chief Financial Officer of Plaintiff Vanguard Identification Systems, Inc. Defendants will be unable to timely complete these depositions if Plaintiff is permitted to dictate the order of discovery in this matter and ignore, without justification, the Notices of Oral Depositions properly issued to Plaintiff.

10. Plaintiff's flagrant disregard for the Rules of Civil Procedure should not be condoned. Absent an order by the court, Plaintiff is obligated to produce Mr. Warther and Mr. Kane for their depositions as noticed. See Rule 37(d) ("The failure to act described in this subsection may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)").

11. Pursuant to Rule 37(d), Plaintiff should be ordered to reimburse Defendants the reasonable expenses incurred in the preparation and filing of this Motion, including attorney's fees, caused by its refusal to comply with the Notices of Depositions properly issued under the Federal Rules of Civil Procedure.

Wherefore, based on the foregoing, Defendants respectfully request that Plaintiff be compelled to produce, (1) Richard O. Warther, President of Vanguard Identification Systems, Inc. on May 26, 2004; and (2) Richard W. Kane, a representative of Vanguard Identification Systems, Inc. on May 27, 2004, in accordance with the Notices of Deposition properly served upon counsel for Plaintiff.

THE DEFENDANTS
BY ITS ATTORNEYS

_____
Marc L. Zaken (CT 03110)
mzaken@edwardsangell.com
EDWARDS & ANGELL, LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 353-6819
Fax: (888) 325-1667

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendants' Motion to Compel Discovery Depositions was sent mailed first class mail, postage prepaid to counsel for Plaintiff, addressed as follows:

George Bochetto, Esquire
David J. Perlman, Esquire
1524 Locust Street
Philadelphia, PA 19102

A. Richard Feldman, Esquire
Bazelon, Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102

this _____ day of May, 2004.

_____
Marc L. Zaken

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.,** <br> Plaintiff <br><br> v. <br><br> **RONNIE E. GOADE, SR., et al.** <br> Defendants. | CIVIL ACTION <br><br> NO. 02-2943 <br><br><br> MAY 13, 2004 |

## ORDER

**AND NOW**, this _____ day of _____, 2004, in consideration of Defendants' Expedited Motion to Compel Discovery Deposition and For Sanctions, it is hereby **ORDERED** that Defendants' Expedited Motion to Compel Discovery Deposition and For Sanctions is granted.

Plaintiff is ordered to produce Richard O. Warther to be deposed on May 26, 2004 in accordance with the terms of the Notice of Oral Deposition;

Plaintiff is ordered to produce Robert W. Kane to be deposed on May 27, 2004 in accordance with the terms of the Notice of Oral Deposition; and

Plaintiff is ordered to pay Defendants sanctions in the amount of _____.

_____
John P. Fullam, U.S.D.J.

_177058_1.doc/