*EXHIBIT A*

**Marc Zaken**

04/29/2004 02:21 PM

To: David Perlman <dperlman@bochettoandlentz.com>
cc: JStretton@edwardsangell.com
Subject: RE: Vanguard v. REG

David-- Please provide me with dates in May that Richard O. Werther and Robert W. Kane are available for their depositions in the above action. I intend to Notice these depositions to take place at Richard Feldman's offices in Philadelphia. At this point, I cannot determine whether both of these depositions can be completed in one day, so it makes sense for you to provide me with consecutive dates that they are available.

Also, please let me know if Vanguard intends to claim attorney client privilege with respect to conversations between Gary Rosen and Vanguard regarding: (a) Rosen's conversations and correspondence with Joe Titterington and (b) the steps that Vanguard would take or forego from taking with respect to the SSI patent litigation based on Rosen's conversations and correspondence with Joe Titterington. I would like this clarified before I notice Rosen's deposition.

I look forward to your response.

**Marc L. Zaken**
**Partner**
**Edwards & Angell, LLP**
**Three Stamford Plaza**
**301 Tresser Blvd.**
**Stamford, CT 06901 USA**
**203.353.6819 *fax* 888.325.1667**
**www.EdwardsAngell.com**

Edwards &~Angell LLP
Guide. Advise. Protect.

**EXHIBIT B**

**Marc Zaken**
05/07/2004 11:30 AM

To: John Stretton/Stamford/EALaw@EALAW, William
Lohnes/Hartford/EALaw@EALaw, David
Stone/Stamford/EALaw@EALAW
cc:
Subject: RE: Vangaurd v. Goade

----- Forwarded by Marc Zaken/Stamford/EALaw on 05/07/2004 11:29 AM -----



**David Perlman**
**<dperlman@bochettoa**
**ndlentz.com>**
05/07/2004 11:11 AM

To: MZaken@edwardsangell.com
cc:
Subject: RE: Vangaurd v. Goade

Thank you for your reply.

I am working on getting you dates. I expect to hear back from Rick Warther and Bob Kane after
leaving some messages. My goal is to get you some dates as soon as possible. I don't think
serving formal notices will change the process or end result, but I hope to have some dates by
next week anyway so that we know where we stand..

David J. Perlman, Esq.
**Bochetto & Lentz**
<?xml:namespace prefix = st1 ns = "urn:schemas-microsoft-com:office:smarttags" />1524
Locust Street
Philadelphia, PA  19102
215-735-3900
fax 215-735-2455
dperlman@bochettoandlentz.com

This communication (including any attachments) may contain privileged or confidential
information intended for a specific individual and purpose, and is protected by law. If you are not
the intended recipient, you should delete this communication and/or shred the materials and any
attachments and are hereby notified that any disclosure, copying, or distribution of this
communication, or the taking of any action based on it, is strictly prohibited. Thank you.

-----Original Message-----
**From:** MZaken@edwardsangell.com [mailto:MZaken@edwardsangell.com]
**Sent:** Friday, May 07, 2004 10:46 AM
**To:** David Perlman
**Subject:** Re: Vangaurd v. Goade

Ron Goade is available for a deposition on June 9. I should know the location by the middle of
next week, but it will most likely be Stamford.

Please advise me as to dates in May for Mr. Warther's and Mr. Kane's depositions in Philadephia,

as I requested by my email to you on April 29.  I would prefer not to have to issue deposition notices for possibly inconvenient dates for them and you, but will do so if I do not hear from you by early next week.  I look forward to your cooperation in this regard.

Thank you.

**Marc L. Zaken**
**Partner**
**Edwards & Angell, LLP**
**Three Stamford Plaza**
**301 Tresser Blvd.**
**Stamford, CT 06901 USA**
**203.353.6819  *fax* 888.325.1667**
**www.EdwardsAngell.com**

Edwards & Angell LLP
Guide. Advise. Protect.

*EXHIBIT C*

**Marc Zaken**

05/11/2004 06:16 PM

To: David Perlman <dperlman@bochettoandlentz.com>
cc: "Richard Feldman" <AFELDMAN@bazless.com>, (bcc: John Stretton/Stamford/EALaw)
Subject: RE: Vanguard v. REG et. al.

David-- I expect your witnesses to be at Attorney Feldman's offices as noticed for May 26 and 27 (not May 27 and 28 as referenced in your email below).  If you have a basis for seeking a protective order under the federal rules that the deposition not go forward, then file a motion, and get a protective order prior to the deposition, as the rules require.  Otherwise, if I travel to Philadelphia for properly noticed depositions, and your clients do not appear, I will file a motion for costs, attorneys fees, and dismissal of the case for failure to prosecute.

I tried to seek your cooperation to avoid this, but you did not provide me with a single date in the entire month of May, or even the first two weeks of June.

As for the June 30 discovery cutoff date, I will fax you the court order tomorrow.

**Marc L. Zaken**
**Partner**
**Edwards & Angell, LLP**
**Three Stamford Plaza**
**301 Tresser Blvd.**
**Stamford, CT 06901 USA**
**203.353.6819** *fax* **888.325.1667**
**www.EdwardsAngell.com**

Edwards &Angell LLP
Guide. Advise. Protect.
David Perlman <dperlman@bochettoandlentz.com>



**David Perlman <dperlman@bochettoa ndlentz.com>**

05/11/2004 05:55 PM

To: MZaken@edwardsangell.com
cc:
Subject: RE: Vanguard v. REG et. al.

Marc:

   The statement that we are not cooperating is unfounded.   Further, I do not understand your strategy of serving deposition notices when I said that I would make the witnesses available and have been working on getting you dates; what kind of motion the notices for May 27 and 28 are leading to, I cannot imagine.

   I have no obligation to lay out my calendar or the calendar of others involved in these depositions or describe the complications -- such as people being out of town -- in getting back to you with dates.   Not only are the witnesses involved, but other lawyers in this office will be involved.  The lawyer who will be defending the deposition is out of town on the dates of your notice.

I have no intention of interfering with your eye surgery or any other commitments, personal or professional. So there ought to be a reciprocal courtesy.

I did not suggest a date on June 1 but was inquiring about availability to try to expedite the process of coordinating schedules among various people.

I am not aware of a June 30 discovery cut-off date. The court entered an order setting a September 20 trial date but it does not set a discovery deadline. Please advise me what makes you believe there is a mandated June 30 cut-off date. No such entry appears on the docket.

I will work on getting you alternative dates.

We'll start Mr.. Goad's deposition at 10 a.m. I will locate a reporter.

David J. Perlman, Esq.
**Bochetto & Lentz**
<?xml:namespace prefix = st1 ns = "urn:schemas-microsoft-com:office:smarttags" />1524 Locust Street
Philadelphia, PA 19102
215-735-3900
fax 215-735-2455
dperlman@bochettoandlentz.com

This communication (including any attachments) may contain privileged or confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, or distribution of this communication, or the taking of any action based on it, is strictly prohibited. Thank you.

-----Original Message-----
**From:** MZaken@edwardsangell.com [mailto:MZaken@edwardsangell.com]
**Sent:** Tuesday, May 11, 2004 5:07 PM
**To:** David Perlman
**Subject:** Re: Vanguard v. REG et. al.

David-- On April 29, by email, I extended you the courtesy of asking you for deposition dates in May that your clients were available for their depositions. I followed up with you by telephone on April 30, again asking for dates. You advised me in that phone call and again by email on May 4 that you were going to provide me with dates for their depositions. I followed up with you by email on May 7 and you replied that you were still "working on getting... dates." You had at that time suggested the week of June 1, even though I asked for dates in May. I replied with dates that I was available the first week in June, but indicated my preference for dates in May. Today you have finally proposed dates, but they are not until June 16 and 18.

As you know, your clients brought this lawsuit, and their unexplained unavailability for a deposition

until the middle of June (with a discovery cutoff of June 30) is unacceptable.

You have not provided me with any explanation as to why they cannot appear for a deposition at an earlier time.  I cannot wait until June 16 or 18 to take their depositions, both because I am scheduled for eye surgery on June 16, and also because I have other depositions to schedule in June in this case.

Accordingly, I am faxing and mailing to you notices of your clients' depositions for May 26 and 27.

I note that when you asked me for a deposition date for Ron Goade by email on May 4, I responded promptly by May 7.  I can now confirm that Mr. Goade will appear in Stamford on June 9 for his deposition at my offices.  Please let me know what time you want to start, and whether you will be arranging for a court reporter, or whether you would like me to do so.

It is unfortunate that you were unable to cooperate with my request for deposition dates in May for your clients.

**Marc L. Zaken**
**Partner**
**Edwards & Angell, LLP**
**Three Stamford Plaza**
**301 Tresser Blvd.**
**Stamford, CT 06901 USA**
**203.353.6819  *fax* 888.325.1667**
**www.EdwardsAngell.com**

Edwards &-Angell LLP
Guide. Advise. Protect.

David Perlman <dperlman@bochettoandlentz.com>

To:    MZaken@edwardsangell.com
cc:
Subject:    Vanguard v. REG et. al.

05/11/2004 02:59 PM

Marc:

I have been trying to contact various people and coordinate schedules to get deposition dates for you.

Bob Kane and Rick Warther are available on June 16 and 18, as is an attorney from our office to cover the depositions.  The 16th is preferred.  I realize this is not in May but it was the best I could do.

Sometimes attorneys jockey to take a deposition before they provide their witnesses.  I

did not try to do this, and I don't know if it matters to you who goes first and who goes second. In this case, it seems to me, the witnesses from each side would be testifying, for the most part, about different sets of facts. It's not a case where each side entered a contract or some other deal that went sour and for which each has their own version of the same events.

Please let me know if this works for you.

Thanks.


David J. Perlman, Esq.
**Bochetto & Lentz**
<?xml:namespace prefix = st1 ns = "urn:schemas-microsoft-com:office:smarttags"
/>1524 Locust Street
Philadelphia, PA 19102
215-735-3900
fax 215-735-2455
dperlman@bochettoandlentz.com


This communication (including any attachments) may contain privileged or confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, or distribution of this communication, or the taking of any action based on it, is strictly prohibited. Thank you.


Boston, Ft. Lauderdale, Hartford, New York, Providence, Short Hills NJ, Stamford, West Palm Beach, Wilmington, London (Representative office)

CONFIDENTIALITY NOTICE

This e-mail message from Edwards & Angell, LLP is intended only for the individual or entity to which it is addressed. This e-mail may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it.

*EXHIBIT D*



**David Perlman**
**<dperlman@bochettoa**
**ndlentz.com>**

05/12/2004 02:56 PM

To: MZaken@edwardsangell.com
cc: 'Richard Feldman' <AFELDMAN@bazless.com>
Subject: RE: Vanguard v. REG et. al.

As I indicated, those dates the last week in May will not work -- although there may have been a typo in designating one of the dates. For one, the attorney defending them, as indicated, will be unavailable. More specifically, George Bochetto will be on vacation.

You can save yourself the time and expense of coming here on those days.

The depositions can proceed on June 14 and/or 15. That brings them closer to the second week in June. Neither alternative conflicts with your eye operation, which we did not know about until you informed us.

We have not received your fax of the Court Order mandating a June 30 discovery deadline.

David J. Perlman, Esq.
**Bochetto & Lentz**
<?xml:namespace prefix = st1 ns = "urn:schemas-microsoft-com:office:smarttags" />1524 Locust Street
Philadelphia, PA  19102
215-735-3900
fax 215-735-2455
dperlman@bochettoandlentz.com

This communication (including any attachments) may contain privileged or confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, or distribution of this communication, or the taking of any action based on it, is strictly prohibited. Thank you.

*EXHIBIT E*

**EDWARDS & ANGELL, LLP**
By:    Marc L. Zaken, Esquire
          John G. Stretton, Esquire
301 Tresser Boulevard
Stamford, CT 06901                                    Attorneys for Defendants,
Phone: (203) 353-6819                              Ronnie E. Goade, Sr., et al.
Facsimile: (888) 325-1667

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 2:02-cv-02943-JF** |
| | : | |
| **RONNIE E. GOADE, SR., et al.** | : | |
| | : | |
| **Defendants.** | : | |

## NOTICE OF ORAL DEPOSITION

**TO:**    David J. Perlman, Esquire
              BOCHETTO & LENTZ
              1524 Locust Street
              Philadelphia, PA 19102

    **PLEASE TAKE NOTICE** that on **May 26, 2004**, Marc L. Zaken, Esquire, of Edwards

& Angell, LLP, counsel for Defendants, Ronnie E. Goade, Sr., et al., will the deposition upon

oral examination of **Richard O. Warther**, President of Vanguard Identification Systems, Inc.

commencing at 9:30 a.m. at the offices of Bazelon, Less & Feldman, P.C., 1515 Market Street,

Suite 700, Philadelphia, PA  19102-1907 before a qualified notary public, and continuing day to

day until such time as said deposition is completed.

    You are invited to attend and cross-examine.

Respectfully submitted,

**EDWARDS & ANGELL, LLP**

By: _____
        Marc L. Zaken, Esquire

Dated: May 11, 2004

_176965_1/

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Notice of Deposition was forwarded via facsimile and first class mail, postage prepaid, to:

David J. Perlman, Esquire
BOCHETTO & LENTZ, P.C.
1524 Locust Street
Philadelphia, PA 19102

A. Richard Feldman, Esquire
BAZELON LESS & FELDMAN, P.C.
1515 Market Street
Suite 700
Philadelphia, PA 19102

this _____ day of May, 2004.

Marc L. Zaken

**EDWARDS & ANGELL, LLP**
By:    Marc L. Zaken, Esquire
        John G. Stretton, Esquire
301 Tresser Boulevard
Stamford, CT 06901                    Attorneys for Defendants,
Phone: (203) 353-6819                 Ronnie E. Goade, Sr., et al.
Facsimile: (888) 325-1667

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 2:02-cv-02943-JF** |
| | : | |
| **RONNIE E. GOADE, SR., et al.** | : | |
| | : | |
| **Defendants.** | : | |

## CORRECTED NOTICE OF ORAL DEPOSITION

**TO:**    David J. Perlman, Esquire
            BOCHETTO & LENTZ
            1524 Locust Street
            Philadelphia, PA 19102

**PLEASE TAKE NOTICE** that on **May 27, 2004**, Marc L. Zaken, Esquire, of Edwards & Angell, LLP, counsel for Defendants, Ronnie E. Goade, Sr., et al., will the deposition upon oral examination of **Robert W. Kane**, of Vanguard Identification Systems, Inc. commencing at 9:30 a.m. at the offices of Bazelon, Less & Feldman, P.C., 1515 Market Street, Suite 700, Philadelphia, PA 19102-1907 before a qualified notary public, and continuing day to day until such time as said deposition is completed.

You are invited to attend and cross-examine.

_176967_1/

Respectfully submitted,

**EDWARDS & ANGELL, LLP**

By: _____
Marc L. Zaken, Esquire

Dated: May 11, 2004

_176967_1/

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Corrected Notice of Deposition was forwarded via facsimile and first class mail, postage prepaid, to:

David J. Perlman, Esquire
BOCHETTO & LENTZ, P.C.
1524 Locust Street
Philadelphia, PA 19102

A. Richard Feldman, Esquire
BAZELON LESS & FELDMAN, P.C.
1515 Market Street
Suite 700
Philadelphia, PA 19102

this ___11th___ day of May, 2004.

_____
Marc L. Zaken

_176966_1/

**EXHIBIT F**



**David Perlman**
**<dperlman@bochettoa**
**ndlentz.com>**

05/13/2004 11:45 AM

To: MZaken@edwardsangell.com, JStretton@edwardsangell.com, "'A. Richard FELDMAN'" <rfeldman@bazless.com>
cc:
Subject: FW: Vanguard v. REG et. al.

Gentlemen:

I received no reply to the below e-mail. Richard Warther, Robert Kane, and George Bochetto are holding June 14 and June 15 open. I cannot expect them to do so indefinitely.

If I do not hear from you by 5 p.m. tomorrow, I will assume that you are not taking their depositions on the dates offered, are pursuing the strategy of making scheduling an issue for the Court, and will advise the three of them that they can schedule other matters for those days.

David J. Perlman, Esq.
**Bochetto & Lentz**
1524 Locust Street
Philadelphia, PA  19102
215-735-3900
fax 215-735-2455
dperlman@bochettoandlentz.com

This communication (including any attachments) may contain privileged or confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, or distribution of this communication, or the taking of any action based on it, is strictly prohibited. Thank you.