IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.,** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | **NO. 02-2943** |
| v. | : | |
| | : | |
| **RONNIE E. GOADE, Sr., et al.** | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2004, in consideration of Defendants' Expedited Motion to Compel Discovery Depositions and for Sanctions, and Plaintiffs' Opposition thereto, it is hereby **ORDERED** that said Motion is **DENIED**. The depositions of Richard Warther and/or Robert Kane will be held on June 14th and/or 15th at a mutually convenient time at the offices of Plaintiffs' counsel.

**BY THE COURT:**

_____ J.,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.,** | : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : : | NO. 02-2943 |
| **RONNIE E. GOADE, Sr., et al.** | : : : | |
| Defendants. | : : : | |

## PLAINTIFFS' OPPOSITION TO EXPEDITED MOTION
## TO COMPEL DISCOVERY DEPOSITIONS AND FOR SANCTIONS

It is no wonder that Defendants failed to provide the certification required by Local Rule 26.1(f) that, after reasonable effort, the parties were unable to resolve the dispute. Plaintiffs have offered deposition dates and alternative deposition dates, while Defendants sit on a hair trigger, itching for a fight. They have successfully manufactured their desired fight instead of proceeding with scheduling and taking depositions, thereby wasting everyone's time and resources. If Defendants feel that the remaining time is, in fact, inadequate, it is a dilemma of their own creation. They could have started the process much earlier.

In what was essentially the beginning of May, Defendants asked for May deposition dates for Vanguard CEO Richard Warther ("Warther") and CFO Robert Kane ("Kane"). To the extent these depositions are preliminary to multiple other depositions because Defendants need them to comprehend Plaintiffs' causes of action, they could have sought the depositions months earlier. In any case, because various people involved in the depositions were out of town, Plaintiffs could not respond instantaneously. Also, on Plaintiffs end, the schedule of at least three busy people had to be cleared – Warther, Kane, and George Bochetto, Esquire ("Bochetto"). And they had to schedule

time to meet and prepare.

Plaintiffs e-mailed Defendants on May 11, 2004 saying that the witnesses and counsel were available on June 16 and June 17. See May 11, 2004 e-mail from David J. Perlman, Esquire ("Perlman") to Marc L. Zaken ("Zaken"), Esquire, attached hereto as Exhibit "A." This did not correspond to Defendants' alternative free dates, expressed in a prior e-mail, of the end of May or the very beginning of June. But, in response, Defendants' counsel also said that the June 16 and 17 dates were unworkable because he was scheduled for eye surgery on June 16. See May 11, 2004 e-mail from Zaken to Perlman, attached hereto as Exhibit "B."

Learning of the surgery conflict, Plaintiffs had every intent of providing alternative, non-conflicting dates, and they immediately promised to do so in a reply e-mail of May 11, 2004. See May 11, 2004 e-mail from Perlman to Zaken, attached hereto as Exhibit "C." In that e-mail, Plaintiffs indicated that the attorney covering the depositions, George Bochetto, was unavailable at the end of May. He will be on vacation. In fact, Plaintiffs are Bochetto's client, and apart from any other availability issues, there is no reason why they should not have him defending their depositions.

On May 12, 2004, Plaintiffs offered two new dates, Monday June 14 and Tuesday June 15, even earlier than the previously proposed dates and not far from Defendants' proposals in the first week in June.[1] See May 12, 2004 e-mail from Perlman to Zaken, attached hereto as Exhibit "D." Plaintiffs again advised Defendants that the notices precipitously served on May 11, 2004 in an effort to coerce deposition called for depositions when Bochetto was on vacation.

Because Defendants did not respond to this e-mail after a day and because three people were

---

[1] Incidentally, Defendants advised Plaintiffs that they could probably do both depositions in a single, though perhaps long, day. So Plaintiffs provided Defendants with more dates than were necessary.

holding open June 14 and June 15, Plaintiffs gave Defendants another day to respond, after which the deponents and counsel would feel free to fill their calenders for June 14 and 15. See May 13, 2004 e-mail from Perlman to Zaken, attached hereto as Exhibit " E." In response, Defendants sent a rather rude reply, referring to Plaintiffs' counsel as "abject" and falsely claiming that Defendants had "no choice" but to file a Motion, despite Plaintiffs' proffer of apparently non-conflicting deposition dates. May 13, 2004 e-mail from Zaken to Perlman, attached hereto as Exhibit "F." In response, Plaintiffs wrote:

> O.K. But we offered the dates of June 14 and 15 in an effort to work things out and proceed with the depositions.

May 13, 2004 e-mail from Perlman to Zaken, attached hereto as Exhibit "G." Defendants' counsel never indicated that he had a conflict on June 14th or 15th. Instead, Defendants filed a completely unnecessary and frivolous Motion.

Although Plaintiffs represented that they would be free to fill June 14 and 15 if Defendants did not accept those dates, they have, nevertheless, as a courtesy, reserved those dates. The depositions can still proceed then.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: ___DJP2105___
George Bochetto, Esquire
David J. Perlman, Esquire
1524 Locust Street
Philadelphia, PA 19102
Ph: (215) 735-3900
Fx: (215) 735-2455

Date: May 14, 2004

Attorneys for Plaintiff
Vanguard Identification Systems, Inc.

## **CERTIFICATE OF SERVICE**

I, David J. Perlman, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing Plaintiffs' Opposition to Expedited Motion to Compel Discovery Depositions and for Sanctions upon the following counsel via facsimile and first class-mail:

A. Richard Feldman, Esquire
BAZELON, LESS & FELDMAN, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102-1907
Facsimile: (215) 568-9319

Marc L. Zaken, Esquire
EDWARDS & ANGELL
3 Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
Facsimile: (888) 325-1667

**BOCHETTO & LENTZ, P.C.**

DJP2105
By:_____
David J. Perlman, Esquire

Date: May 14, 2004