IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC.,<br>    Plaintiff<br><br>v.<br><br>RONNIE E. GOADE, SR., et al.<br>    Defendants. | CIVIL ACTION<br><br>NO. 02-2943 |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' EXPEDITED MOTION TO COMPEL DISCOVERY DEPOSITIONS AND FOR SANCTIONS

  Defendants REG Oklahoma Acquisitions, LLC, Ronnie E. Goade, Sr., and The Ronnie E. Goade, Sr. Revocable Trust hereby submit the following memorandum of law in support of Defendants' Expedited Motion to Compel Discovery Depositions and for Sanctions.

I. **A PARTY MUST APPEAR FOR A NOTICED DEPOSITION ABSENT THE ISSUANCE OF A PROTECTIVE ORDER.**

  The depositions of Richard O. Warther, President of Plaintiff Vanguard Identification Systems, Inc. (scheduled for May 26, 2004), and Robert W. Kane, Chief Financial Officer of Plaintiff Vanguard Identification Systems, Inc (scheduled for May 27, 2004) were properly noticed pursuant to Federal Rule of Civil Procedure 30. See Notices of Oral Deposition attached as Exhibit E to Motion to Compel. Absent the issuance of a protective order, a deponent is obligated to appear for the deposition as noticed. Crossle v. Iroquois Foundry Co., Inc., 1992 U.S. Dist. LEXIS 7368 at *14 (E.D.PA 1992) (". . . pursuant to Rule 30 of the Federal Rules of Civil Procedure, a deponent objecting to a deposition must obtain a court order prior to the deposition,

otherwise the duty to appear remains"); <u>American Health Systems, Inc. v. Liberty Health System</u>, 1991 U.S. Dist. LEXIS 469 at *8 (E.D.PA 1991); <u>see</u> also Fed. R. Civ. P. 37(d) (providing for the imposition of sanctions if "a party or an officer, director or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice . . . .").

Plaintiff evidenced a complete lack of regard for the Federal Rules of Civil Procedure when it informed Defendants that it neither plans to appear for the depositions properly noticed nor does it plan to move for a protective order. Defendants' Motion to Compel the depositions of Richard O. Warther, President of Plaintiff Vanguard Identification Systems, Inc. and Robert W. Kane, Chief Financial Officer of Plaintiff Vanguard Identification Systems, Inc. should be granted. <u>General Electric Capital Corp. v. Flynn</u>, 1993 U.S. Dist. LEXIS 8607 (E.D.PA 1993) (granting motion to compel depositions); <u>In re George Corp.</u>, 1986 U.S. Dist. LEXIS 20308 (granting motion to compel depositions). Moreover, sanctions are appropriate given Plaintiff's expressed intent to disregard not only the Rule 30 Notices of Deposition, but also on account of its decision to knowingly fail to involve the court by moving for a Rule 26 protective order. Fed. R. Civ. P. 37(d); <u>American Health Systems, Inc. v. Liberty Health System</u>, 1991 U.S. Dist. LEXIS 469 at *9 ("sanctions . . . may be imposed where discovery obligations are ignored"). Defendants' Expedited Motion to Compel Discovery Depositions and for Sanctions should be granted.

## II.   CONCLUSION

Wherefore, based on the foregoing, Defendants respectfully request that Plaintiff be compelled to produce, (1) Richard O. Warther, President of Vanguard Identification Systems, Inc. on May 26, 2004; and (2) Richard W. Kane, a representative of Vanguard Identification

Systems, Inc. on May 27, 2004, in accordance with the Notices of Deposition properly served upon counsel for Plaintiff.

          THE DEFENDANTS
          BY ITS ATTORNEYS

          _____
          Marc L. Zaken (CT 03110)
          mzaken@edwardsangell.com
          John G. Stretton (CT 19902)
          jstretton@edwardsangell.com
          EDWARDS & ANGELL, LLP
          Three Stamford Plaza
          301 Tresser Boulevard
          Stamford, CT 06901
          Tel: (203) 353-6819
          Fax: (888) 325-1667

_177133_1/

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Defendants' Memorandum of Law in Support of Expedited Motion to Compel Discovery Depositions and For Sanctions was sent via facsimile and first class mail, postage prepaid to counsel for Plaintiff, addressed as follows:

George Bochetto, Esquire
David J. Perlman, Esquire
1524 Locust Street
Philadelphia, PA 19102

A. Richard Feldman, Esquire
Bazelon, Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102

this 17th day of May, 2004.

_____
John G. Stretton

_177133_1/