**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-2943 |
| | : | |
| RONNIE E. GOADE, SR., et al, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW SUPPORTING PLAINTIFF'S MOTION
FOR LEAVE OF COURT TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff, Vanguard Identification Systems, Inc. ("Vanguard"), by and through

undersigned counsel, Bochetto & Lentz, P.C., hereby files this Memorandum of Law Supporting

Plaintiff's Motion For Leave of Court to File a Second Amended Complaint, attached hereto as

Exhibit "1."

## I.  INTRODUCTION

Through discovery in this case, Plaintiff has obtained documents and evidence

overwhelmingly demonstrating that Defendants Ronnie E. Goade, Sr. ("Goade"), individually

and as Trustee for the Ronnie E. Goade Revocable Trust ("Goade Trust"), promised to pay any

and all damages stemming from the patent infringement suit, *Vanguard v. Stik/Strip Laminating

Co., Inc*, United States District Court, Eastern District of Pennsylvania, No. 97-6790 ("Patent

Action").  Based on this evidence, Plaintiff proposes to amend its Complaint in order to add two

counts: a count of indemnification against Goade and the Goade Trust and a count of third party

beneficiary/breach of contract against the same defendants for failing to pay the judgment

obtained in the Patent Action.  As set forth more fully below, Plaintiff's Motion should be

granted, and Plaintiff should be given leave of court to file its proposed Second Amended Complaint, which is attached as Exhibit 1.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Recently, the parties took the depositions of Goade, Plaintiff representatives Richard O. Warther and Robert Kane, and non-party witnesses from Heller Financial and Dresner Associates.  In preparation for these depositions, Plaintiff's counsel intensively reviewed thousands of documents which were produced in discovery of party and non-party witnesses. Within these documents, Plaintiff discovered that Goade and the Goade Trust contracted with Docusystems, Inc. ("DSI") to indemnify DSI for damages stemming from the underlying Patent Action in which Vanguard sued Stik/Strip Laminating Company, Inc. ("SSI").  Specifically, Goade and the Goade Trust promised to satisfy a judgment through an indemnification provision in the Stock Purchase and Merger Agreement ("Agreement").  (A true and correct copy of the May 29, 1998 Agreement is attached to the Proposed Second Amended Complaint as Exhibit "F." Exhibit "F" is being filed under seal pursuant to a confidentiality agreement between the parties.)

This Agreement was created and executed in order to sell the stock of SSI to DSI. Because the Patent Action was already raging before this Court prior to this stock purchase, specific provisions were placed within the Agreement to make certain that the parties to the Agreement understood who was responsible for paying Vanguard its "damages."[1]  (See Exhibit

---

[1]    The Agreement defines " Damages" as " all liabilities, demands, claims, causes of action, regulatory, legislative or judicial proceedings or investigations, assessments, levies, losses, fines, penalties, damages, costs and expenses, . . .."  (See Exhibit " F," p. 26, Sec. 8.2(a).)

"F," pp. 26 - 30, Secs.8.1, 8.2, 8.3, 8.4, 8.5, 8.8, 8.10, and Schedule 4.2 (z) Litigation

Disclosure.)

Specifically, the Agreement provides, in pertinent part, as follows:

8.3    <u>Indemnification Obligations of Goade and Shareholder</u>.

Goade and Shareholder [Goade Trust], jointly and severally, shall
defend, indemnify, save and keep harmless the Surviving
Corporation and Purchasers [DSI] and their officers, directors and
their respective heirs, successors and permitted assigns of each of
the foregoing (each, a "<u>Purchaser Indemnitee</u>" and, collectively, the
"<u>Purchaser Indemnitees</u>"), forever harmless against and from all
Damages sustained or incurred by any Purchaser Indemnitee as a
result of or arising out of or by virtue of:

*    *    *

(c)    compensation, royalty payments or other similar payments
payable to Vanguard Identification Systems, Inc. with
respect to sales of any products of the Company prior to the
Closing Date which are the subject of the dispute with
Vanguard Identification Systems, Inc., including the case
entitled <u>Vanguard Identification Systems, Inc. v.Stik Strip
Laminating Company, Inc. d/b/a SSI Photo I.D.</u> (The
"Vanguard Litigation");

(See Exhibit "F," p. 27, Sec. 8.3.)

The duty to indemnify "each other," as set forth in the Agreement, started  [F]rom and

after the Closing," which Closing was on May 29, 1998.  (See Exhibit"F," p. 26, Sec. 8.1.)

Nowhere in the Agreement does the duty to indemnify expire by operation of the Agreement.

In addition to the aforementioned indemnity provision in the Agreement, Goade and the

Goade Trust specifically bargained for and received the right to be kept informed of the

Vanguard Litigation and were further provided the right to approve or reject any settlement

between SSI/DSI and Vanguard. (See Exhibit "F," p. 31, Sec. 8.10.)

3

On July 10, 2000, Judgment for $2 million was entered by stipulation in Vanguard's favor and against SSI and DSI. (See Judgment, attached hereto as Exhibit "E.") Upon information and belief, Goade, individually and as Trustee of the Goade Trust, authorized and or consented to the stipulation to the $2 million judgment on behalf of SSI and DSI, with full knowledge of their responsibility to satisfy this judgment obligation.[2]

Under Illinois law[3], the entry of a judgment against an indemnitee triggers the obligation of the indemnitor to satisfy the judgment. *Gerrill Corp. v. Jack Hargrove Builders, Inc.*, 538 N.E.2d 530, 539 (Ill. 1989). Thus, the $2 million judgment against Indemnitee DSI triggers the obligation of the Indemnitors Goade and Goade Trust to pay the judgment to Vanguard.

Vanguard is also a direct and intended third party beneficiary under the Agreement as the parties thereto promised that Vanguard's damages determined in the Patent Action would be satisfied. Because this contract has been breached and Vanguard is a direct and intended third party beneficiary, Vanguard should be permitted to amend the complaint to add a count for third party beneficiary – breach of contract against Goade and the Goade Trust.

By order of this Court, depositions are to be completed by August 15, 2004. As such, there is ample time for the Defendants to take additional discovery, if need be, on these proposed

---

[2]     It bears mentioning that Goade was in charge of operating SSI during the time period when the patent-infringing conduct occurred which was the subject of the Patent Action. During this same time period, the Goade Trust owned the stock in SSI. On November 3, 1998, SSI stipulated to infringing Vanguard's patent in a Stipulation and Order. This was followed by the entry of a stipulated judgment in the amount of $2 million against SSI and DSI on July 10, 2000, the same judgment Goade and the Goade Trust promised to pay.

[3]     Illinois law should apply to these proposed causes of action, as the Agreement specifically provides, "[t]his Agreement shall be governed by and controlled as to the validity, enforcement, interpretation, construction, effect and all other respects by the internal laws of the State of Illinois applicable to contracts made in that State." (See Exhibit "F," p. 34, Sec. 10.7.)

4

amendments to the Complaint.  Plaintiff does not anticipate the proposed  amendments delaying the disposition of this matter in any manner.

### III.  ARGUMENT

#### A.    Standard Governing Motions To Amend

Motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure.  The Supreme Court in *Forman v. Davis*, 371 U.S. 178 (1962) interpreted this rule as follows:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. 178, 182 (1962).

The Third Circuit has interpreted the above language to mean that "in the absence of substantial or undue prejudice, denial must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  *Lorez v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3rd Cir. 1993).  Furthermore, "[t]he passage of time, without more, does not require that a motion to amend be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden

on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). In other words, delay alone will not preclude an otherwise meritorious amendment.

To show prejudice, the responding party must show that it was "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . . amendments been timely." *Heyl & Patterson Intern. v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981). Incurring additional counsel fees or even delaying the advancement of the case do not constitute prejudice. *See Gould*, 739 F.2d at 869. Lastly, "the federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

## B.    There is Not Undue Delay or Prejudice.

Defendants can hardly argue the amendments are untimely or that they would be unduly prejudiced. Defendants, of course, knew about the facts supporting Plaintiff's proposed amendments. After all, the amendments are supported by documents Goade signed. Given the fact that the deposition deadline in this case is August 15, 2004, Defendants have more than enough time to prepare a defense to Plaintiff's additional claims. Indeed, Vanguard would be prejudiced if the amendments were not allowed. It is indisputable that Vanguard has a judgment that SSI and DSI managed to evade. Moreover, it is indisputable that Defendant REG is the successor to the business of SSI and that it is owned and operated by the same individual who owned and operated SSI when the Patent Action was initiated and the infringement occurred,

6

Defendant Goade.  Vanguard should not be left holding a judgment when a viable theory permits recovery.

### C.    The Claim for Indemnification is Not Futile.

"It is clear that a cause of action on an indemnity agreement does not arise until the indemnitee either has had a judgment entered against him for damages, or has made payments or suffered actual loss." *Gerrill Corp. V. Jack Hargrove Builders, Inc.*, 538 N.E.2d 530, 539 (Ill. 1989) citing *Fidelity & Deposit Co. V. Rosenmutter*, 614 F.Supp 348, 351 (N.D.Ill.1985).  "It is the rule that an indemnitor, upon notice from the indemnitee, is bound by his obligation to indemnify [indemnitee] and that he is bound by the judgment entered against the indemnitee just as if he (the indemnitor) were a party to the cause." *Palmer v. Caisson Corp.*, 206 N.E.2d 776, 779 (Ill. App. 1965) citing *Sanitary District v. U.S.F. & G. Co.*, 65 N.E.2d 364 (Ill. 1946); Palmer House Co. v. Otto, 106 N.E.2d 753 (Ill. App. 1952).

Illinois courts have observed that other states' courts have embraced this doctrine and explained its purpose as follows:

> The underlying purpose of this doctrine is to obviate the delay and expense of two trials upon the same issue - one by the injured party against the indemnitee and the other by the indemnitee, or the injured party against the indemnitor.  This is possible because it is assumed that the interests of the parties to the contract of indemnity in opposing the injured person's claim are identical; and it is accomplished by giving the indemnitor an opportunity to appear in the first suit on behalf of the indemnitee so that everything that can be offered in exculpation of the indemnitee by either party to the indemnity contract may be presented.  The indemnitor may not be under a contractual obligation to defend, but if he fails to assume the burden of the defense he takes the risk for he is bound by any judgment against the indemnitee where their interests in the defense of the suit are identical.

7

*Cowan v. Insurance Co. of North America,* 318 N.E.2d 315, 321 (Ill. App. 1974) citing *Farm Bureau Mut. Automobile Ins. Co. v. Hammer,* 177 F.2d 793, 779 (4th Cir. Va. 1949).  *See also Crawford v. Pope & Talbot, Inc.,* 206 F.2d 784 (3rd Cir. Pa.1953); *MacArthur v. Gaines,* 286 So.2d 608 (Fla. App.3.Dist.1973); *Miller v. U. S. Fidelity & Cas. Co.,* 197 N.E. 75 (Mass.1935).

In the present case, Goade and the Goade Trust, as indemnitors, promised to indemnify indemnitee, DSI, for the "damages" that arose from the Patent Action for the benefit of Vanguard. Once the July 10, 2000 Judgment was entered by stipulation against DSI, Goade and the Goade Trust were immediately bound by the judgment and required to pay it.[4]

**D.    The Third Party Beneficiary/Breach of Contract Claim is Not Futile.**

"The well established rule in Illinois is that if a contract is entered into for the direct benefit of a third person, the third person may sue for a breach of the contract in his or her own name, even though the third person is a stranger to the contract and the consideration."  *Joclyn v. Joclyn,* 54 N.E.2d 475 (Ill. 1944); *Carson Pirie Scott & Co. v. Parrett,* 178 N.E. 498 (Ill. 1931).  This principal of law is widely accepted throughout the United States, because allowing a third-party beneficiary to sue the promisor directly is said to be manifestly just and practical." *Olson v. Etheridge,* 686 N.E.2d 563, 566 (Ill. 1997).

Plaintiff's motion to amend its Complaint to permit a claim for third party beneficiary/Breach of contract should be granted as it is clear from the Agreement that the indemnification provision

---

[4] Goade and the Goade Trust had "notice" of the Patent Action because Goade, individually and as Trustee of the Goade Trust operated and owned the stock of SSI when it committed its Patent infringing conduct.  Further evidence of "notice" is in the Agreement itself, signed by Goade, which specifically refers to "the case entitled Vanguard Identification Systems, Inc. v. Stik Strip Laminating Company, Inc. d/b/a SSI Photo I.D. (The 'Vanguard Litigation')."  (See Exhibit "F," p. 27, Sec. 8.3.)

was entered into for the direct benefit of Vanguard.  Not only is Vanguard mentioned by name in the Agreement on no less than six occasions, the very cause of action for which Vanguard is seeking remuneration, the Patent Action, is referenced therein.  The parties to the Agreement could have done nothing more to make it any clearer that Vanguard was to be a direct, intended beneficiary of the indemnification clause in the Agreement.

In *Metro East Sanitary District v. Village of Sauget*, 475 N.E.2d 1327 (Ill. App. 1985), the court considered whether an attorney could sue in the capacity of a third party beneficiary the Village of Sauget for attorney fees even though he was not mentioned in the Agreement between the parties. In finding that the attorney could sue for breach of contract as a third party beneficiary, the court noted that it was clear from the contract that he was a direct, intended beneficiary because the contract would not have otherwise expressly referred to attorney's fees.  *Id.*  at 1330.

In the present case, Vanguard is also clearly a direct, intended beneficiary under the Agreement.  The parties to the Agreement were obviously concerned with who would be required to pay Vanguard in the event it was determined there were damages owed to Vanguard.  Due to this concern, the details of the indemnification clause plainly provided for who would defend the Patent Action, who was to approve a settlement, what would happen if consent to settle was unreasonably withheld, and, ultimately, who was responsible for paying Vanguard.  Applying the same query as the Court in *Village of Sauget*: if Vanguard was not a direct,  intended beneficiary under the Agreement, why then did the parties specifically name Vanguard therein?  The answer is plain and simple: Vanguard is an intended direct beneficiary under the Agreement and as such should be permitted to amend its Complaint to include a breach of contract claim against Goade and the Goade

9

Trust, the indemnitors. Vanguard respectfully requests the court grant its motion to amend its Complaint.

### IV.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court to grant this Motion by granting Plaintiff leave of Court to file the attached Second Amended Complaint.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**


By:_____
George Bochetto, Esquire
David J. Perlman, Esquire
**BOCHETTO & LENTZ, P.C.**
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

*Attorneys for Plaintiff*
*Vanguard Identification Systems, Inc.*

Date:_____

10