# Exhibit E

# CONDENSED TRANSCRIPT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VANGUARD IDENTIFICATION SYSTEMS, INC.,

Plaintiff,

vs.

RONNIE E. GOADE, SR., et al.,

Defendants. NO. 02-2943

Oral deposition of ROBERT W. KANE, taken at the law offices of BAZELON, LESS & FELDMAN, P.C., 1515 Market Street, Suite 700, Philadelphia, Pennsylvania, on Tuesday, June 15, 2004, at 2:31 p.m., before Rosemary Locklear, Registered Professional Reporter, Certified Shorthand Reporter (NJ), Certified Realtime Reporter and Notary Public, pursuant to notice.

James DeCrescenzo Reporting, LLC
Pennsylvania's Leader in Information and Technology Management
215.564.3905 phone
1700 Sansom Street, 5th Floor, Philadelphia, PA 19103
215.751.0581 fax
www.jdreporting.com

32 (Pages 122 to 125)

ORAL DEPOSITION OF RIOBERT W. KANE, 6/15/04

122

held him more responsible because the infringement occurred or was initiated while he owned the company and it continued during that period of time through -- throughout the litigation while he owned the company and then DocuSystems had agreed to stop manufacturing that product and that that may have been the reason.
BY MR. ZAKEN:
Q. I --
A. And -- I'm sorry. Go ahead.
Q. Go on. I didn't mean to interrupt your answer.
A. Well, and -- and in the event that -- well, that's it. I don't want to speculate.
Q. Now, at the time that this settlement of the lawsuit was entered into that's Warther Exhibit 5, do you know if Mr. Goade was involved in those discussions?
A. Don't know.

123

MR. BOCHETTO: If you know.
THE WITNESS: I don't know.
BY MR. ZAKEN:
Q. You didn't participate in any conversations that Mr. Goade participated in leading to this Warther Deposition Exhibit 5 settlement?
A. No.
Q. And is it true that DocuSystems ceased infringing on the product after the agreement was reached --
MR. BOCHETTO: Objection --
BY MR. ZAKEN:
Q. -- between DocuSystems and Vanguard, if you know?
MR. BOCHETTO: Objection. You may answer.
THE WITNESS: To the best of our knowledge and belief, they had stopped infringing.
BY MR. ZAKEN:
Q. Do you know why the

124

settlement was reduced to the legal form that it is presented in here, in Warther Deposition Exhibit 5, as opposed to, for example, a settlement agreement or a letter agreement like you referenced earlier?
MR. BOCHETTO: Objection. And I want you to be careful here not to relate anything that may have been told to you by an attorney who was representing you at the time. If you can answer the question independently of that, you may do so with my objection but do not relate anything any attorney might have told you.
THE WITNESS: I -- I don't know for sure.
BY MR. ZAKEN:
Q. At the time that this settlement was entered into, did you believe that DocuSystems was going to pay on that settlement?
A. We believed that we were

125

going to collect the money, yes.
Q. That's why you had the victory party?
A. Yes.
Q. And what efforts did you make to or did Vanguard make to collect on this judgment?
MR. BOCHETTO: And let me caution the witness not to relate any communications you had with counsel or any work product of counsel.
THE WITNESS: Okay. We contacted two attorneys.
BY MR. ZAKEN:
Q. Who were they?
A. Gary Rosen and subsequently Bochetto & Lentz.
Q. And the conversations with Gary Rosen occurred shortly after the Judgment was entered into?
MR. BOCHETTO: Objection. You know --
BY MR. ZAKEN:
Q. Just asking for time frame.

James DeCrescenzo Reporting
Pennsylvania's Leader in Technology and Information Management
215.564.3905
1700 Sansom Street, 5th Floor
Philadelphia, PA 19103
www.JDReporting.com
FAX 215.751.0581