IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 02-2943** |
| | : | |
| **RONNIE E. GOADE, SR., et al,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**REPLY MEMORANDUM OF VANGUARD IDENTIFICATION SYSTEMS, INC. IN
SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE OF COURT TO
FILE A SECOND AMENDED COMPLAINT**

**I.    INTRODUCTION**

Vanguard clearly demonstrated that it should be granted leave to file an Amended Complaint based upon the discovery of the bargained for contractual obligations Defendants owe to Vanguard. Conversely, Defendants will not suffer any prejudice – let alone substantial or undue prejudice – if the requested relief is granted.

Allowing the proposed amendment will give effect to the intention of the parties in agreeing to their specific contractual obligations and prevent a result which would be absurd and thwart that intention, specifically, to assure that the judgment in favor of Vanguard be satisfied through an indemnification provision contained in the Stock Purchase and Merger Agreement.

Defendants' position that the third-party beneficiary language in the Agreement prevents Vanguard from obtaining the relief sought can be dismissed out of hand. The Agreement contains an indemnification provision specifically conveying third-party rights upon Vanguard. The third-party beneficiary language upon which Defendants rely is boilerplate, general legal jargon while the

indemnification provision is specific and sets for bargained for rights and obligations. Thus, the more specific indemnification provision controls, and grants Vanguard the right to seek the relief set forth in the Amended Complaint.

Further, Defendants' arguments that there was a delay in seeking to amend and that it has a defense to Vanguard's claim do not hold water. Vanguard did not delay in seeking to amend, thus cannot serve as a basis to prevent the Motion from being granted. Likewise, Defendants' defense is just that – a defense, and Defendants must prove their alleged defense to the jury at trial.

Thus, the Motion should be granted.

## II. LEGAL ARGUMENT

### A. The Agreement Contains Boilerplate Language That Is Contrary to the Intent of the Specific Intent of the Parties

The language Defendants claim precludes Vanguard from seeking the indemnification to which it is entitled is nothing more than boilerplate language thrown into a document and cannot be relied upon to abrogate the clear intent of the parties or their rights and obligations. It is well-settled that the intention of the parties is paramount in contract construction.

> The primary objective of the construction of a contract is to give effect to the intention of the parties, greater regard being given to such intent, when clearly revealed, than to any particular words used in expression thereof. (Citations) In general, the intention of the parties is to be determined from the final agreement executed by them, rather than from preliminary negotiations and agreements (citation) but previous agreements, negotiations and circumstances may be considered in determining the meaning of specific words and clauses. (Citations)

*Hardware Wholesalers, Inc. v. Health*, 293 N.E.2d 721, 724 (Ill. 1973), *quoting*, *Martindell v. Lake Shore Nat'l Bank*, 154 N.E.2d 683 (Ill. 1958). Further,

> [w]here indispensable to effectuate the intention of the parties, a contract may be implemented beyond its express language, courts have the power to inquire into the

real purpose of the agreement, and language, though seemingly plan and clear will not bear a literal interpretation if this leads to an absurd result or thwarts the manifest intention of the parties.

*Pridegon v. Gates Credit Union*, 683 F.2d 182 (7th Cir. 1981).

The parties intended for Goade and the Goade Trust to satisfy the stipulated judgment entered in favor of Vanguard. This intent was clearly set forth in the Stock Purchase and Merger Agreement – the Agreement – which was created and executed in order to sell the stock of SSI to DSI. The parties agreed to specific provisions to be included in the Agreement to make certain that the parties understood who was responsible for paying Vanguard its damages as defined therein.[1]

The Agreement specifically provides in relevant part as follows:

8.3   <u>Indemnification Obligations of Goade and Shareholder</u>.

> Goade and Shareholder [Goade Trust], jointly and severally, shall defend, indemnify, save and keep harmless the Surviving Corporation and Purchasers [DSI] and their officers, directors and their respective heirs, successors and permitted assigns of each of the foregoing (each, a "<u>Purchaser Indemnitee</u>" and, collectively, the "<u>Purchaser Indemnitees</u>"), forever harmless against and from all Damages sustained or incurred by any Purchaser Indemnitee as a result of or arising our of or by virtue of:
>
> * * *
>
> (c)   compensation, royalty payments or other similar payments payable to Vanguard Identification Systems, Inc. with respect to sales of any products of the Company prior to the Closing Date which are the subject of the dispute with Vanguard Identification Systems, Inc., including the case entitled <u>Vanguard Identification Systems, Inc. v. Stik Strip Laminating Company, Inc., d/b/a SSI Photo I.D.</u> (The "Vanguard Litigation");

(Exhibit F at p. 27 § 8.3.)

---

[1] Theses damages include "all liabilities, demands, claims, causes of action, regulatory or judicial proceedings or investigations, assessments, levies, losses, fines, penalties, damages, costs, and expenses . . . ." (Exhibit F to Vanguard's Supporting Memorandum at p. 26 § 8.2(a).)

The manifest intent for Goade and the Goade Trust to indemnify Vanguard is also demonstrated by Goade and the Goade Trust bargaining for and receiving the right to be kept informed of the Vanguard Litigation. (*Id*. at p. 31 § 8.10.) Goade and the Goade Trust further bargained for and received the right to approve or reject any settlement between SSI/DSI and Vanguard. (*Id*.)

Here, the result would be absurd and the intent of the parties thwarted if Goade and the Goade Trust were released from their bargained for obligation to indemnify Vanguard relying upon a boilerplate clause which clearly contradicts the intent of the parties.

Granting Vanguard's Motion for Leave to Amend will prevent such and absurd result and enforce the clear intent of the parties.

### B. Because the Indemnification Clause Is More Specific, It Controls the General, Boilerplate Third-Party Beneficiary Clause and Vanguard Is Entitled to Seek Relief Under the Agreement

The indemnification clause specifically sets forth Goade's and the Goade Trust's promise to pay any and all damages stemming from the Patent Action – clearly making Vanguard a third-party beneficiary of the Agreement because it is for the direct benefit of Vanguard. *See, Joclyn v. Joclyn*, 54 N.E.2d 475 (Ill. 1944); *Carson Pirie Scott & Co. v. Parrett*, 178 N.E. 498 (Ill. 1931). The indemnification clause, which gives Vanguard an interest in the Agreement and the third-party beneficiary language address the same subject, the indemnification clause being specific and the third-party beneficiary language being general. "It is well-established that 'where a document contains both general and specific provisions relating to the same subject, the specific provision is controlling.'" *Preuter v. State Officer Electoral Bd.*, 779 N.E.2d 322, 332 (Ill. 2002), *quoting*, *Continental Casualty Co. v. Polk Bros., Inc.*, 457 N.E.2d 1271, 1274 (Ill. 1983).

The indemnification provision controls the third-party beneficiary clause, and the general third-party beneficiary language cannot invalidate the bargained for agreement for Goade and the Goade Trust to indemnify Vanguard or vitiate their obligation to do so. Thus, Vanguard is indeed entitled to seek relief pursuant to the express terms of the Agreement.

### C. The Indemnification Clause Was Contained in One of Hundreds of Thousands of Pages of Documents Produced During the Course of Discovery

Discovery is an ongoing process for the purpose of "making relevant information available to the litigants." Fed.R.Civ.P. 26, Advisory Committee Notes, 1983 Amendment. Discovery is defined as "pre-trial devices that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial." Black's Law Dictionary, 5th Ed., p. 419. In the instant action, hundreds of thousands of pages of documents were made available and produced to Vanguard. Simply making documents available and producing documents does not, in an of itself, impute knowledge of the contents of each and every page of such documents to the recipient. Nonetheless, Defendants, without any authority whatsoever, attempt to impute knowledge of the language contained in the Agreement to Vanguard immediately upon production of the Agreement. According to Defendants, as soon as Vanguard received the hundreds of thousands of pages, Vanguard knew the contents of each and every page. Such and assumption is specious. It does not give credence to Defendants' position and should be rejected.

### D. Defendants' Claim of Some Purported Breach in Defense to Vanguard's Claims Does Not Bar Vanguard's Proposed Amendment

Without support, Defendants claim that Vanguard breached the indemnification provision of the Agreement. However, even assuming only for the sake of argument that there was a breach – which there was not – such an allegation is not a bar to Vanguard amending its complaint. Rather,

it is simply a possible factual defense to Vanguard's claims – a defense Defendants must prove to the jury, whose job it is to make factual determinations. *See*, *Armstrong v. Dwyer*, 155 F.3d 211, 216 (3d Cir. 1998).

Leave to file the Amended Complaint should be granted since Vanguard's claim states a claim upon which relief can be granted. *Philadelphia's Church of Our Savior v. Concord Township*, No. Civ.A. 03-1766, 2004 WL 228684, *3 (E.D. Pa. Feb. 4, 2004) (to assess futility, Court considers whether claim would survive motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure). In determining that Vanguard's claim is legally sufficient – which it clearly is – the Court must consider whether Vanguard is entitled to offer evidence in support of its claim. *Id*. The record evidence demonstrates that Goade and the Goade Trust contracted to indemnify Vanguard under the Agreement. Accepting all of the facts Vanguard alleges regarding Goade and the Goade Trust's contractual obligation and drawing all reasonable inferences in Vanguard's favor, Vanguard is entitled to the relief sought. *Philadelphia's Church of Our Savior v. Concord Township*, No. Civ.A. 03-1766, 2004 WL 228684, *3 (E.D. Pa. Feb. 4, 2004). If Defendants believe otherwise, they can assert their position that there was a breach of the Agreement as a defense and attempt to prove that position at trial.

Permitting amendment in this case would indeed "facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Vanguard should not be deprived the opportunity to present a claim to which it is entitled to relief, particularly when the claim is based upon the bargained for obligations of Defendants. As the Supreme Court stated in *Forman v. Davis*, 371 U.S. 178, 182 (1962): "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."

## IV. CONCLUSION

For the reasons stated herein and in the Memorandum of Law Supporting Plaintiff's Motion for Leave of Court to File a Second Amended Complaint previously filed with Court, Plaintiff respectfully requests that the Court enter an Order in the form previously submitted granting Plaintiff's Motion for Leave to File Amended Complaint.

        Respectfully submitted,
        **BOCHETTO & LENTZ, P.C.**

        GAB1066; DJP2105

        By:_____
            George Bochetto, Esquire
            David J. Perlman, Esquire
            1524 Locust Street
            Philadelphia, PA 19102
            Phone: (215) 735-3900

            Attorneys for Plaintiff
            Vanguard Identification Systems. Inc.

Dated: August 20, 2004

## CERTIFICATE OF SERVICE

I, Cynthia A. Clark, Esquire, hereby certify that I caused to be served a true and correct copy of the Reply Memorandum of Vanguard Identification Systems, Inc. in Support of Plaintiff's Motion for Leave of Court to File a Second Amended Complaint upon the following counsel as follows:

Via hand delivery upon:

> A. Richard Feldman, Esquire
> BAZELON, LESS & FELDMAN, P.C.
> 1515 Market Street, Suite 700
> Philadelphia, PA 19102-1907

Via overnight mail upon:

> Marc L. Zaken, Esquire
> EDWARDS & ANGELL
> 3 Stamford Plaza
> 301 Tresser Boulevard
> Stamford, CT 06901

> **BOCHETTO & LENTZ, P.C.**
> CAC3133
>
> By:_____
>    Cynthia A. Clark

Date: August 20, 2004