IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.** | : | **CIVIL ACTION NO.** |
| | : | **02-2943** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **RONNIE E. GOADE, SR.,** *et al.* | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of Defendants' Motion for Summary Judgment with Respect to All Counts of Plaintiff's First Amended Complaint, supporting memorandum, Plaintiff's Opposition thereto, and the record as a whole, it is hereby **ORDERED** that Defendants' Motion is **GRANTED** in its entirety.

BY THE COURT:

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC.,<br>　　　　Plaintiff<br><br>　　　　v.<br><br>RONNIE E. GOADE, SR., et al.<br>　　　　Defendants. | CIVIL ACTION<br><br>NO. 02-2943<br><br><br><br>SEPTEMBER 1, 2004 |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO ALL COUNTS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants REG Oklahoma Acquisitions, LLC (individually, "REG"), Ronnie E. Goade, Sr. (individually, "Goade"), The Ronnie E. Goade, Sr. Revocable Trust (individually, "Goade Trust"), Renise Goade Lee, Ron E. Goade, Jr., Sean Goade, and Susan M. Goade (collectively, "Defendants"), hereby move for summary judgment with respect to Counts One through Eight of plaintiff Vanguard Identification Systems, Inc.'s ("Vanguard's") First Amended Complaint ("Complaint").

Vanguard commenced this action in an attempt to collect on a judgment entered in a patent-infringement action to which none of the Defendants are parties. Vanguard claims that the Defendants in this action are liable for the judgment under a variety of different theories. However, as is more fully set forth in the Memorandum of Law In Support of Defendants' Motion for Summary Judgment With Respect to All Counts of Plaintiff's First Amended Complaint, the evidence in this case shows that Vanguard's claims are unsupported by facts, and indeed, that Defendants are entitled to summary judgment on each of Vanguard's claims.

Count I of the Complaint, which charges Goade, the Goade Trust and REG with fraud, and Count VI, which charges Goade and the Goade Trust with breach of fiduciary duty, are barred by Pennsylvania's two-year statute of limitations for such claims.  The statements and conduct which form the basis for these two claims were allegedly made by Goade, through his attorney, in 1998, **four years** before Vanguard commenced this action on or about May 26, 2002.  The claims in the Complaint that are derived entirely from Vanguard's fraud claim (conspiracy to defraud (Count II), promissory estoppel (Count III) and Vanguard's request for an accounting (Count VII)) are likewise barred by the two-year statute of limitations, as they are based on the same conduct that underlies Vanguard's fraud and breach of fiduciary duty claims.

Further, Defendants are entitled to summary judgment on Vanguard's fraud-based claims (Counts I-III and VII) *regardless* of whether they are barred by Pennsylvania's two-year statute of limitations.  The evidence in this case indisputably demonstrates that none of the Defendants in this action committed a fraud upon Vanguard.  Likewise, Vanguard's fiduciary duty claim (Count VI) must be dismissed because Defendants did not owe any fiduciary duty to Vanguard, and did not breach any such duty even if one existed.

REG is also entitled to summary judgment on Vanguard's "successor liability" claim (Count IV), because the evidence indisputably shows that REG is not, as a matter of law, the successor in interest to any of the parties against whom the judgment in the patent-infringement action was entered.

Vanguard's Uniform Fraudulent Transfer Act ("UFTA") claim (Count V) fails because none of the Defendants in this action qualify as "debtors" under the UFTA.  Vanguard's UFTA claim fails even if the Defendants in this action do qualify as "debtors" under the UFTA, because

there is no evidence in this case of an intent on the part of any of the Defendants to defraud Vanguard.

Finally, Vanguard's application for the equitable relief of a constructive trust, in Count VIII, must be dismissed as all of the underlying causes of action in the Complaint fail for the reasons set forth herein.

**WHEREFORE,** Defendants respectfully move for summary judgment with respect to all counts of Vanguard's Amended Complaint.

THE DEFENDANTS
BY THEIR ATTORNEYS

*/s/ Marc Zaken / WEL*
Marc L. Zaken (CT 03110)
mzaken@edwardsangell.com
EDWARDS & ANGELL, LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 353-6819
Fax: (888) 325-1667

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendants' Motion for Summary Judgment was sent mailed first class mail, postage prepaid to counsel for Plaintiff, addressed as follows:

George Bochetto, Esquire
David J. Perlman, Esquire
1524 Locust Street
Philadelphia, PA 19102

A. Richard Feldman, Esquire
Bazelon, Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102

this 1st day of September, 2004.

_____
Marc L. Zaken