IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC.,<br>　　　　　Plaintiff<br><br>v.<br><br>RONNIE E. GOADE, SR., et al.<br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 02-2943<br><br><br><br><br><br><br>SEPTEMBER 3, 2004 |

## MOTION TO CONTINUE TRIAL DATE

Defendants REG Oklahoma Acquisitions, LLC, Ronnie E. Goade, Sr. (individually, "Goade"), The Ronnie E. Goade, Sr. Revocable Trust (individually, "Goade Trust"), Renise Goade Lee, Ron E. Goade, Jr., Sean Goade, and Susan M. Goade (collectively, "Defendants"), respectfully request that the trial date in this action, noticed on April 8, 2004 and scheduled to commence on September 20, 2004, be continued pending the Court's ruling on three pending motions: (1) Defendants Motion for Summary Judgment with Respect to All Counts Of Plaintiff's Amended Complaint, filed on September 1, 2004; (2) Plaintiff's Motion For Leave to File Second Amended Complaint, filed on July 13, 2004; and (3) Plaintiff's Motion for Partial Summary Judgment, filed August 18, 2004. The adjudication of these three motions will have a substantial effect on the issues to be tried in this action, the parties' trial preparation, the length of the trial in this action, and could preclude the need for a trial at all. In further support of this Motion, Defendants aver as follows:

　　　　1.　　This is the first request for a continuance of the trial in this matter, and it is being made for good reason. In December, 2003, the parties submitted a proposed discovery plan to

the Court, in which they proposed a discovery cutoff in this action of June 30, 2004, and a trial date of September 20, 2004. The proposed June discovery cutoff was intended to afford the parties the months of July and August, 2004 to prepare dispositive motions, and to afford the Court with sufficient time to rule on said dispositive motions in time for the September trial. See Proposed Scheduling Order (attached hereto as Exhibit A). The trial in this action is currently scheduled to go forward on September 20, 2004.

2. In mid-May, 2004, Defendants filed an Expedited Motion to Compel Discovery Depositions ("Discovery Motion"), due to Vanguard's refusal to make two key witnesses – Vanguard's CEO and CFO – available for deposition at a mutually agreeable time prior to end of May. Defendant sought to conduct these depositions in May to afford time to conduct additional depositions in June, prior to the cutoff date of June 30, 2004.

3. In response to Defendant's Discovery Motion, the Court, by order dated May 18, 2004, ordered the parties to conclude discovery in this action on August 15, 2004. The Court did not move the September trial date.

4. The depositions of Vanguard's CEO and CFO went forward on June 15, 2004. To obtain evidence needed to rebut the deposition testimony of Vanguard's CEO and CFO, Defendants subpoenaed and deposed a number of third-party witnesses during June and July, prior to the August 15, 2004 discovery cutoff. The parties continued to vigorously conduct discovery right up to the August 15th cutoff. Defendants took the depositions of several non-party witnesses during the month of July 2004, and did not receive transcripts of all of the depositions until August. Plaintiff served responses to Defendants' written discovery requests in mid-August. Written discovery concluded only this past Monday, August 30, 2004, when

Defendants served their Objections and Responses to Plaintiff's Third Set of Requests for Production, which Plaintiff had served on July 29, 2004.

5. The parties original intent to use the months of July and August to prepare dispositive motions was thus thwarted by the fact that discovery continued right up to, and past, the August 15th discovery cutoff.

6. Only two weeks after the August 15, 2004 discovery cutoff, Defendants filed their Motion for Summary Judgment with Respect to All Counts of Plaintiff's Amended Complaint. In their Motion, Defendants argue that they are entitled to summary judgment on all of Plaintiff's claims in this action. Plaintiff's Opposition to Defendants' motion is not due until on or about September 15, 2004. If the Court grants Defendant's Motion in its entirety, **there will be no need for a trial in this action**. Even if the Court were to grant Defendants Motion only in part, such a decision could drastically reduce the amount of time needed for the trial, as well as significantly alter the parties' trial preparation.

7. On July 13, 2004, Plaintiff filed a Motion For Leave to File Second Amended Complaint ("Motion to Amend"), in which Plaintiff proposed the addition of two new claims against Defendants. Plaintiff's proposed new claims are based on an indemnification provision in the Stock Purchase & Merger Agreement ("Purchase Agreement") pursuant to which Docusystems, Inc. ("DSI") acquired Stik/Strip Laminating Company in May 1998. Defendants objected to the Motion to Amend on July 27, 2004. In their Objection, Defendants asserted that if the Court were to grant Plaintiff's Motion to Amend, Defendants would require, and would be entitled to, additional discovery.[1] Further, the adjudication of this motion will dictate whether Plaintiff will be permitted to present evidence at trial relevant to the proposed amended claims,

---

[1] As Defendants state in their Objection to Plaintiff's Motion to Amend, much, if not all, of the substantive evidence needed to rebut the allegations contained in Vanguard's two proposed new counts must be obtained from non-party witnesses who are spread out across the country, and who are not available for trial.

- 4 -

as well as whether Defendants will be required to rebut said evidence. The adjudication of this motion could therefore have a significant effect on the parties' trial preparation, as well as the length of the trial in this action.

8. On August 18, 2004, Plaintiff filed a Motion for Partial Summary Judgment. The adjudication of this motion could have a significant impact on the parties' trial preparation in this action, as well as the length of the trial in this action.

9. In addition, earlier today, Plaintiff filed a Motion for Public Judicial Sale of DSI's Chose In Action ("Sale Motion") in Vanguard's 1997 patent infringement action, <u>Vanguard Identification Systems, Inc. v. Stik/Strip Laminating Company, Inc. et al.</u> No. 97-6790 ("Patent Action"). In the Sale Motion, Vanguard seeks to commence a process according to which Vanguard can "buy" from DSI the indemnification contained in the Purchase Agreement – the very same indemnification which forms the basis for Vanguard's Motion to Amend.[2] If Vanguard were successful in its attempt to purchase this indemnification, Vanguard would undoubtedly sue Goade and the Goade Trust to seek such indemnification. There would be a substantial overlap of issues between the instant action and Vanguard's yet-to-be-filed indemnification action. For example, the Purchase Agreement provided Goade with the right to prior approval over any settlement in the Patent Action. However, the evidence discovered in this case indisputably indicates that DSI **did not** seek Goade's prior approval before agreeing to settle the Patent Action. DSI's failure to seek Goade's prior approval constitutes a material breach of contract that precludes any indemnity obligations Goade and/or the Goade Trust may have had under the Purchase Agreement. Thus, for purposes of judicial economy, Defendants

---

[2] Vanguard's Sale Motion should be construed as an admission that Vanguard cannot assert indemnification claims against Goade and the Goade trust unless it has validly been assigned or purchased the indemnification from DSI. With this admission, Vanguard's Motion to Amend, which seeks to assert those very indemnification claims against Goade and the Goade Trust in this action, should be denied.

submit that Vanguard's Sale Motion in the Patent Action should likewise be adjudicated prior to the trial in this action.

10.     Vanguard's counsel has indicated that Vanguard does not consent to the continuance requested herein, despite the fact that two of the above-mentioned pending motions in this case were filed by Vanguard, and Vanguard also recently filed the Sale Motion.

**WHEREFORE**, based on the foregoing, Defendants respectfully request that the trial date in this matter be continued pending the resolution of the three motions discussed herein, and the Sale Motion, and pending further order of the court setting a new trial date regarding any triable issues that may remain after a ruling on the pending motions.

THE DEFENDANTS
BY THEIR ATTORNEYS

_Marc Zaken/WEL_
Marc L. Zaken (CT 03110)
mzaken@edwardsangell.com
EDWARDS & ANGELL, LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 353-6819
Fax: (888) 325-1667

WEL:140600

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendants' Motion to Continue Trial Date was sent mailed first class mail, postage prepaid to counsel for Plaintiff, addressed as follows:

George Bochetto, Esquire
David J. Perlman, Esquire
1524 Locust Street
Philadelphia, PA 19102

A. Richard Feldman, Esquire
Bazelon, Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102

this 3rd day of September, 2004.

_____
Marc L. Zaken