IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC., <br> Plaintiff <br><br> v. <br><br> RONNIE E. GOADE, SR., et al. <br><br> Defendants. | CIVIL ACTION <br><br> NO. 02-2943 <br><br><br><br><br><br> SEPTEMBER 16, 2004 |

## DEFENDANTS' MOTION TO PRECLUDE TRIAL TESTIMONY OF TWO OF VANGUARD'S PROPOSED WITNESSES

Defendants REG Oklahoma Acquisitions, LLC, Ronnie E. Goade, Sr., The Ronnie E. Goade, Sr. Revocable Trust, Renise Goade Lee, Ron E. Goade, Jr., Sean Goade, and Susan M. Goade (collectively, "Defendants"), hereby move to preclude the testimony of two of Vanguard's witnesses – Carl McSpadden and Russell Kolins. Vanguard failed to identify these two witnesses pursuant to its continuing obligation to supplement its interrogatory responses, and did not identify these two individuals as potential trial witnesses until September 14, 2004, **only six days before the trial in this action is set to begin**. Vanguard's disclosure of these two witnesses on the eve of trial constitutes classic unfair surprise, because it ensures that Defendants will have neither an opportunity to depose these witnesses, nor an opportunity to serve them with subpoenas duces tecum prior to the trial in this action. In further support of this motion, Defendants aver as follows:

1.  On or about December 3, 2003, Vanguard responded to Defendants' First Set of Interrogatories. See Plaintiff's Objections and Answers to Defendants' First Set of

Interrogatories ("Interrogatory Responses") (attached hereto as <u>Exhibit A</u>). In their interrogatories, Defendants had specifically asked Vanguard to identify "all person[s], other than counsel, who have knowledge of the facts concerning the claims you [have] asserted against the defendants in the Amended Complaint." <u>See</u> Interrogatory Responses at 2 (reproducing the text of Defendants' interrogatory No. 2).

2. In response to Defendants' Interrogatories, Vanguard identified four people: Richard O. Warther, Robert W. Kane, Gary A. Rosen, and Ron E. Goade, Sr. <u>See</u> Interrogatory Responses at 2.[1]

3. Despite the fact that Rule 26(e) of the Federal Rules of Civil Procedure required Vanguard to "supplement . . . [its] disclosure or response [to discovery requests] to include information thereafter acquired," Vanguard **<u>never</u>** supplemented its Interrogatory Responses to identify any individuals other than those mentioned above. Vanguard failed to supplement its Interrogatory Responses despite the fact that the Federal Rules specifically required Vanguard to "amend a prior response to an interrogatory . . . if [Vanguard] learns that the response is in some material respect incomplete . . . ." <u>See</u> Fed. R. Civ. Pro. 26(e)(2).

4. In reliance on Vanguard's Interrogatory Responses, Defendants deposed each of the adverse witnesses identified by Vanguard. Had Vanguard supplemented its response to Interrogatory No. 2 to include additional individuals at any point during the discovery period, Defendants would have deposed the newly identified individuals, as was their right.

---

[1] In its response to Interrogatory No. 2, Vanguard also attempted to provide a "catch all" answer, suggesting that it was Defendants' responsibility to identify the persons with knowledge of the facts concerning Vanguard's own claims. <u>See</u> Interrogatory Responses at 2 (suggesting that Defendants should identify the persons with knowledge of facts supporting Vanguard's claims by reviewing the documents produced by Vanguard in this action). Vanguard has produced thousands of pages of documents in this action. Vanguard's insinuation that it was Defendants' responsibility to identify from these documents the people with knowledge supporting Vanguard's own claims is specious and should be disregarded.

5. On September 14, 2004, only six days before the trial in this action is set to commence, Vanguard sent a letter to the undersigned, identifying the following witnesses: Richard O. Warther, Robert W. Kane, Gary A. Rosen, Ron E. Goade, Charles A. Codding, Joseph P. Titterington, **Carl McSpadden, and Russell Kolins**." See Letter from D. Perlman to M. Zaken, dated September 14, 2004 ("Letter") (attached hereto as Exhibit B) (emphasis added). Prior to this letter, Vanguard **never** identified either McSpadden or Kolins as potential witnesses in this action.

6. In its Letter, Vanguard does not even provide Defendants with the courtesy of identifying who Carl McSpadden is, let alone the subject matter of McSpadden's testimony. Defendants **have not** deposed McSpadden, although they certainly would have done so if McSpadden was disclosed as a potential witness in this action.

7. In its Letter, Vanguard provides the following, open-ended and vague characterization of the subject matter of Russell Kolins' testimony: "[Kolins] will authenticate photographs and testify about investigative results." This open-ended description is essentially meaningless, as it begs the question as to what "investigative results" will form the basis for Kolins' testimony. Defendants cannot adequately prepare a cross examination of Kolins based on this vague description.[2] Regardless, Vanguard's late disclosure of this witness has robbed Defendants of their right to depose Kolins about his "investigation."

8. The court can and should preclude the testimony of both Kolins and McSpadden, due to Vanguard's violation of their continuing obligation to supplement their discovery responses under Rule 26. Likewise, the court can and should preclude the testimony of these

---

[2] Vanguard has not even specifically informed defendants which photographs will form the basis for Kolins' testimony. Defendants have assumed that the photographs about which Kolins will testify are the photographs produced by Vanguard on September 14, 2004 with the rest of Vanguard's trial exhibits. Vanguard did not provide Defendants with copies of these photographs prior to September 14th.

witnesses due to unfair surprise and the resulting prejudice Defendants will suffer if the witnesses are permitted to testify. Vanguard's last minute disclosure has absolutely precluded Defendants from obtaining discovery – including both documents via subpoenas duces tecum and deposition testimony – from either of these two witnesses. Thus, on the day Vanguard calls these witnesses to the stand, Defendants can only guess as to the subject matter of their testimony. Defendants will then, on the spot, be required to prepare a cross examination of these witnesses. This would be unfair, and would prejudice Defendants ability to properly defend themselves in this case.

**WHEREFORE**, for all of the foregoing reason, Defendants submit that the Court should grant this Motion to Preclude in its entirety, and preclude Vanguard from calling both McSpadden and Kolins as witnesses at the trial in this action.

THE DEFENDANTS
BY THEIR ATTORNEYS

_____
Marc L. Zaken (*Pro hac vice*)
mzaken@edwardsangell.com
William E. Lohnes (*Pro hac vice*)
wlohnes@edwardsangell.com
EDWARDS & ANGELL, LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 353-6819
Fax: (888) 325-1667

- 5 -

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendants' Motion to Exclude Trial Testimony of Two of Vanguard's Witnesses was sent, via facsimile and Federal Express, to counsel for Plaintiff, addressed as follows:

>George Bochetto, Esquire
>David J. Perlman, Esquire
>Bochetto & Lentz, P.C.
>1524 Locust Street
>Philadelphia, PA 19102
>FAX: 215-735-2455

>A. Richard Feldman, Esquire
>Bazelon, Less & Feldman, P.C.
>1515 Market Street, Suite 700
>Philadelphia, PA 19102
>FAX: 215-568-9319

this 16th day of September, 2004.

_____
William E. Lohnes