IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC., | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. 02-2943 |
| RONNIE E. GOADE, SR., et. al. | |
| Defendants. | |

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Vanguard Identification Systems, Inc. ("Vanguard"), by and through undersigned counsel, hereby responds to Defendants' First Set of Interrogatories.

### I. GENERAL OBJECTIONS

1. Vanguard objects on the grounds that the instant Interrogatories seek to impose a duty beyond the minimal requirements under the Federal Rules of Civil Procedure. Vanguard responds in all respects only to the extent required by the Federal Rules of Civil Procedure.

2. Vanguard objects to the extent the instant Interrogatories seek information that is protected by the attorney-client, work-product, or any or applicable privilege or immunity.

3. Vanguard objects to the instant Interrogatories to the extent that they seek information that is not relevant to the subject matter of the instant litigation and is not reasonably calculated to lead to the discovery of admissible evidence and to the extent that the Interrogatories are overly broad and unduly burdensome.

4. Vanguard objects to the instant Interrogatories as overly broad and unduly burdensome to the extent that they require Vanguard to provide information that is not within its

**DEFENDANT'S EX. 74**

possession.

5. Vanguard objects to the definition of "identify: as being overly broad and unduly burdensome and calling for information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence.

6. Vanguard objects to the definitions and instructions to the extent they attempt to impose an obligation to cull information from any and all persons ever acting on behalf of Vanguard.

7. Vanguard objects to the extent that these Interrogatories attempt to impose a continuing obligation to supply information.

8. Vanguard incorporates the above general objections into each of these specific responses set forth below.

## II. SPECIFIC RESPONSES

1. Identify the individual(s) responding on behalf of the plaintiff by providing the individual's name; any other names by which the individual is or was known; date of birth; social security number; current residence and business address(es); and current affiliation and title, if applicable, with the plaintiff.

**ANSWER**: Vanguard objects on the grounds that this Interrogatory is overly broad and unduly burdensome and calls for information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Vanguard states that its attorneys are responding on behalf of Vanguard.

2. Identify all person, other than counsel, who have knowledge of the facts concerning

the claims you are asserted against the defendants in the Amended Complaint (hereinafter "Complaint"). For each such person, provide a full name and current address and a summary of the knowledge that you believe each person possesses.

**ANSWER**: Vanguard objects on the grounds that this Interrogatory is overly broad and unduly burdensome and calls for information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving that objections, Vanguard provides the following answer. First, an answer to this Interrogatory may be derived or ascertained from the documents to be produced to Defendants, and the burden of deriving or ascertaining the answer is substantially the same for Defendants as for Vanguard. Pursuant to Fed. R. Civ. P. 33(b), this constitutes a sufficient answer to this Interrogatory. In addition, Vanguard lists the following:

    a.    Richard O. Warther, President of Vanguard Identification Systems, Inc.

    b.    Robert W. Kane, Vanguard Identification Systems, Inc.

    c.    Gary A. Rosen, Esquire, Law Offices of Gary A. Rosen, P.C., 1631 Chestnut Street, Philadelphia, PA 19103

    d.    Ron E. Goade, Sr.

3.    Itemize all elements of damages you claim against defendants, and for each element state: the amount of damages you are claiming; the manner in which you calculated damages; and the basis for your claim that you are entitled to that element of damages.

**ANSWER**: $2 million plus pre-judgment interest.

4. Identify each person you intend to call as an expert witness at trial, and as to each person identified state: the qualifications of the expert and the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and provide a summary of the grounds for each opinion.

**ANSWER**: Vanguard objects to the extent that this Interrogatory attempts to impose a burden greater than that of Fed. R. Civ. P. 26(a)(2).

5. If you have obtained any signed or unsigned statements, whether recorded or written, of any witnesses or other persons who have knowledge of any facts in this action, including the plaintiff, identify: the name and addresses of each such person; the date of the statement; the form of the statement, whether written, oral, or by recording device/stenographer; to whom the statement was made; whether the statement was signed; and in whose custody the statements is now located.

**ANSWER**: None.

6. With respect to the Judgment identified in paragraph 1 of the Complaint, identify all actions taken by or on behalf of the plaintiff to enforce and/or collect on the Judgment, including any and all filings made in accordance with the Uniform Commercial Code. In the alternative, if no step were taken to enforce and/or collect on the Judgment, identify the basis and/or grounds for such a decision.

**ANSWER**: Vanguard objects on the ground that this Interrogatory is overly broad and vague and its use of the phrase "all actions." Subject to and without waiving such objection,

Vanguard answers as follows: An answer to this Interrogatory may be derived or ascertained from the documents to be produced to Defendants and the burden of deriving or ascertaining the answer is substantially the same for the Defendants as for Vanguard. In addition, Vanguard did the following: 1) Attempted to obtain payment from the judgment debtors following entry of the judgments; 2) took discovery in aid of execution; 3) intervened in *REG v. SSI* in the Oklahoma State Court, Oklahoma City, Oklahoma; and 4) filed the instant action.

7. Identify all investigations and/or inquiries performed by the plaintiff between the time it first learned of the possibility that SSI would be sold and the time Judgment was entered against SSI, July 10, 2000, concerning the nature of the sale, including, but not necessarily limited to, whether the assets of SSI would be encumbered as a result of the sale. In the alternative, if no investigation and/or inquiries were undertaken, identify the rationale behind and/or grounds supporting the decision not to investigate.

**ANSWER**: Vanguard incorporates the averments of the Amended Complaint and exhibits attached thereto. Further, the answer to this Interrogatory may be deriving or ascertained from the documents to be produced to Defendants, and the burden of deriving or ascertaining the answer is substantially the same for the Defendants as for Vanguard.

8. Identify all facts and/or theories that support the allegation that the Patent Action naming SSI as a defendant "presented an overwhelming clear case of infringement" as alleged in Paragraph 20 of the Amended Complaint.

**ANSWER**: Vanguard incorporates the averments of the Amended Complaint and

exhibits attached thereto. Further, the answer to this Interrogatory may be deriving or ascertained from the documents to be produced to Defendants, and the burden of deriving or ascertaining the answer is substantially the same for the Defendants as for Vanguard.

9. With respect to the allegations set forth in Paragraphs 40 and 41 of the Complaint, that plaintiff and other third parties expressed an interest in purchasing SSI in the year 2000, identify: all facts that support these allegations; all person with knowledge of these allegations; all documents concerning these allegations; and the names of all entities that expressed an interest in purchasing SSI.

**ANSWER**: Vanguard incorporates the averments of the Amended Complaint and exhibits attached thereto. Further, the answer to this Interrogatory may be deriving or ascertained from the documents to be produced to Defendants, and the burden of deriving or ascertaining the answer is substantially the same for the Defendants as for Vanguard.

10. Describe any and all contacts or communications, whether oral or written, between Plaintiff, or a representative of the plaintiff, and DocuSystems, Inc. ("DSI") or Stik/Strip Laminating Co., Inc. ("SSI"), or a representative of either entity, from January 2000 to present and concerning, addressing or referencing any of the claims identified in the Complaint. Identify the individual that made the contact, the individual with whom the contact was made, the date(s) of such contact or communications and the substance thereof.

**ANSWER**: Vanguard incorporates the averments of the Amended Complaint and exhibits attached thereto. Further, the answer to this Interrogatory may be deriving or ascertained

from the documents to be produced to Defendants, and the burden of deriving or ascertaining the answer is substantially the same for the Defendants as for Vanguard.

11. Identify all representatives of the plaintiff with knowledge of the facts concerning the claims you are asserting against the defendants in the Amended Complaint, including those responsible for directing the litigation and pursuing collection of the judgment rendered in the matter of <u>Vanguard v. Stik/Strip Laminating Co., Inc.</u>, United States District Court, Eastern District of Pennsylvania, No. 97-6790. For each such person, provide a full name and current address and a summary of the knowledge that you believe each person possesses.

**ANSWER**: Vanguard objects on the grounds that this Interrogatory is overly broad and unduly burdensome and calls for information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving that objections, Vanguard provides the following answer. An answer to this Interrogatory may be derived or ascertained from the documents to be produced to Defendants, and the burden of deriving or ascertaining the answer is substantially the same for Defendants as for Vanguard. Pursuant to Fed. R. Civ. P. 33(b), this constitutes a sufficient answer to this Interrogatory. In addition, Vanguard lists the following:

    a. Richard O. Warther, President of Vanguard Identification Systems, Inc.

    b. Robert W. Kane, Vanguard Identification Systems, Inc.

    c. Gary A. Rosen, Esquire, Law Offices of Gary A. Rosen, P.C., 1631 Chestnut Street, Philadelphia, PA 19103

12.     Identify the date and manner by which you first learned that the assets of SSI were encumbered as a result of the May 29, 1998 sale referenced in Paragraph 28 of the Complaint.

**ANSWER:**   An answer to this Interrogatory may be derived or ascertained from the documents to be produced to Defendants, and the burden of deriving or ascertaining the answer is substantially the same for Defendants as for Vanguard.

Vanguard reserves the right to supplement this Answer if and when additional information becomes available to Vanguard from either an employee or agent of Vanguard or from a documentary source.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: _____
George Bochetto, Esquire
David J. Perlman, Esquire
1524 Locust Street
Philadelphia, PA 19102
Ph: (215) 735-3900
Fx: (215) 735-2455

Date: 12/3/03

Attorneys for Plaintiff
Vanguard Identification Systems, Inc.

## CERTIFICATE OF SERVICE

I, David J. Perlman, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing Plaintiff's Objections and Answers to Defendants' First Set of Interrogatories upon the following counsel via facsimile and first class-mail:

A. Richard Feldman, Esquire
BAZELON, LESS & FELDMAN, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102-1907

Marc L. Zaken, Esquire
EDWARDS & ANGELL
3 Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
Facsimile: (888) 325-1667

BOCHETTO & LENTZ, P.C.

By: _____
David J. Perlman, Esquire

Date: 10/3/03