IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VANGUARD IDENTIFICATION SYSTEMS, INC.,** : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | NO. 02-2943 |
| : | |
| **RONNIE E. GOADE, SR., et al,** : | |
| : | |
| Defendants. : | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE TRIAL TESTIMONY

Contrary to Defendants' assumptions, they are not subject to unfair surprise by Plaintiff's witnesses Carl McSpadden and Russell Kolins. These witnesses came to the attention of Plaintiff's counsel for the first time on or about September 13, 2004. Disclosure to Defendants was made by telephone on September 14, 2004, and by an overnight letter of the same date, which Defendants attached to their Motion.

Russell Kolins is an investigator who traveled to Oklahoma and located Mr. McSpadden during the evening of September 9, 2004. He communicated the results of his conversation with Mr. McSpadden to Plaintiff's counsel on Monday, September 13, 2004.

Contrary to Defendants' claim that Plaintiffs "lacked the courtesy" to disclose who Mr. McSpadden is, David J. Perlman, Esquire made such a disclosure during the telephone conversation of September 14, 2004 between Mr. Perlman and Marc L. Zaken, Esquire; specifically, Mr. Perlman disclosed that Mr. McSpadden was the Chief Financial Officer of Stik/Strip Laminating, Inc. while it was owned by Docusystems and that later Mr. McSpadden was retained by Defendants Ron E. Goade, Sr. and REG Oklahoma Acquisitions, LLC after they re-purchased Stik/Strip Laminating, Inc. Given his position and his employment with two of the Defendants, even if Mr. Perlman had

not made the disclosure, it was perfectly clear to Defendants who he was. His knowledge, as Chief Financial Officer, obviously concerns the finances of the companies he was employed with – knowledge that the Defendants must share. Thus, Defendants had a complete answer to the interrogatory from the moment of the disclosure, which was virtually the same moment Plaintiffs knew about Mr. McSpadden. Plaintiffs cannot expect to answer interrogatories before they themselves know the answer.

As disclosed, Mr. Kolins will testify on the authentication of certain photographs. Defendants understand exactly what photographs Plaintiffs are referring to since they were exchanged as trial exhibits. There were taken by Mr. Kolins during his visit to Oklahoma and are photographs of the REG Acquisitions, LLC plant in Edmond, Oklahoma. Mr. Kolins' investigative results, which Defendants are concerned about, simply involve his locating Mr. McSpadden.

Plaintiffs could not have disclosed these witnesses any sooner, given the timing of their discovery by Plaintiffs. Even if they were not listed as trial witnesses for Plaintiff's case in chief, Plaintiffs would be entitled to call them as rebuttal witnesses.

    Respectfully submitted,

    **BOCHETTO & LENTZ, P.C.**
      DJP2105

    By:_____
      George Bochetto, Esquire
      David J. Perlman, Esquire
      1524 Locust Street
      Philadelphia, PA 19102
      Ph: (215) 735-3900
      Fx: (215) 735-2455

      Attorneys for Plaintiff
      Vanguard Identification Systems. Inc.

Dated: September 17, 2004

## CERTIFICATE OF SERVICE

I, David J. Perlman, Esquire, hereby certify that I caused to be served a true and correct copy of Plaintiff's Opposition to Defendants' Motion to Preclude Trial Testimony upon the following counsel as follows:

Via hand delivery upon:

> A. Richard Feldman, Esquire
> BAZELON, LESS & FELDMAN, P.C.
> 1515 Market Street, Suite 700
> Philadelphia, PA 19102-1907

Via facsimile upon:

> Marc L. Zaken, Esquire
> EDWARDS & ANGELL
> 3 Stamford Plaza
> 301 Tresser Boulevard
> Stamford, CT 06901
> Facsimile: (888) 325-1667

> **BOCHETTO & LENTZ, P.C.**
> DJP2105
>
> By:_____
>    David J. Perlman

Date: September 17, 2004