# Exhibit A

Case 2:02-cv-02943-JF   Document 94-2   Filed 11/11/2004   Page 1 of 6

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

                                - - -

| | | |
|---|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC. | : | CIVIL ACTION NO. 02-2943 |
|  | : |  |
| v. | : | Philadelphia, Pennsylvania |
|  | : | September 29, 2004 |
| RONNIE E. GOADE, SR., Individually and as Trustee for the Ronnie E. Goade, Sr. Revocable Trust, et al | : | 12:42 o'clock p.m. |

```
                     JURY TRIAL
       BEFORE THE HONORABLE JOHN P. FULLAM
        UNITED STATES DISTRICT COURT JUDGE
```

                                - - -

APPEARANCES:

For the Plaintiffs:   GEORGE BOCHETTO, ESQUIRE
                      Bochetto & Lentz, PC
                      1524 Locust Street
                      Philadelphia, PA  19102

For the Defendants:   MARC L. ZAKEN, ESQUIRE
                      Edwards & Angell, LLP
                      Three Stanford Plaza, Suite 1310
                      Stanford, CT  06901

                                - - -

Audio Operator:       John Stasny

Transcribed by:       Geraldine C. Laws, CET

(Proceedings recorded by For The Record Gold digital sound recording; transcript provided by AAERT-certified transcribers.)



**Laws Transcription Service**
48 W. La Crosse Avenue
Lansdowne, PA 19050
(610) 623-4178

CERTIFICATION

I hereby certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_Geraldine C. Laws_      10/20/04

Geraldine C. Laws, CET                    Date
Laws Transcription Service

1  negligent misrepresentation, that you've also found that that
2  claim is barred by the statute of limitations. Do you
3  understand that?
4        (No audible response.)
5        THE COURT: Okay. Members of the jury, I want to
6  thank you for your service in this case. You've certainly
7  been hard working and conscientious. The fact that you
8  served on a jury in this case means that you can't be
9  required to serve on a jury in federal court for at least two
10 years, but if the computer strikes again I hope you will come
11 see us.
12       You are welcome to discuss the case with the lawyers
13 if you want to. You don't have to if you don't want to. And
14 I want to once again thank you for your service and wish you
15 a bon voyage. You're now excused.
16       You may talk to the jurors if you wish.
17       MR. ZAKEN: Your Honor, is court in recess, or are
18 we going to return on this, or are you going to enter a
19 judgment based on --
20       THE COURT: Well, let's let the jury get out first.
21       (Jury exits the courtroom at 4:35 o'clock p.m.)
22       THE COURT: I will note for the record that as
23 previously suggested to counsel indirectly at some of our
24 sidebar conferences, if the jury had not reached a verdict in
25 favor of the defendants I would have granted the defendant's

1   judgment as a matter of law for the following reasons:  I
2   don't think that any reasonable lawyer could possibly have
3   interpreted that May 26th, 1998 letter as an assurance that
4   there would not be any liens on the assets.  And I don't
5   think any rational person could have relied on that.
6          The additional factor is that at the time that that
7   alleged misrepresentation was made, the only thing that
8   plaintiff was prevented from doing was prevented from coming
9   into this court to get a preliminary injunction against the
10  distribution of the proceeds of the sale.
11         Now, bear in mind that at that point all we had was
12  a hotly litigated patent case, and the notion that a judge in
13  advance of trial is expected to -- would be likely to enter
14  an order interfering with the corporation's ability to sell
15  itself to somebody else with a bigger company is ridiculous.
16  The most that would have happened would be that it would have
17  been made certain that Docusystems as the purchaser would
18  become liable for any patent infringement that later was
19  established.  And since Docusystems wasn't made a defendant
20  in the case, in short there's no causal link between what
21  happened in 1998 and the later inability of the defendants in
22  the patent case to pay the judgment.
23         Similarly on statute of limitations grounds I don't
24  think there's any question whatsoever, but any
25  misrepresentation was certainly known long before the two

10

1  years was up.
2          So to make a long story short, I don't think that
3  you should feel at all surprised.
4          On the basis of the jury's findings, I direct that
5  judgment will be entered in favor of the defendants and this
6  action is dismissed with prejudice.  Either side may appeal
7  within the normal time.
8          MR. ZAKEN:  And may I submit an application for
9  costs, your Honor?
10         THE COURT:  For what?
11         MR. ZAKEN:  For costs.
12         THE COURT:  You don't do that to me, you do that to
13 the clerk.
14         MR. ZAKEN:  Thank you, your Honor.
15         MR. BOCHETTO:  Your Honor, are you suggesting that
16 we not file post-trial motions?
17         THE COURT:  Not at all, go right ahead.
18         MR. BOCHETTO:  Okay.  I have a series of post-trial
19 motions that I will be filing, your Honor.
20         THE COURT:  Well, you're not going to file them
21 today?
22         MR. BOCHETTO:  Pardon me?
23         THE COURT:  You're not going to file them today?
24         MR. BOCHETTO:  No, sir.
25         THE COURT:  Okay.