# Exhibit G

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                              - - -

VANGUARD IDENTIFICATION       :  CIVIL ACTION NO. 02-2943
SYSTEMS, INC.                 :
                              :
              v.              :  Philadelphia, Pennsylvania
                              :  September 27, 2004
RONNIE E. GOADE, SR.,         :  10:12 o'clock a.m.
Individually and as Trustee   :
for the Ronnie E. Goade, Sr.  :
Revocable Trust, et al        :
. . . . . . . . . . . . . .

                          JURY TRIAL
             BEFORE THE HONORABLE JOHN P. FULLAM
             UNITED STATES DISTRICT COURT JUDGE

                              - - -


APPEARANCES:

For the Plaintiffs:    GEORGE BOCHETTO, ESQUIRE
                       Bocchetto & Lentz, PC
                       1524 Locust Street
                       Philadelphia, PA  19102

For the Defendants:    MARC L. ZAKEN, ESQUIRE
                       Edwards & Angell, LLP
                       Three Stanford Plaza, Suite 1310
                       Stanford, CT  06901

                              - - -

Audio Operator:        John Stasny

Transcribed by:        Paula Curran, CET

(Proceedings recorded by For The Record Gold digital sound
recording; transcript provided by AAERT-certified
transcribers.)
```



**Laws Transcription Service**
48 W. La Crosse Avenue
Lansdowne, PA 19050
(610) 623-4178

American Association of
Electronic Reporters & Transcribers, Inc.

## CERTIFICATION

I hereby certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_Geraldine C. Laws_      10/20/04

Geraldine C. Laws, CET      Date
Laws Transcription Service

1   is your decision.  I'm going to give you certain preliminary
2   instructions and then we will hear the arguments of the
3   lawyers on both sides.  And then you will reach your verdict.
4           You understand, of course, that you are the people
5   who analyze the testimony, decide which witnesses are
6   credible and which ones are not credible.  What inferences
7   you draw from the evidence.  What inferences you draw from
8   the agreed facts and so forth.  And nothing which I will say
9   in the course of these instructions is intended to express an
10  opinion of my own as to what your verdict should be.  And
11  even if I did express an opinion it wouldn't be binding on
12  you.  So, I want you to be sure that you understand that you
13  are the people who decide the case in all respects.
14          There is just a few legal principles which I want to
15  make sure you understand.  Because of the way the case has
16  been presented you might get confused at some of this stuff.
17  But you understand that in the law a corporation is
18  considered a person, separate and distinct from its
19  shareholders.  If you own shares of stock in General Motors
20  and General Motors borrows money from a bank, you are not
21  personally liable to repay that loan, the corporation is.
22  And it's important that you understand the distinction
23  between when a corporation is sold by means of a sale of all
24  the stock in the corporation versus when a corporation's
25  assets are sold.  When the corporation's assets are sold, the

1  back a security interest in the assets and registers that
2  security interest in the appropriate office of the Secretary
3  of State in the state where it is located, that is a public
4  notice that they have a lien on all these assets.  And when
5  they, if they foreclose, that cuts off any claim that the
6  purchaser of the assets from them would be liable for the
7  debts of the seller, unless there is bad faith.  Unless the
8  sale is carried out in other than a commercially reasonable
9  manner.
10        So, the argument here is and you, of course, will be
11 arguing both sides of this proposition, that there were some
12 unusual features to this sale, this purchase of the assets by
13 Mr. Goade, that rendered it suspicious and gives rise to an
14 inference that it was not carried out in good faith for the
15 purpose of simply foreclosing and paying back the bank.  What
16 was really done was they devised for making sure that Mr.
17 Goade could continue to operate the business the same as it
18 had been before.  This issue of successor liability is, as I
19 say, another issue which you will have to resolve.
20        Now, in order to help you grasp these issues and
21 deal with them, we've prepared a verdict form in the form of
22 certain questions.  And when you have answered these
23 questions, you will have reached your verdict.  In order to
24 answer any question, you must all agree with the answer that
25 you're giving.

1  establishes that SSI and DocuSystems were liable to the
2  plaintiff, Vanguard, in the sum of two million dollars plus
3  interest thereafter for infringing the patent before that
4  date.  You are not permitted to reconsider whether the
5  patent was valid or whether the patent was infringed.  You
6  must assume on the basis of that judgment that, indeed, the
7  patent had been infringed and it was valid.  That is not the
8  issue for you to decide.  The issue of you to decide is
9  whether any of these current defendants can be held liable to
10 pay off that judgment or to pay damages for
11 misrepresentation.
12         In order to hold REG responsible as a successor
13 corporation, it must be established to your satisfaction by
14 the fair weight of the evidence that there has been a
15 continuity of ownership throughout these transactions.  In
16 other words, that whatever changes in ownership took place
17 were simply cosmetic and did not actually amount to the
18 establishment of a new business.  You've heard the arguments
19 on both sides of that.  I'm not expressing any opinion one
20 way or the other.  I just want to make sure that you
21 understand that any voluntary sale of assets to a company
22 which is, in effect, simply a continuation of the previous
23 owner's business, would render the purchaser corporation a
24 successor and liable for the debts of the previous
25 corporation.

1    Regardless of that, if the sale to Mr. Goade of the
2    assets or last transaction that you're concerned with.  If
3    that sale of the assets was made by Heller Financial having a
4    legitimate claim and having foreclosed its claim and complied
5    with the provisions of the uniform commercial code in
6    connection with the sale, then Mr. Goade would not be liable
7    as a successor -- his corporation would not be liable as a
8    successor.  The issue there is was the sale carried out in
9    compliance with the uniform commercial code, which means was
10   -- among other things -- was it commercially reasonable?
11   Conducted in a commercially reasonable fashion.  And that
12   includes such things as whether the bank selling the --
13   Heller Financial caused bids to be solicited.  Notice of the
14   availability of the property, of the assets to be
15   disseminated among people who might be interested in buying
16   it.  And finally, whether they acted reasonably in accepting
17   the bid that they accepted.  You've heard the arguments both
18   ways on that and I won't make any further comment.
19       One other minor point, you get to question number,
20   well, let's see, which is it?  Question in section five.  The
21   question, did Mr. Goade sell his stock in StikStrip to
22   DocuSystems with actual intent to hinder, delay or defraud
23   Vanguard?  One of the other lawyers, I think, inadvertently
24   interpreted that question as applying to the sending of the
25   letter on May 26th.  This question relates to the purpose of

1  his selling his stock in the first place. And the issue is
2  whether he sold his stock in StikStrip to Vanguard for the
3  purpose of hindering, delaying or defrauding Vanguard.
4      Now, there are a great many exhibits that will be
5  available to you. I'm sure that you will want to have with
6  you the May 26, 1998 letter which plaintiffs are relying
7  upon. You may wish to see some or all of the documents
8  reflecting the sale transaction. The Exhibit 32, which has
9  been referred to, the stock purchase or merger agreement.
10 There was some reference to that, disclosing on page one that
11 there were going to be liens created. I don't see any
12 reference to liens on page one, but there may be some
13 elsewhere in the document. And if you want to have it, you
14 may have it sent out to you.
15     Any other exhibits that you want to see we can send
16 out to you on request. I just want to make sure that you
17 don't feel that because there are two feet worth documents
18 piled up that you're going to have to go through every word
19 of every one of those documents and spend the next six months
20 reviewing papers.
21     The basic issue, as I'm sure you understand is, do
22 you agree that matters occurred as Mr. Goade has told us. Or
23 do you draw the inferences that the plaintiff and his
24 witnesses have suggested. And that's the issue for you to
25 decide and it's going to be left to your solemn decision.