IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANGUARD IDENTIFICATION | : | CIVIL ACTION |
| SYSTEMS, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| RONNIE E. GOADE, SR., et al. | : | NO. 02-02943-JF |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    February 14, 2005

Plaintiff, Vanguard Identification Systems, Inc.,
brought suit against a company named Stik/Strip for patent
infringement.  Stik/Strip was a closely held corporation owned
and controlled by the defendant in this action, Ronnie E. Goade,
Sr.  While the patent infringement case was pending, Mr. Goade
arranged to sell the company to a larger outfit, DocuSystems,
Inc.  Having been advised of the pending sale, plaintiff's
attorneys notified Stik/Strip's patent counsel that they were
considering seeking an injunction to prevent dissipation of the
purchase price, or the establishment of an escrow fund so that
they would be able to collect any damages they might establish in
the patent litigation.  In reply, on May 26, 1998, Stik/Strip's
patent counsel wrote a letter to plaintiff's counsel which
included the following:

> "The transaction involves the sale of stock
> and as far as known to Ron Goade, Sr., there
> is nothing in the transactional documents
> which leads him to believe that SSI's assets
> will be encumbered or depleted by the sales

> transaction or that the sale will have a
> material adverse impact on SSI's balance
> sheet."

After receiving this communication, plaintiff's lawyers took no further action to freeze the sale proceeds.

Mr. Goade did, in fact, sell all of his stock in Stik/Strip to DocuSystems for a substantial price, and Stik/Strip became a subsidiary of DocuSystems, Inc.  As part of the arrangement, Mr. Goade continued to serve Stik/Strip as a consultant and highly-paid employee, and was made a member of the board of directors.  The parties to the sale acknowledged the pendency of plaintiff's patent infringement lawsuit, and agreed that it would continue to be defended by the new owners of Stik/Strip.  It was also expressly agreed that the patent case could not be settled without Mr. Goade's consent.

After the purchase, DocuSystems transferred a substantial part of Stik/Strip's operations from the previous location in Oklahoma to other facilities in Tennessee, changed the method of manufacture, and used a different kind of raw materials.  Some of these changes appear to have been disastrous, and Stik/Strip's fortunes rapidly declined.  Eventually, plaintiff was advised that Stik/Strip could no longer afford to defend the patent litigation.  At about the same time, Stik/Strip fired Mr. Goade and removed him from the board of directors, and

Mr. Goade brought suit against Stik/Strip to enforce his employment contract.

On July 10, 2000, a consent judgment was entered in this court in favor of Vanguard and against Stik/Strip for damages sustained as a result of the patent infringement. Stik/Strip agreed to the entry of this judgment, but did not obtain Mr. Goade's consent.

In order to finance the 1998 purchase of Mr. Goade's ownership interest in Stik/Strip, DocuSystems borrowed money from a Chicago financial firm, and the loan was secured by the assets of Stik/Strip. As Stik/Strip's fortunes declined, the loan was in default, and the financial institution foreclosed. Various persons and entities were solicited to bid at the foreclosure sale, among them Mr. Goade. Mr. Goade's bid was accepted, and he formed a new company, REG, Inc., which purchased all of the remaining assets of Stik/Strip for $2,000,000. Mr. Goade invested substantial additional sums to replace and refurbish Stik/Strip's assets, and to revitalize Stik/Strip's operations. REG continues to use the Stik/Strip name, and operates at the same Oklahoma address where Mr. Goade originally established it.

On July 10, 2002, Vanguard brought the present action, seeking to hold REG and Mr. Goade liable to pay the consent judgment which had earlier been entered against Stik/Strip. Plaintiff advanced several liability theories: (1) fraudulent

misrepresentation, because Vanguard was led to believe that the
Stik/Strip assets would not be encumbered as a result of Mr.
Goade's sale of his stock; (2) negligent misrepresentation as to
that issue; (3) promissory estoppel, on the theory that Mr. Goade
in 1998 had, in effect, promised Vanguard that the assets would
not be encumbered; and (4) successor liability.  In answer to
interrogatories, the jury made the following findings: (1) Mr.
Goade was not responsible for fraudulent misrepresentations or
conspiracy to defraud; (2) Mr. Goade did cause a negligent
misrepresentation to have occurred; but all of plaintiff's tort-
based claims are barred by the statute of limitations.  The jury
rejected plaintiff's promissory estoppel and successorship
claims.  And, although in answer to a final question, the jury
established that plaintiff's damages amounted to $1,296,539.31,
the seeming inconsistency was resolved when, in answer to a
question from the court, the jury all agreed that they understood
that plaintiff could not recover any damages because the statute
of limitations barred the claims.

Plaintiff now seeks judgment as a matter of law, or a
new trial.  As I noted of record at the time, I am satisfied that
the record as a whole would have warranted entry of judgment as a
matter of law in favor of the defendants.  The carefully vague
wording of the May 26, 1998 letter from the Oklahoma patent
attorney fell far short of a factual representation, and

4

plaintiff's purported reliance thereon was patently unreasonable. Moreover, it was undisputed that plaintiff learned that Stik/Strip had encumbered its assets in order to raise the money to buy Mr. Goade's stock far more than two years before this lawsuit was filed.  Plaintiff's argument that the statute of limitations did not begin to run until the consent judgment in the patent case was entered is utterly lacking in merit.  The foreclosure sale was commercially reasonable in all respects; purchasers of the assets obtained them free and clear of all liabilities.

Rather than grant judgment as a matter of law in favor of the defendants, I submitted the case to the jury.  The jury verdict is amply supported by the evidence, and is unassailable.

For a new trial, plaintiff argues that the issue of the statute of limitations was improperly submitted to the jury because the jury was asked to determine whether plaintiff learned of the alleged fraudulent or negligent misrepresentations more than two years before suit was filed, whereas, according to plaintiff, the question should have been when plaintiff first sustained damages as a result of the alleged misrepresentations. Even on that theory, however, it is clear that, as plaintiff repeatedly contended in the course of the trial, the initial detriment it sustained as a result of the alleged

misrepresentations was that plaintiff refrained from seeking injunctive relief in the patent litigation.

Plaintiff further argues that the jury's verdict was "coerced" because of opinions expressed by the trial judge in the course of explaining the jury interrogatories and answering a later question from the jury. Specifically, the jury sought clarification of question number 1 under Section VI (Successor Liability):

> "Did REG purchase the assets of Stik/Strip at the July 2000 foreclosure sale in order to enable SSI or DocuSystems to escape liability for the claims asserted by Vanguard in the patent litigation?"

I commented to the effect that, on the basis of my recollection of the evidence, an affirmative answer to that question seemed unlikely, but I expressly left the issue up to the jury to decide. There is no sufficient basis for granting a new trial.

Finally, I reiterate my firm conclusion that, actually, defendants were entitled to judgment as a matter of law, at the close of all of the evidence. The jury's verdict merely confirms that conclusion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


VANGUARD IDENTIFICATION          :          CIVIL ACTION
SYSTEMS, INC.                    :
                                 :
          v.                     :
                                 :
RONNIE E. GOADE, SR., et al.     :          NO. 02-02943-JF


ORDER


AND NOW, this 14th day of February, 2005, IT IS

ORDERED:

1.   Plaintiff's motion for judgment as a matter of law

is DENIED.

2.   Plaintiff's motion for a new trial is DENIED.

3.   JUDGMENT is ENTERED in favor of the defendants and

against the plaintiff.




BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.