IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANGUARD IDENTIFICATION SYSTEMS, INC. | : | CIVIL ACTION NO. 02-2943 |
| Plaintiff, | : | |
| v. | : | |
| RONNIE E. GOADE, SR., *et al.* | : | |
| Defendants. | : | JUNE 30, 2006 |

### DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS

Defendants REG Oklahoma Acquisitions, LLC, Ronnie E. Goade, Sr., The Ronnie E. Goade, Sr. Revocable Trust and Susan M. Goade hereby reply to Plaintiff's Objection to Defendants' Bill of Costs. In support of Defendants' reply, Defendants aver as follows:

1. Defendants are the prevailing party, which is the only predicate necessary to obtain costs in accordance with Federal Rule of Civil Procedure 54. Not only was judgment issued in favor of Defendants on all claims advanced by Plaintiff at the District Court level, the Third Circuit Court of Appeals affirmed the judgment of the District Court in its entirety. Defendants are entitled to all costs sought in Defendants' Bill of Costs dated February 15, 2006.

2. Plaintiff's Objection to the Bill of Costs is frivolous and pursued in bad faith. While Plaintiff claims that Defendants are not entitled to recover costs because of Defendants' "unclean hands, bad faith, dilatory tactics, and failures to comply with process . . . ," Plaintiff fails to identify any authority for this position and fails to identify any examples to support these outlandish claims. It is Plaintiff, on the other hand, that pursued meritless claims against Defendants which were dismissed both by the District Court and the Third Circuit.

FILED
JUL 3 - 2006
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

1

3. Defendants are entitled to all costs associated with the depositions that were videotaped for use at trial and shown to the jury at the trial in this action. These depositions were videotaped because it was understood that these individuals would not be available to testify in person at trial. These depositions were taken remotely to reduce expenses of the parties and their counsel. Furthermore, a videotaped deposition, as oppossed to a written transcript, is the preferred method when a witness is not available for trial because it provides jurors an increased ability to judge the credibility and demeanor of a witness. Plaintiff also videotaped depositions for use at trial and, thus, recognized the value of a videotaped deposition. The costs associated with the videotaped depositions were necessarily incurred in connection with this trial.

4. The photocopy charges for trial exhibits were also necessarily incurred. These exhibits were used at trial and shown to the jurors for exemplification. Given the large number of exhibits introduced in this case, Defendants provided each juror with a trial exhibit binder. These trial exhibit binders allowed each juror to more easily and efficiently review the trial exhibits. The photocopy charges are supported by an invoice from Bazelon Less & Feldman, P.C. and further supported by the Verification of William Lohnes, Esq. who attested to reviewing each item on the Bill of Costs and confirmed that each item was correct and necessarily incurred.

Wherefore, based on the foregoing, and for the reasons advanced in the Bill of Costs and the Supplemental Declaration in Support of Defendants' Bill of Costs, Defendants requests Costs be taxed in the amount of $14,723.60 against Plaintiff.

THE DEFENDANTS
BY THEIR ATTORNEYS

_____
Marc L. Zaken (Pro Hac vice)
mzaken@eapdlaw.com
Edwards Angell Palmer & Dodge LLP
301 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 353-6819
Fax: (888) 325-1667

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendants' Reply to Plaintiff's Objection to Bill of Costs was mailed via first class mail, postage prepaid, to:

George Bochetto, Esquire
David J. Perlman, Esquire
Bochetto & Lentz
1524 Locust Street
Philadelphia, PA 19102

A. Richard Feldman, Esquire
Bazelon, Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102

this 30th day of June, 2006.

_____
Marc L. Zaken

FILED
JUL 3 - 2006
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk