**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VANGUARD IDENTIFICATION** | : | **CIVIL ACTION** |
| **SYSTEMS, INC.** | : | |
| | : | |
| **v.** | : | |
| **RONNIE E. GOADE, SR.** | : | **NO. 02-2943** |

## CLERK'S TAXATION OF COSTS

Plaintiff brought this civil action against defendant, and judgment was entered in favor of defendant, who filed his bill of costs on February 15, 2005.  Plaintiff filed objections to the bill of costs on February 22, 2005. Counsel for defendant responded to these objections on July 3, 2006.

It is well-established that district court costs, may not be imposed in federal district courts except where they are authorized by either a statute or a rule of court. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995).  The federal Taxation of Costs statute, 28 U.S.C. §1920, lists those items of district court costs taxable in the first instance by the Clerk.  Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000).  These items taxable in the first instance by the Clerk, as listed in 28 U.S.C. §1920, are:

> "(I) Fees of the clerk or marshal;
> "(2) Fees of the court reporter for all or any part of its stenographic transcript necessarily obtained for use in the case;
> "(3) Fees and disbursements for printing and witnesses;
> "(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> "(5) Docket fees under (28 U.S.C. §1923); (and,)
> "(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under (28 U.S.C. §1828)."

1

The costs sought by defendant are all, at least arguably, of those types of costs stated previously as being listed in the taxation statute, 28 U.S.C. §1920. Federal Rule of Civil Procedure 54(d)(1) is incorporated into the law of Clerk's Taxations of Costs established by 28 U.S.C. §1920.  Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988).  Federal Rule of Civil Procedure 54(d)(1) directs that "costs other than attorney fees" (i.e. those costs authorized by 28 U.S.C. §1920) "shall be allowed as of course to the prevailing party unless the court otherwise directs" (emphasis added).  See, Buchanan v. Stanships, Inc., 485 U.S. 265 (1988).  This language creates a heavy presumption that "the 'prevailing party' *automatically* is entitled to costs" as a matter of course, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920.  Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added).  Accord, In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).  This heavy presumption is  based on the federal policy that a Clerk's Taxation of Costs is seen as a ministerial act in civil cases,

2

and is not seen as a penalty against the losing party or parties.  Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998).  A consequence of this heavy presumption is that the non-prevailing party bears the burden of proof, and must overcome the presumption in favor of the taxing of costs against that non-prevailing party.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998).  Because of this heavy presumption, it is considered punitive towards a prevailing party to deny to that prevailing party costs which are ordinarily automatically taxed under 28 U.S.C. §1920.  Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975).  As a further result of this presumption, in the event taxable costs are denied to a prevailing party, the Clerk must specifically state what defect, bad act or impropriety on the part of that prevailing party leads the Clerk to deny to that prevailing party otherwise allowable costs.  Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Pearlstine v. United States, 649 F.2d 194, 198-9 (3rd Cir. 1981); ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, (3rd Cir. 1975).  See, also, In Re Olympia Brewing Co. Securities Litigation, 613 F.Supp. 1286, 1302 (N.D.Ill. 1985).  In examining the relevant caselaw concerning taxations of costs by the Clerk of Court, there is a recurring theme that the prevailing party may recover

3

those types of costs listed in 28 U.S.C. §1920 that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether the items for which costs are sought were actually used. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). See, also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962). Moreover, the bill of costs in the instant matter is accompanied by an affidavit from counsel, pursuant to 28 U.S.C. § 1924, stating that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight regarding the Clerk's determination as to whether the requested costs are allowable. Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, 246 F.2d 867 (3d Cir. 1957). See, also, Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985). Since the costs sought by defendant are all, at least arguably, of those types of costs listed in the taxation statute, 28 U.S.C. §1920, we are of the view that plaintiff bears the

4

burden of proof in this matter.

   To meet this burden of proof plaintiff raises two general objections. Plaintiff raises as the first general objection that it brought the underlying lawsuit in good faith. The bare allegation that an action was brought in good faith and was neither frivolous, unreasonable nor without foundation is not sufficient to overcome the presumption inherent in Fed. P. Civ. P. 54(d) that "costs <u>shall</u> be allowed <u>as of course</u> to the prevailing party unless the court otherwise directs" (emphasis added).  <u>Friedman v. Ganassi</u>, 853 F.2d 207 (3d Cir. 1988).  As the court explained in <u>Popeil Brothers v. Schick Electric</u>, 516 F.2d 772 (7th Cir. 1975), "(i)f the awarding of costs could be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d) would have little substance remaining."  516 F.2d at 776.  Hence, "good faith litigation does not absolve a party from imposition of costs."  <u>Maldonado v. Parasole</u>, 66 F.R.D. 388,390 (EDNY 1975).  <u>See</u>, <u>also</u>, <u>Buchanan v. Stanships, Inc.</u>, 485 U.S. 265 (1988); <u>In re: Paoli Railroad Yard PCB Litigation</u>, 221 F.3d 449 (3d Cir. 2000); <u>Smith v. SEPTA</u>, 47 F.3d 97 (3d Cir. 1995); <u>Friedman v. Ganassi</u>, 853 F.2d 207 (3d Cir. 1988); <u>Greene v. Fraternal Order of Police</u>, 183 F.R.D. 445 (ED Pa. 1998).  <u>See</u>, <u>also</u>, <u>McGuigan v. Cae Lank Corp.</u>, 155 F.R.D. 31 (NDNY. 1994); <u>Phillips v. Cameron Tool Corp.</u>, 131 F.R.D. 151 (SD Ind. 1990).   If costs were only taxable in those situations where the losing party acted in bad faith, 28 U.S.C. §1920 would have very little meaning.  <u>Friedman v. Ganassi</u>, 853 F.2d 207 (3d Cir. 1988).  <u>See</u>, <u>also</u>, <u>Popeil Brothers v. Schick Electric</u>, 516 F.2d 772 (7th Cir. 1975); <u>McGuigan v. Cae Lank Corp.</u>, 155 F.R.D. 31 (NDNY 1994); <u>Phillips v. Cameron Tool Corp.</u>, 131 F.R.D. 151 (S D. Ind. 1990); <u>Maldonado v. Parasole</u>, 66 F.R.D. 388,390 (EDNY 1975).  A Clerk's Taxation of

Costs proceeding is simply not a forum for re-examining, or for re-litigating, the underlying facts of the lawsuit.  Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Samaad v. City of Dallas, 922 F.2d 216 (5th Cir. 1991). Therefore, it is not a valid objection that the issues in the underlying case were closely contested and that the final judgment allegedly could have, or allegedly should have, gone in the other direction; the alleged 'complexity' or 'closeness' of the issues is not relevant to the taxing of costs by the Court or Clerk.  Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (ED Pa. 1998).  Accord, McGuigan v. Cae Lank Corp., 155 F.R.D. 31 (NDNY 1994); Phillips v. Cameron Tool Corp., 131 F.R.D. 151 (S D. Ind. 1990); Maldonado v. Parasole, 66 F.R.D. 388,390 (EDNY 1975).  As stated previously, there is a heavy presumption in favor of the taxation of those types of costs listed in the taxation statute, 28 U.S.C. §1920.  We are of the view that counsel for the losing party has not rebutted this heavy presumption.  We accordingly disallow this preliminary objection.

Plaintiff raises as a second general objection that the costs sought are allegedly not sufficiently explained and are excessive. The bill of costs must be neat and legible. There is no requirement for receipts; rather, caselaw holds that the key criterion is that costs must be sufficiently itemized to the extent that opposing counsel can make informed objections and the Clerk or Court can make an informed determination of whether requested costs are allowable.  Morrissey v. County Tower Corp., 568 F. Supp. 980 (E.D. Mo. 1983); Harceg v. Brown, 536 F.Supp. 125 (N.D. Ill. 1982).  Accord,

6

Lachance v. Harrington, 965 F.Supp. 630 (E.D. Pa. 1997); Seidman v. American Mobile Systems, 965 F.Supp. 612 (E.D. Pa. 1997).  We are of   the view that this standard of sufficient itemization is satisfied in the instant case.  In examining the relevant caselaw concerning taxations of costs by the Clerk of Court, there is a recurring theme that the prevailing party may recover those types of costs listed in 28 U.S.C. §1920 that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether the items for which costs are sought were actually used.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985);  International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962).  We are satisfied that the statutory standard of necessity has been met; moreover, the bill of costs in the instant case is accompanied by an affidavit from counsel for the prevailing party stating under penalty of perjury that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight with respect to the aforesaid burden of proof in favor of the taxation of those types of costs listed in the

7

taxation statute.  Schauffler v. United Assoc. of Journeymen and Apprentices of the
Plumbing and Pipe Fitting Industry of the United States and Canada, 246 F.2d 867 (3d
Cir. 1957); Lachance v. Harrington, 965 F.Supp. 630 (E.D. Pa. 1997).  See, also,
Women's Federal Savings and Loan Association of Cleveland v. Nevada National
Bank, 108 F.R.D. 396 (D. Nevada 1985); Morrissey v. County Tower Corp., 568
F.Supp. 980 (E.D. Mo. 1983). We accordingly disallow this general objection.

Turning to the substance of the bill of costs we first address fees of the court
reporter. With regard to the request for costs of deposition transcripts, we note that the
relevant statute, 28 U.S.C. §1920(2), directs the taxing of costs for transcripts
"necessarily obtained for use in the case."  A deposition transcript is seen as
"necessarily obtained" when it was necessary to counsel's effective preparation, judged
in light of the situation existing at the time the costs were incurred, regardless of
whether it was actually used.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449
(3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp.
1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); Nugget Distributors
Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v.
American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). We are satisfied that the statutory
standard of necessity has been met.  As stated previously, there is a heavy
presumption in favor of the automatic taxation of those types of costs listed in the
taxation statute, 28 U.S.C. §1920.  We are of the view that the non-prevailing party in
this civil action has not rebutted this heavy presumption. Deposition costs are
accordingly taxed in the full requested amount of $12,381.56.

8

Courts have traditionally seen costs related to the production of copies of documentary evidence as recoverable costs under 28 U.S.C. §1920(4) when the copies in question were "necessarily obtained for use in the case."  Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, Haagen Dazs v. Double Rainbow Gourmet Ice Cream, 920 F.2d 587 (9th Cir. 1990); Robinson v. Burlington Northern Railroad Co., 963 F.Supp. 691 (N.D. Ill. 1997); Postednik v. Sullivan, 718 F.Supp. 1097 (S.D.N.Y. 1989); Grider v. Kentucky & ITR Co., 101 F.R.D. (W.D. Ky. 1984).  Based on this caselaw, the Clerk is of the view that such documentary evidence consists of items such as police reports, weather reports, medical records, personnel records, business records, land records, newspapers, tax records, and the like. In re: Kulicke and Soffa Industries Securities Litigation, 747 F.Supp. 1136 (ED Pa. 1990); aff'd, 944 F.2d 897 (3rd Cir. 1991).  See, also, Maxwell v. Hapag-Lloyd Aktiengesellschaft, 862 F.2d 767 (9th Cir. 1988); Nissho-Iwai Co. v. Occidental Crude Sales, Ltd., 729 F.2d 1530 (5th Cir. 1984); Soler v. McHenry, 771 F.Supp. 252 (ND Ill. 1991), aff'd, 989 F.2d 251 (7th Cir. 1993); Phillips v. Cameron Tool Corp., 131 F.R.D. 151 (SD Ind. 1990).  Concerning this previously mentioned standard that these aforesaid items must have been "necessarily obtained for use in the case" to be taxable, there is a recurring theme in 28 U.S.C. §1920 litigation that the prevailing party may recover costs that were necessarily obtained for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, even where the items in question were not used at trial.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities

9

Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991);  ADM

Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors

Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v.

American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, Charter Medical Corp. v.

Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan

Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985);

International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984);

Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A.

Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962).  We are satisfied that the statutory

standard of necessity has been met; moreover, the bill of costs is accompanied by an

affidavit by counsel, pursuant to 28 U.S.C. § 1924, stating that the costs are correct and

were actually and necessarily incurred; the existence of such an affidavit in a Clerk's

Taxation of Costs proceeding is given very great weight regarding the Clerk's

determination that the statutory standard of necessity has been met in a given case.

Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe

Fitting Industry of the United States and Canada, 246 F.2d 867 (3d Cir. 1957).  See,

also,  Women's Federal Savings and Loan Association of Cleveland v. Nevada National

Bank, 108 F.R.D. 396 (D. Nevada 1985).  As stated previously, there is a heavy

presumption in favor of the automatic taxation of those types of costs listed in the

taxation statute, 28 U.S.C. §1920.  We are of the view that the non-prevailing party has

not rebutted this heavy presumption. Copying costs are accordingly taxed in the full

requested amount of $2,342.04.

In Summary, district court costs pursuant to 28 U.S.C. §1920 are taxed as

10

follows:

| | |
|---|---|
| Court Reporter Costs: | $12,381.56 |
| Copying Costs: | 2,342.04 |
| TOTAL | $14,723.60 |

_____          **S/ Michael E. Kunz**
**Date**                          **MICHAEL E. KUNZ**
                                  **CLERK OF COURT**

11